

September 4, 2020

**VIA ECF**

Honorable Brian M. Cogan
United States District Judge
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re: *Full Circle United, LLC v. Bay Tek Entertainment, Inc.*, 20-cv-3395-BMC

Dear Judge Cogan:

    The parties jointly submit this letter pursuant to Your Honor's Order, ECF 6, in advance of the Initial Status Conference currently scheduled for September 10, 2020.

**1. Brief Factual Description**

    a. **Plaintiff's Perspective**

    Plaintiff Full Circle United, LLC ("Full Circle") and Defendant Bay Tek Entertainment, Inc. ("Bay Tek") are parties to a trademark license agreement, entered into on July 17, 2014 between Full Circle and Bay Tek's predecessor-in-interest, Skee Ball, Inc.  The license agreement authorizes Full Circle to use the "SKEE-BALL®" trademark, which Bay Tek owns, in connection with certain licensed uses that include conducting, marketing, and promoting Skee-Ball leagues, teams, events, and tournaments.  As part of its "National Skee-Ball League," Full Circle places competition-grade Skee-Ball lanes in bars, conducts live Skee-Ball tournaments using the lanes, and markets the broadcast of those tournaments.  Bay Tek, in addition to owning and licensing the Skee-Ball trademark, also manufactures Skee-Ball lanes.

    Full Circle alleges that Bay Tek breached the license agreement, including its obligation to use "best efforts to promote the Licensed Uses" and the implied covenants of good faith and fair dealing.  Bay Tek has breached its obligations by, *inter alia*, unreasonably refusing to manufacture Skee-Ball lanes for Full Circle and otherwise preventing Full Circle from obtaining Skee-Ball lanes to operate and expand its business, interfering with Full Circle's investment and promotional opportunities, such as an opportunity to broadcast events and tournaments on ESPN, promoting and supporting competitors of Full Circle, and frivolously placing Full Circle's license in dispute.

Bay Tek also breached a separate agreement with Full Circle to manufacture Skee-Ball lanes pursuant to a revenue sharing arrangement and tortiously interfered with Full Circle's prospective business relationships, including a planned partnership that would have allowed Full Circle to place Skee-Ball lanes in bars across the country.

   b. **Defendant's Perspective**

Bay Tek is a family owned and operated business, based in Northeast Wisconsin, which develops and manufactures family-friendly ticket redemption games. Bay Tek is the owner of the registered trademark "SKEE-BALL®", which it acquired from a company called Skee Ball, Inc. ("SBI") and Bay Tek is also the owner of related trademarks. Full Circle alleges that it is the owner of the trademark "BREWSKEE-BALL®" and that it runs a competitive adult Skee-Ball league in bars. Bay Tek is the assignee of SBI's interest under a July 2014 trademark license agreement (the "Agreement") with Full Circle. Pursuant to the Agreement, Full Circle was granted a limited license to use the "SKEE-BALL®" trademark solely in connection with live play leagues, teams, events and tournaments, subject to expressly enumerated restrictions, exclusions, and other conditions.

Bay Tek emphatically denies Full Circle's allegations of breach of contract. Although Bay Tek's investigation is ongoing, it has already become clear that it is Full Circle who has committed multiple breaches of the Agreement and has infringed, diluted and tarnished Bay Tek's "SKEE-BALL®" trademark. *Inter alia*, Full Circle has engaged in, and continues to engage in, flagrantly unauthorized uses of the "SKEE-BALL®" trademark in connection with broadcasts and other digital uses; such broadcasts and digital uses are not permitted by Section 4.1 of the Agreement. Full Circle has also violated Sections 7.1 and 7.7 of the Agreement, in which Full Circle "acknowledges and agrees that … SKEE-BALL Trademark branded goods and/or services are geared toward families and children," and pursuant to which Full Circle promises that it will not use the "SKEE-BALL®" trademark in a manner that will disparage, dilute, tarnish or otherwise malign that trademark. Nonetheless, Full Circle sells and/or otherwise promotes merchandise on its websites that tarnishes the "SKEE-BALL®" trademark and its family-friendly image through the use of unapproved, vulgar phrases such as "Hepatitis Skee" and "Skeemature Ejaculation." Full Circle has also broadcast videos (which broadcasts in and of themselves are not permitted under the Agreement) that feature vulgar and offensive language. It is unfortunately apparent that Full Circle's goal is to elevate its own "BREWSKEE-BALL®" trademark by irreparably disparaging and tarnishing Bay Tek's "SKEE-BALL®" trademark. Based upon these facts and others which may emerge through its ongoing investigation, Bay Tek intends to assert Counterclaims, including for breach of contract and trademark infringement, against Full Circle.

**2. Jurisdiction**

Full Circle states that each of the causes of action in its Complaint arises under state common law, and Full Circle has invoked the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). Full Circle's view is that Bay Tek is subject to this Court's personal jurisdiction, including by virtue of having consented to litigate here in the forum-selection clause of the License Agreement. Bay Tek states that it is continuing to investigate Full Circle's jurisdictional allegations, and Bay Tek reserves all rights with respect to same.

**3. Motions**

Full Circle does not presently contemplate filing any motions, but it reserves the right to do so at a later time, including a possible motion to dismiss any counterclaims that Bay Tek may file and a possible motion for summary judgment. Recognizing that Bay Tek partially previews the substance of an anticipated dismissal motion below, rather than preemptively litigate the motion in this letter, Full Circle respectfully reserves the right to raise any appropriate responsive arguments, including with regard to which jurisdiction's law applies, in its opposition to Bay Tek's motion.

Bay Tek anticipates filing a motion for dismissal of Full Circle's Complaint pursuant to Fed. R. Civ. P. 12(c). Notably, in a prior action between Full Circle and Bay Tek's contractual predecessor, Skee-Ball Inc., the Court granted Skee-Ball Inc.'s motion under Fed. R. Civ. P. 12(b)(6) to dismiss contractual claims which are strikingly similar to those which Full Circle asserts here. *Full Circle United, LLC v. Skee-Ball, Inc*., 2014 WL 12829195 (S.D.N.Y. May 13, 2014). Although Bay Tek is still considering all the potential bases for dismissal of Full Circle's Complaint in this action, it is already apparent that it fails to allege legally cognizable claims. By way of example, Full Circle's claim for tortious interference with prospective economic relations fails because such a claim requires allegations that the defendant "committed a crime or independent tort or acted solely out of malice," or that the defendant used "wrongful means" such as "physical violence, fraud or misrepresentation, civil suits and criminal prosecutions." *Friedman v. Coldwater Creek, In*c., 321 Fed. Appx. 58, 59 (2d Cir. 2009). Here, the Complaint is devoid of any such allegations—as none could be made in good faith. Similarly, Full Circle's claim for "millions of dollars" in "lost profits" fails because, as the Complaint makes clear, Full Circle is an untested business in the notoriously fickle entertainment industry, and thus any claim for lost profits would be improperly speculative as a matter of law. *Pot Luck, LLC v. Freeman*, 2010 WL 908475, at *3 (S.D.N.Y. March 8, 2010) (granting Rule 12(b)(6) motion to dismiss with prejudice a similar lost-profits claim).

Bay Tek also reserves the right to file a possible motion for summary judgment at a later date.

Respectfully submitted,

| */s/ Jon R. Fetterolf* | */s/ Jeffrey M. Movit* |
|---|---|
| Jon R Fetterolf | Jeffrey M. Movit (jmm@msk.com) |
| ZUCKERMAN SPAEDER LLP | MITCHELL SILBERBERG & KNUPP LLP |
| 485 Madison Avenue, 10th Floor | 437 Madison Avenue, 25th Floor |
| New York, NY 10022 | New York, New York 10017-1028 |
| Tel: (212) 704-9600 | Tel.: (212) 509-3900 |
| Fax: (212) 704-4256 | Fax: (212) 509-7239 |
| Email: jfetterolf@zuckerman.com | |
| | |
| *Counsel for Plaintiff* | *Counsel for Defendant* |