

MITCHELL SILBERBERG & KNUPP LLP
A LAW PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

Jeffrey M. Movit
A Professional Corporation
(917) 546-7708 Phone
(917) 546-7678 Fax
jmm@msk.com

September 29, 2020

**VIA ECF**
Hon. Brian M. Cogan, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

  Re: **Request for Extension of Time to File Rule 12(c) Motion**
     <u>*Full Circle United, LLC v. Bay Tek Entm't, Inc.*, **No. 1:20-cv-03395-BMC**</u>

Dear Judge Cogan:

We file this Letter Motion on behalf of Defendant/Counterclaim Plaintiff Bay Tek Entertainment, Inc. ("Bay Tek") to request, on an expedited basis, an extension of time for Bay Tek to file its motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure (the "Motion") until fourteen (14) days after Plaintiff/Counterclaim Defendant Full Circle United, LLC ("Full Circle") files its First Amended Complaint. The current deadline for Bay Tek to file the Motion is tomorrow, September 30, 2020.[1] We further request that the Court order Full Circle to inform Bay Tek when it will be filing its First Amended Complaint.

Full Circle just informed Bay Tek for the very first time, in its Rule 26(a) Initial Disclosures which it served last night, that Full Circle will be filing a First Amended Complaint, which will both add a claim for declaratory relief (concerning Full Circle's purported broadcast rights under the License Agreement), and seek additional damages against Bay Tek. Plainly, it would be wasteful and inefficient for Bay Tek to file a motion to dismiss the original Complaint, which will become moot as soon as Full Circle imminently files its First Amended Complaint. Accordingly, we reached out to Full Circle's counsel today, to request that Full Circle: (a) inform Bay Tek of the date by which it intends to file its First Amended Complaint; and (b) consent to the relief sought in this Letter Motion.

Unfortunately, Full Circle has refused to inform Bay Tek when it will be filing its First Amended Complaint, and it has further refused to consent to this Letter Motion. With respect to the latter refusal, Full Circle has asserted two arguments. (*See* emails annexed as Exhibit A hereto.) *First*, Full Circle argues that it "does not believe that the amendments it presently contemplates making are likely to moot any of the dismissal arguments that Bay Tek has previewed." However, Full Circle's argument misses the point entirely because ***Full Circle's very act of filing the First***

---

[1] This is Bay Tek's first request for an extension. This request, if granted, would not affect any of the deadlines set forth in the Court's Scheduling Order dated September 10, 2020.

437 Madison Ave., 25th Floor, New York, New York 10022-7001
Phone: (212) 509-3900  Fax: (212) 509-7239  Website: WWW.MSK.COM

12399471.4



Hon. Brian M. Cogan, U.S.D.J.
September 29, 2020
Page 2

***Amended Complaint would automatically render any motion by Bay Tek to dismiss the original Complaint moot.*** As the Court explained in *Leone v. Creighton*:

> … [Defendants'] motion to dismiss is addressed solely to the original complaint … **Consequently, upon the filing of the amended complaint, their motion is mooted and, therefore, denied.** See *In re Colonial Ltd. Partnership Litig.*, 854 F.Supp. 64, 80 (D.Conn.1994) ("It frequently happens in the district court that a plaintiff amends its complaint while a motion to dismiss is pending. A court then ... may ... deny[ ] the motion as moot"); *Rathke v. HCA Management Co., Inc.*, 1989 WL 161431 at *1 n. 1 (D.Kan.1989) ( "[T]he court finds that [the] motion to dismiss ... became moot when plaintiff filed an amended complaint ... pursuant to Fed.R.Civ.P. 15(a)"); *Gresham v. Waffle House, Inc.*, 586 F.Supp. 1442, 1444 n. 1 (N.D.Ga.1984) ("Defendant's motion to dismiss plaintiff's original complaint became moot upon plaintiff's filing of an amended complaint as a matter of course during the pendency of the motion"); *Gonzalez v. Paine, Webber, Jackson & Curtis, Inc.*, 493 F.Supp. 499, 501 (S.D.N.Y.1980) ("Since the original complaint has been superseded by the amended complaint, the motion to dismiss the original complaint has been rendered moot").

No. 92 CV 1321 (FB), 1995 WL 151771, at *2 (E.D.N.Y. March 28, 1995) (emphasis added). *Second*, Full Circle has suggested that the arguments contained in any motion which Bay Tek files to dismiss the original Complaint could simply be re-applied against the First Amended Complaint. However, Full Circle acknowledges that its First Amended Complaint will contain different allegations than its original Complaint. Indeed, Bay Tek anticipates that it will move to dismiss the claim for declaratory relief that Full Circle intends to assert in its First Amended Complaint as contrary to the plain language of the parties' License Agreement. Accordingly, if Bay Tek is required to file a motion to dismiss the original Complaint tomorrow, it will not simply re-submit that motion after Full Circle files its First Amended Complaint, but rather it will have to draft a new motion addressed to Full Circle's amended allegations.

For these reasons, Bay Tek should not be required to move to dismiss the soon-to-be-superseded original Complaint by tomorrow. Rather, Full Circle should be ordered to disclose its anticipated date of amendment, and Bay Tek should not be required to file a motion to dismiss until fourteen days after that amendment is filed.

We greatly appreciate the Court's consideration of this request.

12399471.4



Hon. Brian M. Cogan, U.S.D.J.
September 29, 2020
Page 3

Respectfully,

/s/ Jeffrey M. Movit

Jeffrey M. Movit
A Professional Corporation for
MITCHELL SILBERBERG & KNUPP LLP

12399471.4