

MITCHELL SILBERBERG & KNUPP LLP
A LAW PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

Jeffrey M. Movit
A Professional Corporation
(917) 546-7708 Phone
(917) 546-7678 Fax
jmm@msk.com

October 13, 2020

**VIA ECF**
Hon. Brian M. Cogan, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *Full Circle United, LLC v. Bay Tek Entm't, Inc.*, No. 1:20-cv-03395-BMC

Dear Judge Cogan:

We write on behalf of Defendant/Counterclaim Plaintiff Bay Tek Entertainment, Inc. ("Bay Tek") to respond to the request of Plaintiff/Counterclaim Defendant Full Circle United, LLC ("Full Circle") for an extension of time to submit its opposition to Bay Tek's Rule 12(c) motion until October 21, 2020.  (ECF No. 38).

As we explained to Full Circle prior to the filing of its letter, its proposed extension would create conflicts for Bay Tek's counsel, who built commitments and deadlines into their own schedules on the understanding that Bay Tek's reply brief would be due on October 21, 2020.  Among other conflicts, I have briefs in another matter which are due on October 26 and November 2, 2020, and my colleague Leo Lichtman, Esq. has a scheduled vacation during the last week of October 2020.

Accordingly, Bay Tek proposed to Full Circle that, as a condition for agreeing to its requested extension, and subject to the Court's approval, Full Circle should file its First Amended Complaint by November 2, 2020, and Bay Tek should file its reply brief in further support of its motion to dismiss by November 11, 2020.[1]  (The parties' correspondence regarding these matters is annexed hereto as Exhibit A.)

However, Full Circle refuses to agree to this proposal, and insists on filing its First Amended Complaint no earlier than November 9, 2020—which is the very last date for the filing of amended pleadings under the Court's scheduling order. (*See* Exhibit A.)  There is no justification for Bay Tek to wait to file its First Amended Complaint until such a late date—and, notably, Full Circle has failed to provide any.

*First*, the Court held in its Order dated September 30, 2020 that "any additional issues" raised by Full Circle's First Amended Complaint may be "addressed in the movant's reply brief."  However, if Full Circle is permitted to wait until November 9, 2020 to file its First Amended

---

[1] Bay Tek was amenable to an extension of Full Circle's filing deadline as a professional courtesy, even though Full Circle previously refused to consent to Bay Tek's request for an extension of the deadline to file its Rule 12(c) motion.

437 Madison Ave., 25th Floor, New York, New York 10022-7001
Phone: (212) 509-3900 Fax: (212) 509-7239 Website: WWW.MSK.COM

12566896.2



Hon. Brian M. Cogan, U.S.D.J.
October 13, 2020
Page 2

Complaint, then Bay Tek will not be able to address any issues raised by that pleading in its reply brief. *Second*, November 2, 2020 is still several weeks after the deadline for Full Circle to amend pursuant to Fed. R. Civ. P. 15. *Finally*, there is no basis why Full Circle cannot commit to amend by November 2, 2020, given that Full Circle represented its intention to file an Amended Complaint in initial disclosures served on September 28, 2020—over a month prior to the November 2, 2020 date.

For the above reasons, Bay Tek respectfully requests that, to the extent that the Court grants Full Circle's request for an extension, that the Court also order Full Circle to file its First Amended Complaint by November 2, 2020, and permit Bay Tek to file its reply brief in further support of its Rule 12(c) motion by November 11, 2020.


Respectfully,

/s/ Jeffrey M. Movit

Jeffrey M. Movit
A Professional Corporation for
MITCHELL SILBERBERG & KNUPP LLP

12566896.2