

**MITCHELL SILBERBERG & KNUPP LLP**
A LAW PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

Jeffrey M. Movit
A Professional Corporation
(917) 546-7708 Phone
(917) 546-7678 Fax
jmm@msk.com

October 19, 2020

**VIA ECF**
Hon. Brian M. Cogan, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re: _Full Circle United, LLC v. Bay Tek Entm't, Inc_., No. 1:20-cv-03395-BMC**

Dear Judge Cogan:

We write on behalf of Defendant/Counterclaim Plaintiff Bay Tek Entertainment, Inc. ("Bay Tek") in response to the October 13, 2020 letter filed by Plaintiff/Counterclaim Defendants Full Circle United, LLC ("Full Circle") and Eric Pavony ("Counterclaim Defendants") seeking to move under Rule 12(b)(6) for partial dismissal of Bay Tek's Counterclaims ("FC Letter"). Counterclaim Defendants' proposed motion is without merit because it is premised solely on (1) an improper reliance upon purported (irrelevant) facts outside the pleadings in an effort to bar a few of their numerous infringing acts; and (2) a contrived grievance about allegations of historical facts that are not the basis for Bay Tek's claims. As a threshold matter, it is axiomatic that facts that are outside the pleadings and as to which there has not been discovery are not properly the basis for a motion to dismiss. _See, e.g. Reid v. United States_, No. 19-CV-1221, 2020 WL 3256331, at *3 (E.D.N.Y. June 15, 2020)_; Friedl v. City of New York_, 210 F.3d 79, 83-84 (2d Cir. 2000).

## I.      No Release Bars Any of Bay Tek's Counterclaims

Counterclaim Defendants wrongly argue that a release in the 2014 Settlement Agreement between Skee Ball Inc. ("SBI") and Full Circle (the "Settlement Agreement") purportedly bars Bay Tek from relying upon (1) videos annexed to the Counterclaims as Exhibits C and D; or (2) the facts alleged in paragraphs 20 through 24 of the Counterclaims.[1]

_First_, the Settlement Agreement expressly states that it does not release claims based upon conduct that occurs after July 17, 2014 (the "Effective Date"). The FC Letter tries to interject unpled and untested dates prior to the Effective Date as to when the videos in Exhibits C and D were purportedly "taken," but ignore that the videos were _posted_ on the Internet _after_ the Effective Date, namely on April 21, 2015 and July 20, 2016. Indeed, these videos remained

---

[1] Counterclaim Defendants rely upon _In re Am. Express Anti-Steering Rules Antitrust Litig_., 343 F. Supp. 3d 94 (E.D.N.Y. 2018) as their sole authority for the proposition that the facts they intend to challenge constitute "claims," but that case does not support their premise, as it holds that a motion to dismiss must seek "to foreclose all paths to liability under a certain cause of action," _id._ at 101. Counterclaims do not seek to do so, but instead seek to cherry pick certain infringing uses while leaving each and every cause of action intact.

437 Madison Ave., 25th Floor, New York, New York 10022-7001
Phone: (212) 509-3900 Fax: (212) 509-7239 Website: WWW.MSK.COM

12572021.9



Hon. Brian M. Cogan, U.S.D.J.
October 19, 2020
Page 2

online long after they were posted.  It is the public posting and ongoing availability of the videos, and *not* the claimed "taking" thereof, that is the actionable conduct by Counterclaim Defendants for trademark infringement and breach of contract.  *IGT v. High 5 Games, LLC*, No. 17-CV-9792 (ALC), 2019 WL 1651608, at *3 (S.D.N.Y. Mar. 29, 2019) (denying motion to dismiss brought by trademark licensee because alleged infringement post-dated settlement agreement and was thus not barred by the agreement's release provision).[2]

*Second,* Counterclaim Defendants' purported challenge to the allegations of paragraphs 20-24 of the Counterclaims is clearly misguided, as they know that Bay Tek's entitlement to relief is not premised on such conduct.  Bay Tek included paragraphs 20-24 to provide historical background regarding the Settlement Agreement and how Bay Tek became a party to the License Agreement between Full Circle and SBI.  Full Circle did the same thing, describing events prior to the Effective Date in its own Complaint.  *See* Complaint, ECF No. 1 at ¶¶ 50-65.  The additional relevance of these paragraphs is to demonstrate that Counterclaim Defendants were previously charged with trademark infringement of the SKEE-BALL® mark—which can be used as evidence of the willful nature of the acts of trademark infringement upon which the Counterclaims are actually premised.  *See, e.g., John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 327 F. Supp. 3d 606, 635 (S.D.N.Y. 2018).

## II.     Bay Tek's Claims are Timely Under Applicable Statutes of Limitations

Counterclaim Defendants next wrongly argue that Counts I – VI are partially time-barred to the extent they rely on Exhibits B-E, again inappropriately relying on purported dates outside the pleadings as to when such videos were "taken" (not posted).[3]  Counterclaim Defendants also misstate the key, applicable statutes of limitations which demonstrate that there is no bar to any part of Counts I – VI:

- Bay Tek's Lanham Act claims (Counts I – III) are not barred by any statute of limitations because the Lanham Act "contains no statute of limitations." *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 678 n. 15 (2014).  As Counterclaim Defendants' citations explain, courts looks to the analogous limitations period for claims under state law to guide determination "*in the application of a laches defense*." *Conopco, Inc. v. Campbell Soup Co.*, 95 F.3d 187, 191 (2d Cir. 1996) (emphasis added); *see also Excelled Sheepskin & Leather Coat Corp. v. Oregon Brewing Co.*, 897 F.3d 413, 419 (2d Cir. 2018).[4]  The laches defense

---

[2] As Bay Tek alleges, Counterclaim Defendants "willfully advertise and promote Full Circle's loathsome culture in videos that prominently display the Mark . . . . which Counterclaim Defendants *posted to the Internet*." Counterclaims, ¶ 41 (emphasis added); *see also* 17 U.S.C. § 1114, 1125.

[3] Counterclaim Defendants also appear to challenge paragraphs 20-24 of the Counterclaims as time-barred, but as explained above, Bay Tek's entitlement to relief is not premised on such conduct alleged in those paragraphs.

[4] The analogous statute of limitations is six years for infringement and false endorsement, *see Excelled Sheepskin*, 897 F.3d at 419, and three years for dilution, *see Toyota Jidosha Kabushiki Kaisha v. Aliments Lexus Inc.*, No. CV-02-0013 DGT, 2004 WL 1304054, at *5 (E.D.N.Y. June 14, 2004).  The Second Circuit has made clear though that

12572021.9



Hon. Brian M. Cogan, U.S.D.J.
October 19, 2020
Page 3

is inappropriate to consider on a motion to dismiss because it is highly fact intensive. *See, e.g., George Nelson Foundation v. Modernica, Inc.*, 12 F. Supp. 3d 635, 655 (S.D.N.Y. 2014) ("Laches is an affirmative defense and is generally not available on a motion to dismiss."); *Felix the Cat Prods., Inc. v. California Clock Co.*, No. 04 CIV. 5714 DAB, 2007 WL 1032267, at \*5 (S.D.N.Y. Mar. 30, 2007) (same). The affirmative defense of laches is also unavailable where the infringement is intentional, as is the case here. *VOX Amplification, Ltd. v. Meussdorffer*, 50 F. Supp. 3d 355, 365 (E.D.N.Y. 2014); *see also Hermes Int'l v. Lederer de Paris Fifth Ave., Inc.*, 219 F.3d 104, 107 (2d Cir. 2000).

- Bay Tek's common law unfair competition claim (Count IV) is governed by a six-year statute of limitations, not three years, because it is premised on the same conduct as Bay Tek's Lanham Act claim. *See, e.g., Greenlight Capital, Inc. v. GreenLight (Switzerland) S.A.*, No. 04 CIV. 3136 (HB), 2005 WL 13682, at \*8 (S.D.N.Y. Jan. 3, 2005); *Mario Valente Collezioni, Ltd. v. AAK Ltd.*, 280 F. Supp. 2d 244, 258 (S.D.N.Y. 2003). Bay Tek's breach of contract claim (Count VI) is also governed by a six-year statute of limitations. N.Y. C.P.L.R. § 213(2). Counterclaim Defendants do not identify any conduct giving rise to the claims that took place more than six years before the July 28, 2020 filing of the Complaint. *See Meadowbrook-Richman, Inc. v. Associated Financial Corp.*, 325 F. Supp. 2d 341, 363 (S.D.N.Y. 2004) ("The timeliness of compulsory counterclaims is measured from the date the complaint was filed in the case, rather than from the date when the counterclaims were interposed."). Exhibits B – E were all posted within that six year period.

- Bay Tek's claim under New York's anti-dilution statute (Count V) is the only cause of action with a statute of limitations less than six years. *See GreenLight*, 2005 WL 13682, at \*7 However, dilution is a continuing tort, which "gives rise to a fresh cause of action so long as the wrong persists." *R. G. Barry Corp. v. Mushroom Makers, Inc.*, 436 N.Y.S.2d 927, 930 (Sup. Ct. N.Y. Cnty. 1981), *aff'd*, 444 N.Y.S.2d 922 (1st Dep't 1981); *see also Kwan v. Schlein*, 441 F. Supp. 2d 491, 503 (S.D.N.Y. July 14, 2006). Counterclaim Defendants continued to publicly display the videos (including Exhibits B – E) long after they were posted, and thus Count V is also timely as relates to these videos.

Respectfully,

*/s/Jeffrey M. Movit*

Jeffrey M. Movit
A Professional Corporation for
MITCHELL SILBERBERG & KNUPP LLP

---

laches is an "equitable defense, employed *instead* of a statutory time-bar" on Lanham Act claims. *Conopco,* 95 F.3d at 191 (emphasis added).