# McIntyre Thanasides

*Reply to:*
paul@mcintyrefirm.com

November 12, 2020

**Via ECF**
Hon. Brian M. Cogan
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:  *Full Circle United, LLC v. Bay Tek Entertainment, Inc.*, No. 20-cv-3395-BMC
             Pre-Motion Letter re Motion for Leave to Amend by Interlineation

Dear Judge Cogan:

I represent Plaintiff Full Circle United, LLC in the above-referenced matter. Defendant Bay Tek Entertainment, Inc. has no objection to the relief Full Circle will be requesting in the motion contemplated by this pre-motion letter.

Full Circle alleged its citizenship in its Complaint as its principal place of business, without reference to the residency of its sole member (Doc. 1, ¶ 14). The Court thankfully noticed the error and issued an Order to Show Cause why the case should not be dismissed for lack of subject matter jurisdiction.

Full Circle addressed the deficiency in its Response to the Order to Show Cause (Doc. 5), in which Full Circle stated that its sole member, Eric Pavony, is domiciled in the state of New York. Full Circle's member's residency in New York provides the Court with diversity jurisdiction in this matter. *See* Doc. 1, ¶15 (Defendant Bay Tek Entertainment, Inc. is incorporated and has its principal place of business in Wisconsin); *see also* ¶¶ 17, 240, 246, 276 (alleging that the amount in controversy is greater than $75,000).

On November 9, 2020, Full Circle filed its Amended Complaint (Doc. 47) in accordance with the Court's scheduling order. Though Full Circle explained the basis for the Court's diversity jurisdiction in its Response to the Order to Show Cause, Full Circle also intended to correct its citizenship allegation in its Amended Complaint to allege its member's residency, in an abundance of caution. Full Circle hoped to avoid any possibility that the work the parties and the Court have and will put into this case could be wasted by a future finding that the case must be dismissed because the pleadings did not provide for subject matter jurisdiction on their face.

Unfortunately, Full Circle inadvertently filed a version of the Amended Complaint that did not correct the citizenship allegation. As a result, Full Circle wishes to file a motion that requests permission to amend the Amended Complaint by interlineation. If permitted, the corrected paragraph 14 of the Amended Complaint will allege as follows:

Re: *Full Circle United, LLC v. Bay Tek Entertainment, Inc.*, No. 20-cv-3395-BMC
Page 2

> Plaintiff Full Circle is a New York limited liability company with its principal place of business at 1810 East 12th Street, Austin, Texas 78702. Full Circle's sole member, Eric Pavony, is a resident of and domiciled in the state of New York.

Full Circle believes this amendment by interlineation will avoid any issue in the future concerning the Court's subject matter jurisdiction and is thus in the best interest of everyone involved.

Full Circle apologizes for the inconvenience and thanks the Court for its time and consideration.

Sincerely,

/s/ *Paul Thanasides*

Paul Thanasides, admitted PHV