UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| FULL CIRCLE UNITED, LLC,<br><br>       Plaintiff,<br>v.<br><br>BAY TEK ENTERTAINMENT, INC.,<br><br>       Defendant.<br><br>BAY TEK ENTERTAINMENT, INC.,<br><br>       Counterclaim Plaintiff,<br>v.<br><br>FULL CIRCLE UNITED, LLC,<br><br>       Counterclaim Defendant.<br><br>and<br><br>ERIC PAVONY,<br><br>       Additional Counterclaim Defendant. | CASE NO. 1:20-CV-03395 |

**[~~PROPOSED~~] STIPULATED PROTECTIVE ORDER**

Plaintiff/Counterclaim Defendant Full Circle United, LLC ("Full Circle"), additional Counterclaim Defendant Eric Pavony, and Defendant/Counterclaim Plaintiff Bay Tek Entertainment, Inc. ("Bay Tek"), by and through their undersigned attorneys, stipulate and agree, pending further order of the Court, that the following procedures designed to assure the

1

protection of confidential information not already in the public domain shall govern any discovery, including discovery from non-parties, in this action.

  1.  Disclosure and discovery activity in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Protective Order ("Order"). The parties, and any other entity that executes the Acknowledgement and Agreement to be Bound to Stipulated Protective Order ("Acknowledgement") in the form attached hereto as Exhibit A, acknowledge that this Order does not confer blanket protection on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.

  2.  Any party or non-party may designate as "Confidential" any document produced or disclosed in this action (whether pursuant to a formal discovery request or otherwise), any document marked as an exhibit at any deposition taken in this action, or the transcript of any deposition (or portions thereof) taken in this action that (a) contains trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information, or (b) contains private or confidential personal information, or (c) contains information received in confidence from third parties, or (d) which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure. Such documents, information and transcripts so designated are hereinafter referred to as "Confidential Information." Confidential Information deemed to be sufficiently sensitive to limit access to such information to outside counsel for the parties, that contains highly sensitive business

information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party, shall be designated "Highly Confidential-Attorneys' Eyes Only."

       3.      With respect to any document to be produced, any designation of confidentiality shall be made concurrently with the production of the document by placing upon such document a legend stating "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY." With respect to deposition testimony, the witness under deposition or his/her counsel, and/or any counsel representing any person at the deposition, shall invoke the provisions of this Order in a timely manner, giving adequate warning to all persons present that testimony about to be given is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY." The provisions of this paragraph may be invoked with respect to a witness's entire deposition, a portion thereof, or any exhibit introduced therein, at any time during the deposition. Counsel attending a deposition who inadvertently fails to designate any portion of the deposition transcript pursuant to this Order on the record at the deposition shall have thirty (30) days following the receipt of the transcript in which to correct the failure. Notice of such correction shall be made in writing to the reporter, with copies to all other counsel of record, designating the portion(s) of and/or exhibit(s) to the transcript that contain "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" information, and directing the reporter to mark such portion(s) or exhibit(s) accordingly.

       4.      Subject to Paragraphs 5 through 8 below, information designated "Confidential" may be shown, or its contents disclosed, to the following persons and the following persons only:

          (a)    the parties to this Order, including officers, directors, and employees of the parties, for the sole purpose of assisting in this lawsuit, as well as the secretarial and clerical employees who work regularly with such persons;

    (b)    outside counsel for the parties, and office personnel employed by them and assisting them in this case;

    (c)    any expert, investigator or consultant retained by counsel in connection with this case as defined in paragraph 10 herein;

    (d)    the Court before which this case is pending;

    (e)    any court reporter present in his or her official capacity at any hearing, deposition, or other proceeding in this case;

    (f)    as to any document, its author, its addressee, and any other person shown on the face of the document as having received a copy; and

    (g)    independent photocopying, graphic production services, or litigation support services employed by the parties or their counsel to assist in this action and computer service personnel performing duties in relation to a computerized litigation system.

5. Confidential Information designated "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" may be shown, or its contents disclosed, to the following persons and the following persons only:

    (a)    outside counsel for the parties, and office personnel employed and assisting them in this case;

    (b)    independent experts, investigators and/or consultants as defined in Paragraph 10 herein;

    (c)    the Court before which this case is pending;

    (d)    any court reporter present in his or her official capacity at any hearing, deposition, or other proceeding in this case;

    (e)    as to any document, its author, its addressee, and any other person shown on the face of the document as having received a copy; and

    (f)    independent photocopying, graphic production services, or litigation support services employed by the parties or their counsel to assist in this action and computer service personnel performing duties in relation to a computerized litigation system.

No such information shall be disclosed to any party or any other person.

6. Filing of Designated Material with the Court. Any party desirous of filing a pleading, brief or other documents which discloses or incorporates any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" Confidential Information shall file a motion with the Court seeking permission to file the documents containing Confidential Information under seal. The parties will use reasonable efforts to minimize such sealing. In any event, any party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same in the form required by applicable rules.

7. The recipient of Confidential Information produced under this Order shall maintain the information in a secure and safe area and shall exercise the same standard of due care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to its own proprietary information.

8. Confidential Information, or any information derived therefrom, shall be used or disclosed solely for the purpose of assisting counsel of record in connection with this litigation and not for other litigation, competitive, business or any other purpose whatsoever.

9. Counsel agree to make all reasonable efforts to ensure compliance with this Order. Any person referred to in paragraph 4(c) or 5(b) to whom any Confidential Information, or the contents thereof, is disclosed shall first execute an Acknowledgement in the form attached hereto as Exhibit A. Any Acknowledgement executed pursuant to this Paragraph shall be retained by counsel and need not be disclosed to opposing counsel except pursuant to further order of the Court.

10. For purposes of Paragraphs 4 and 5 herein, an independent expert shall be defined as a person who is not an employee or independent contractor of a party and who is retained as a

bona fide consultant or expert by counsel at the direction of a party for purposes of this litigation, whether full or part time.

11. Any signatory hereto shall have the right to object to any disclosure of information or production of any document it deems to be "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" information subject to this Order or any other ground it may deem appropriate pursuant to the Federal Rules of Civil Procedure.

5. Any signatory hereto may seek relief from, or modification of, this Order. Any party who either objects to any designation of confidentiality, may at any time prior to the trial of this action serve upon the designating person and all other parties a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for the party objecting to the confidentiality designation may seek a ruling from the Court regarding the designation in the manner permitted by applicable rules. This Stipulation shall not preclude counsel for the parties from using during any deposition in this action any Confidential Information. Any deposition witness who is given access to Confidential Information shall, prior thereto, be provided with a copy of this Stipulation and shall execute the certificate annexed hereto. Counsel for the party obtaining the certificate shall supply a copy to counsel for the other party.

12. If any Confidential Information is disclosed to any person other than in the manner authorized by this Order, the party responsible for the disclosure shall, upon discovery of the disclosure, immediately inform the party or person who designated the disclosed information of all facts pertinent thereto which, after due diligence and prompt investigation, are known to the party responsible for the disclosure, including the name, address and employer of the person

6

12550078.2

to whom the disclosure was made, and shall make reasonable efforts to prevent disclosure by each unauthorized person who receives such information.

13. If a party inadvertently produces Confidential Information without marking it as such, it may be disclosed to others until the producing party makes the receiving party aware, in writing, of the error. As soon as the receiving party becomes aware of the inadvertent production, the information must be treated as if it had been timely designated under this Order, and the receiving party must endeavor in good faith to obtain all copies of the document that it distributed or disclosed to persons not authorized to access such information, as well as any copies made by such persons. If timely corrected, an inadvertent failure to designate qualified information or items as Confidential Information does not, standing alone, waive the designating party's right to secure protection under this Order for such material.

14. Upon the final determination of this action, unless otherwise agreed to in writing, each party to this Order shall either: (1) assemble and return all "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" information within their control or the control of those to whom they distributed any such information, including all copies thereof, to the designating party, or (2) certify in writing that all Confidential Information within their control or the control of those to whom they distributed any such information has been destroyed. Notwithstanding the foregoing, the parties may retain all pleadings, briefs and other documents containing their work product which refer to or incorporate "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" information and will continue to be bound by the terms of this Order with respect to any such information.

15. The terms of this Order are applicable to Confidential Information provided by a non-party to this action in connection with this proceeding.

16. All counsel for the parties who have access to Confidential Information acknowledge they are bound by this Order and submit to the jurisdiction of this Court for purposes of enforcing this Order.

17. If another court, agency, or person subpoenas or orders production of Confidential Information that a party has obtained under the terms of this Order, such party shall provide prompt actual written notice by electronic transmission to counsel of record for the adverse party (and, additionally, if the Confidential Information at issue was produced by a nonparty, to that nonparty), no later than three (3) business days of receipt of such subpoena, court order, or request, or within such shorter time period as may be required to provide the other party with a reasonable opportunity to object to the immediate production of the requested discovery materials to the extent permitted by law. Such notification must include a copy of the subpoena, court order, or other form of request. The party receiving the subpoena, court order, or request must also immediately inform the third party who served the subpoena, court order, or request that the information sought is subject to this Order, and shall cooperate with the other party in order to give the other party the opportunity to intervene and seek judicial protection from the enforcement of the subpoena and/or the entry of an appropriate confidentiality order in the action in which the subpoena was issued. The party receiving the subpoena, court order, or request shall not produce the Confidential Information if the other Party timely applies for a protective order for such Confidential Information or otherwise takes timely, appropriate steps to protect the materials, unless the Court from where the subpoena was issued directs otherwise or the party who produced such Confidential Information consent in writing. To give the other party an opportunity to obtain relief from the subpoena or order, the party from whom the information is sought shall not make the disclosure before the actual due date of compliance set forth in the

subpoena or court order. Nothing in this Order requires or is meant to permit a party to disobey a lawful directive from a court.

   18. This Order shall survive the termination of the litigation.  This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

   13. This Stipulation may be changed by further order of this Court, and is without prejudice to the rights of a party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

   14. This Stipulation shall be legally binding on the parties and all those persons who are authorized to receive Confidential Information upon execution of this Stipulation by counsel and prior to it being So Ordered by the Court.

**STIPULATED AND AGREED TO:**

DATED:   November 30, 2020
         New York, New York

By: /s/ Jeffrey M. Movit
    Christine Lepera (*ctl@msk.com*)
    Jeffrey M. Movit (*jmm@msk.com*)
    Leo M. Lichtman (*lml@msk.com*)
    Mitchell Silberberg & Knupp LLP
    437 Madison Avenue, 25th Floor
    New York, NY 10022
    Telephone: (212) 509-3900
    Facsimile:  (212) 509-7239

*Attorneys for Bay Tek Entertainment, Inc.*

By: /s/ Paul Thanasides
    Shawn P. Naunton
    Jon R. Fetterolf
    Zuckerman Spaeder LLP
    485 Madison Avenue, 10th Floor
    New York, NY 10022
    Telephone: (212) 704-9600
    Facsimile:  (212) 704-4256
    Email: snaunton@zuckerman.com
    Email: jfetterolf@zuckerman.com

    Ezra B. Marcus
    Zuckerman Spaeder LLP
    1800 M Street, NW, STE 1000
    Washington, DC 20036
    Telephone: (202) 778-1800
    Facsimile: (202) 822-8106
    Email: emarcus@zuckerman.com

    Paul Thanasides
    Christina Casadonte-Aposolou
    McIntyre Thansides Bringgold Elliot
    Grimaldi Guito & Matthews, P.A.
    500 E. Kennedy Blvd, Suite 200
    Tampa, FL 33602
    Telephone: (813) 223-0000
    Facsimile: (813) 225-1221
    Email: Paul@mcintyrefirm.com
    Email: Christina@mcintyrefirm.com

*Attorneys for Full Circle United, LLC and Eric Pavony*

**SO ORDERED**: Digitally signed by Brian M. Cogan
Hon. Brian M. Cogan

12550078.2

**Exhibit A to Stipulated Protective Order:**

**Acknowledgement and Agreement to be Bound by Stipulated Protective Order**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| FULL CIRCLE UNITED, LLC,<br><br>    Plaintiff,<br>v.<br><br>BAY TEK ENTERTAINMENT, INC.,<br><br>    Defendant.<br><br>BAY TEK ENTERTAINMENT, INC.,<br><br>    Counterclaim Plaintiff,<br>v.<br><br>FULL CIRCLE UNITED, LLC,<br><br>    Counterclaim Defendant.<br><br>and<br><br>ERIC PAVONY,<br><br>    Additional Counterclaim Defendant. | CASE NO. 1:20-CV-03395 |

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND TO**

**STIPULATED PROTECTIVE ORDER**

    I, _____, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order ("Order") that was issued by the United States District Court for the Eastern District of New York in the matter of *Full Circle United, LLC v. Bay Tek Entm't, Inc.*, Case No.: 1:20-CV-03395. I agree to comply with and to be bound by all the terms of the Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I will not disclose any information designated as Confidential Information pursuant to the Order, or discuss any such information with, any person who is not authorized pursuant to the terms of the Order to receipt and disclosure of same, and who has not signed this Acknowledgement and Agreement to be

12

Bound.  I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of New York for the purpose of enforcing the terms of the Order.

    Date: _____

    City/State: _____

    Name: _____

    Signature: _____

    Employer/Party: _____

    Title: _____