**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| FULL CIRCLE UNITED, LLC,<br>*Plaintiff*,<br>*v.*<br>BAY TEK ENTERTAINMENT, INC.,<br>*Defendant*. | Civ. Action No. 1:20-cv-03395<br><br>**FULL CIRCLE UNITED, LLC AND ERIC PAVONY'S OBJECTION TO SPECIAL MASTER'S REPORT AND RECOMMENDATION TITLED ORDER NO. 1** |
| BAY TEK ENTERTAINMENT, INC.,<br>*Counterclaim Plaintiff,*<br>*v.*<br>FULL CIRCLE UNITED, LLC,<br>*Counterclaim Defendant,*<br>*and*<br>ERIC PAVONY,<br>*Additional Counterclaim Defendant.* | |

Plaintiff/Counterclaim Defendant Full Circle United, LLC ("Full Circle") and Counterclaim Defendant Eric Pavony ("Pavony"), through undersigned counsel and pursuant to Rule 53(f)(2), Fed. R. Civ. P., hereby file this objection to the Special Master's report and recommendation titled "Order No. 1", which has not yet been filed (the "R&R"). *See* R & R at Ex. A.

Full Circle respectfully submits that the R&R contains findings of facts and conclusions of law that the Court should modify or reverse upon its *de novo* review of those findings and

conclusions. This includes findings that the special master made based only on disputed representations of counsel, with no factual support provided to the special master for the findings. This case should not turn on a special master's adoption of representations of counsel as factual findings without providing Full Circle an opportunity to disprove counsel's representations.

The findings and conclusions in the R&R that FCU objects to relate to the following five topics.

## I. <u>Discovery related to SBI's ownership, or the validity, of the Skee-Ball mark</u>

In this case, Defendant/Counterclaim Plaintiff Bay Tek Entertainment, Inc. ("Bay Tek") contends that it has the right to sue for infringement of the mark and unfair competition under the Lanham Act because the mark is valid and enforceable, and because Bay Tek acquired it from its prior rightful owner, non-party Skee Ball, Inc. (now SBI Survivor Corporation) ("SBI"). (ECF 56 at ¶¶ 1, 3, 35). SBI's prior ownership of the mark and the mark's enforceability must therefore be established by Bay Tek for it to prove its case.

Full Circle propounded discovery directed to SBI's ownership of the mark and its validity and enforceability. The Special Master precluded Full Circle from obtaining this discovery in the R&R. The Special Master based her ruling on provisions in the License and Settlement Agreements between Full Circle and SBI that preclude Full Circle from attacking SBI's ownership, and the validity, of the mark. The R&R states, in relevant part:

> Moreover, the issue of SBI's ownership of the Skee Ball mark is not a subject of discovery. In Section 2 of the Licensing Agreement, plaintiff agreed "never to contest, directly or indirectly, or take any action, or to assist others in taking any action, directly or indirectly, to attack the legal sufficiency (including on grounds of genericness), status, or ownership of the SKEE-BALL Trademark or SKEE_BALL Registration.

*See* R&R at ¶D.

By her ruling, the Special Master enforced those provisions of the License and Settlement Agreements against Full Circle.

However, the continuing enforceability of the License and Settlement Agreement is in dispute in this case. Indeed, Bay Tek has placed it in dispute. Bay Tek's position in this case is that its failure to comply with the License and Settlement Agreements is excusable because the agreements were first breached by Full Circle. Bay Tek cannot refuse to comply with the agreement while also requiring Full Circle to comply. If Bay Tek is not complying with the agreement, it cannot force Full Circle to comply. A fundamental element of every specific performance claim is proof that the party seeking enforcement has fully complied with the contract.

Ultimately, the issue of whether there has been a total breach and whether Bay Tek or Full Circle or both have failed to comply with the License and Settlement Agreements is going to be resolved in this case. But, the issue should not be resolved prematurely during discovery and without an evidentiary hearing or the due process protection afforded by the summary judgment rule.

It is not appropriate to determine that an agreement is enforceable, and then to enforce it to prevent discovery of issues relating to its enforceability, as part of a discovery dispute when the continuing enforceability of the agreement is one of the primary disputes being litigated in the case.

Bay Tek may argue that the provisions in the License and Settlement Agreements that preclude an attack on the mark survive even if Bay Tek refuses to comply with the agreements. But, the contract specifies that the provisions survive termination, not breach. Termination and

breach are two different things. The parties have only asserted breaches, not termination. Termination is not asserted by any party to this case and no party has served a termination notice.

## II. Discovery Directed to Bay Tek's Asserted Standing as Assignee of the Mark

Bay Tek's claims for Trademark Infringement, False Designation of Origin, Unfair Competition and Dilution under the Lanham Act all require that it first demonstrate it owns a valid trademark. *See* AM Gen. *LLC v. Activision Blizzard, Inc*., 450 F. Supp. 3d 467, 485-86 (S.D.N.Y. 2020) (both trademark infringement and unfair competition claims require showing "that the plaintiff has a valid mark that is entitled to protection under the Lanham Act."); *Twentieth Century Fox Film Corp. v. Marvel Enterprises, Inc*., 220 F. Supp. 2d 289, 297 (S.D.N.Y.2002) ("[T]he standards for false designation of origin claims under Section 43(a) of the Lanham Act ... are the same as for trademark infringement claims."). Bay Tek alleges in its counterclaim that it acquired the Skee-Ball mark from its prior owner and thus has standing to sue Full Circle for infringement of the mark. (ECF 35). Full Circle is entitled to discovery directed to the veracity of Bay Tek's allegations, and test whether Bay Tek can establish it acquired the mark through a valid assignment, or some other means.

In her R&R, the Special Master recognized the indisputable relevancy of Full Circle's discovery directed to Bay Tek's allegation that it was assigned the mark and has standing to sue for infringement. But, the Special Master limited the discovery to only the information Bay Tek will use to prove its assignment and its standing to sue for infringement. The R&R provides:

> Nonetheless, Bay Tek will provide Full Circle with proof that it purchased the Skee Ball mark and was properly assigned the License Agreement.

*See* R&R at ¶D.

This limitation is error. Full Circle is also entitled to discovery of information that would <u>disprove</u> Bay Tek's allegation of ownership of the mark, not just information that tends to

prove it. Discovery is not limited to only those items that a party wishes to disclose concerning an issue. Parties are entitled to discovery of information relevant to the issues framed by the pleadings, not just information that the opposing party likes.

Alternatively, if Full Circle is only permitted to discover information that Bay Tek intends to use in this case, then Bay Tek should be likewise limited to discover only information that Full Circle intends to use in this case.

**III. Discovery Directed to Bay Tek's Tarnishment Claim**

The R&R also errs with respect to Full Circle's discovery directed to Bay Tek's tarnishment claim. *See* R&R at ¶ C (Thus, the "Beer Ball" search is to be circumscribed by the use of modifiers to effect the appropriate reason for the search."). In its counterclaim, Bay Tek alleges that Full Circle tarnished the mark by associating it with purportedly inappropriate types of alcohol consumption and puns it supposedly finds offensive. (ECF 56 at ¶6). If Bay Tek itself associated the mark with the same supposedly inappropriate types of alcohol consumption and language, this would disprove Bay Tek's claim of tarnishment. *See Ringling Brothers–Barnum & Bailey Combined Shows, Inc. v. B.E. Windows Corp.,* 937 F. Supp. 204, 211 (S.D.N.Y.1996) (holding circus could not succeed on tarnishment claim based on association of The Greatest Show on Earth mark with an establishment that serves alcohol where it serves alcohol in some venues and obtains sponsors that sell alcohol).

To succeed on the tarnishment claim, Bay Tek must prove that Full Circle's associations caused harm to the value of the mark. Bay Tek must prove that, but for Full Circle's associations with the mark, the mark would have had more value. However, if Bay Tek associated the mark in the same way, the required "but for" causation is destroyed. The jury will be able to find that the

mark already has the associations from Bay Tek's own conduct, and thus Full Circle's similar associations caused the mark no harm.

Not long before Bay Tek allegedly acquired its assignment of the mark, Bay Tek marketed a venture called Beer Ball, "a Skeeball game" as Bay Tek called it. Bay Tek promoted discounted "shots" with its Beer Ball events and encouraged heavy drinking. FCU has found a few examples of Bay Tek's marketing of Beer Ball, but discovery will reveal them all. FCU is entitled to discover, and the jury needs to see, the evidence that Bay Tek has engaged in the same supposedly wrongful conduct for which it now sues Full Circle. The jury gets to determine the credibility of Bay Tek's claim of offense to Full Circle's promotional activities with complete information about Bay Tek's own similar promotional activities. To the extent the R&R precludes such discovery for the purpose of defending Bay Tek's tarnishment claim, it was entered in error.

The special master concluded that Full Circle could obtain Bay Tek's marketing of Beer Ball from some unidentified public record. But, that factual conclusion has no support. Bay Tek offered no proof that Full Circle has access to Bay Teks' marketing of Beer Ball, other than the two or three examples it was able to locate.

## IV. <u>Discovery Directed to Market Valuations</u>

To the extent the R&R can be read to order that Full Circle cannot use Beer Ball market studies or models to prove damages, the R&R exceeds the scope of the Special Master's authority and is incorrect. The R&R states:

> Plaintiff has requested that one of the search terms be "Beer Ball", a venture Bay Tek attempted prior to its purchase of the Skee Ball mark. Defendant objects to this on the ground of relevance. Plaintiff argues that the term is relevant since, among other things, in its complaint, it posits that Bay Tek purchased Skee Ball to grow a business similar to Beer Ball and to take over plaintiff's business by undermining it. Plaintiff's complaint asserts claims for breach of the good faith clause of the contract and tortious interference with prospective business relationships. It argues that the search term "Beer Ball" is necessary to prove Bay Tek's intent and malice.

> The Special Master will permit the "Beer Ball" search term to be used in order for plaintiff to seek documents to show Bay Tek's intent, not to prove damages or to demonstrate the use of alcohol by Beer Ball. Thus, the "Beer Ball" search is to be circumscribed by the use of modifiers to effect the appropriate reason for the search. The parties will discuss the modifiers and the dates for the search at the meet and confer on July 19.

*See* R&R at ¶C.

Market studies are relevant to assist with extrapolating Full Circle's three-year track record of profits into the larger market that Bay Tek precluded Full Circle from exploiting. Especially since Bay Tek's CEO has admitted financial projections for Beer Ball could be used as a proxy for that of Full Circle's business: "I'm sure [Full Circle's] model projects outstanding news at the other end…you know we did some of the same models when we came up with Beer Ball. So if it goes great, it really goes great." Call between Full Circle and Bay Tek representatives on January 19, 2017, FCU00000014, 3:16-4:34.

**Date limitation**

In the R&R, the Special Master decided that she would limit the timeframe for all discovery requests, except limited discovery related to Beer Ball, to only information after July 17, 2014. *See* R&R at ¶ D ("Other than the search for "Beer Ball", the documents searched-for will not precede July17, 2014, the date of the Licensing Agreement.") The special master took no evidence concerning any burden Bay Tek may incur to locate and produce documents prior to July 17, 2014. The special master relied solely on counsel's representations that using this date cutoff on all requests would decrease Bay Tek's required effort. Because this ruling is based on an undue burden objection, the Court should require Bay Tek to show the burden it asserts, and not rely solely on representation of counsel.

Also, the Special Master should have permitted the possibility of additional exceptions in the event a particular request is shown to be relevant and proportional. For example, in this case, Bay Tek complains Full Circle infringed the Skee-Ball mark when it promoted league play in videos that refer to and show a player rolling skee balls on Skee Ball branded lanes. Full Circle's position is that these mentions of the mark are fair or permitted use, since FCU is merely stating the name of the game the players are playing. Prior to July 17, 2014, Bay Tek used the mark in this same way. Indeed, when marketing its Beer Ball lanes, Bay Tek advertised a Beer Ball event as "Skeeball All Grown Up!" and stated You might ask what the heck is Beer Ball…well you know that game Skeeball game that you used to love to play at Check E. Cheese? Well that is what Beer Ball is with a kick ass beer theme (cause we are so mature)!" The jury should be able to see the many instances in which Bay Tek admits through its conduct that referencing Skee Ball as the name of the game being played is fair use.

For these reasons, Full Circle and Pavony respectfully request that the Court modify or reverse the R&R.

Dated: August 6, 2021

Respectfully submitted,

*/s/ Paul B. Thanasides*
Paul Thanasides
paul@mcintyrefirm.com
clservice@mcintyrefirm.com
Christina Casadonte-Apostolou
christina@mcintyrefirm.com
complexlit@mcintyrefirm.com
McIntyre Thanasides Bringgold Elliott
Grimaldi Guito & Matthews, P.A.
500 E. Kennedy Blvd., Suite 200
Tampa, FL 33602
Telephone: 813.223.0000
Facsimile: 813.225.1221

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 6, 2021, a true and correct copy of the foregoing was served by email to the following:

Christine Lepera
ctl@msk.com
Jeffrey Movit
jmm@msk.com
Leo M. Lichtman
lml@msk.com
Mitchell Silberberg & Knupp LLP
437 Madison Avenue, 25th Floor
New York, NY 10022
Telephone: 212.509.3900
Facsimile: 212.509.7239
***Counsel for Defendant/Counterclaim Plaintiff Bay Tek Entertainment, Inc.***

*/s/ Paul B. Thanasides*
Attorney