UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| FULL CIRCLE UNITED, LLC,<br><br>    *Plaintiff*,<br><br>v.<br><br>BAY TEK ENTERTAINMENT, INC.,<br><br>    *Defendant*.<br><br>BAY TEK ENTERTAINMENT, INC.,<br><br>    *Counterclaim Plaintiff*,<br><br>v.<br><br>FULL CIRCLE UNITED, LLC,<br><br>    *Counterclaim Defendant*,<br><br>and<br><br>ERIC PAVONY,<br><br>    *Additional Counterclaim Defendant*. | Civ. Action No. 1:20-cv-03395 |

**PLAINTIFF FULL CIRCLE UNITED, INC.'S MOTION AND MEMORANDUM OF LAW SEEKING LEAVE TO FILE A THIRD AMENDED COMPLAINT**

Pursuant to Rules 15, 16 and 21 of the Federal Rules of Civil Procedure, Plaintiff/Counterclaim Defendant Full Circle United, LLC ("Full Circle"), by and through its attorneys, Harris St. Laurent & Wechsler LLP and McIntyre Thanasides Bringgold Elliott Grimaldi Guito & Matthews, P.A., submits this Memorandum of Law in support of its motion for Leave to File a Third Amended Complaint.

## PRELIMINARY STATEMENT

Now that Bay Tek has belatedly, and under orders from the Special Master, produced its document discovery, Full Circle has learned why it withheld these materials for so long: the documents include clear evidence that Full Circle *never intended* to abide by the License and Settlement Agreements it acquired from SBI, and was defrauding Full Circle from the first in an attempt to steal its business and technology.

Bay Tek produced the new documents that revealed the additional claims between October 5 and 11, 2021. In light of the new disclosures, Full Circle seeks leave to file a Third Amended Complaint. Bay Tek's newly-disclosed wrongdoing gives rise to new claims against Bay Tek and and its principal, Larry Treankler ("Treankler"). Accordingly, the proposed Third Amended Complaint, attached here in redline (Exhibit A) and clean (Exhibit B) form, conforms Full Circle's allegations to new facts learned in recent discovery, adds Treankler as a defendant, and asserts claims for breach of the non-disclosure agreement by Full Circle and Bay Tek and for fraud against Bay Tek and Treankler.

The recent production of new evidence in response to Full Circle's October 2020 discovery requests establishes the good cause required for amendment. Likewise, Bay Tek will not suffer unfair prejudice from the amendment, as any additional discovery required will be minimal. And

1

Treankler, Bay Tek's owner and principal, is not a stranger to this litigation. For these reasons, the Court should permit Full Circle to file its proposed Third Amended Complaint.

## BACKGROUND

### A. Relevant Procedural History

Full Circle filed the original complaint in this action on July 28, 2020 (ECF No. 1). It asserted claims for Bay Tek's breach of the license agreement, breach of the revenue share agreement, and tortious interference with prospective business relationship. On September 10, 2020, the Court adopted the parties' proposed Case Management Plan (ECF No. 23.) It set the deadline to complete all non-expert discovery as June 11, 2021.

The Case Management Plan set for November 9, 2020, as the original deadline to join new parties or to amend pleadings. The Case Management Plan states: "The parties anticipate that Defendant may file counter-claims, and that the parties may need to adjust the deadlines to join parties or otherwise amend the pleadings in response. As with any change in the dates set forth in this Case Management Plan, the parties will seek the Court's leave if a modification is needed." (ECF No. 23, at 4.)

Bay Tek answered and asserted counterclaims against Full Circle on September 21, 2020. (ECF No. 25.) On September 30, 2020, Bay Tek moved for judgment on the pleadings. (ECF No. 33.) Full Circle served its initial discovery on October 6, 2020.

Full Circle filed an Amended Complaint on November 9, 2020. (ECF No. 47.) It filed a Second Amended Complaint four days later (ECF No. 52) to address a factual issue it had inadvertently omitted in its Amended Complaint.

On April 12, 2021, the parties jointly requested that the fact discovery deadline be extended to September 13, 2021, since the parties still had not settled on a set of search terms for ESI. (ECF

No. 58.) After unsuccessful meet and confers, the parties filed a joint letter bringing their discovery disputes to the Court's attention. (ECF No. 62.)

Over Bay Tek's objection, Full Circle asked the Court to appoint a special master to oversee discovery. (ECF No. 62.) The Court granted this request on April 28, 2021 (ECF No. 63), and thereafter appointed the Hon. Shirley Werner Kornreich as Special Master on June 14, 2021 (the "Special Master"). (ECF No. 67.)

At this point, Bay Tek had not produced any documents responsive to Full Circle's discovery requests served eight months prior. By contrast, Full Circle had made disclosures and produced thousands of pages of documents and almost forty hours of video and audio recordings.

The Special Master heard argument on July 16, 2021 concerning the myriad discovery disputes between the parties. (ECF No. 76-1.) While objecting to certain conclusions drawn by the Special Master, the parties undertook to apply the search terms and date limitations she had ordered to their document review and production protocols.

Following several rulings by the Special Master defining the scope of discovery, Bay Tek produced the vast majority of its documents (BT0001899-BT0007910) between October 5 and 11, and provided completed answers to Full Circle's interrogatories on October 15, 2021. This motion follows.

**STANDARD**

Federal Rule of Civil Procedure 15(a) ("Rule 15") provides that leave to amend "shall be freely given when justice so requires." Fed.R.Civ.P. 15. Rule 21 likewise provides that parties may be dropped or added by order of the court. *See* Fed.R.Civ.P. 21. It is "generally accepted . . . that no material difference exists between the standards articulated by Rules 15(a) and 21, and, as such, where parties satisfy the requirements under Rule 15(a) for leave to amend, they will generally be

3

permitted to add parties under Rule 21." *Sanrio Co. v. Epic Trading, Inc.*, 2005 WL 1705746, at *1 (E.D.N.Y. July 21, 2005) (quotation and alteration omitted).

Granting leave to amend is within the discretion of this Court, *Reisner v. General Motors Corp.*, 511 F. Supp. 1167, 1171 (S.D.N.Y. 1981), and such leave is routinely granted when necessary to conform the complaint to reflect evidence obtained during discovery. *See In re Pfizer Inc. Secs. Litig.*, 2012 WL 983548, at *2 (S.D.N.Y. Mar. 22, 2012) (granting leave to amend to conform pleadings to evidence produced in fact discovery); *Kirk v. Metropolitan Transp. Auth.*, 2001 WL 258605, at *17 (S.D.N.Y. Mar. 14, 2001) (granting leave to amend "to plead facts learned in discovery that support previously noticed causes of action").

Under the liberal standard of Rule 15, a motion to amend should be denied only if the moving party has unduly delayed or acted in bad faith, the opposing party will be unfairly prejudiced if leave is granted, or the proposed amendment is futile. *See Sanchez v. ASA Coll., Inc.*, 2015 WL 3540836, at *13 (S.D.N.Y. June 5, 2015) (granting leave to amend to allege fraud claims with particularity, after plaintiff had already had one opportunity to amend, because doing so would not be futile); *Agerbrink v. Model Service LLC*, 155 F. Supp. 3d 448 (S.D.N.Y. 2016).

Where, as here, a scheduling order has been entered in a case, Rules 12(a) and 16(b) are read together to allow its alteration only upon a showing of good cause. *See Parker v. Columbia Pictures Indus.*, 204 F. 3d 326, 340 (2d Cir. 2000) (internal citations omitted). A prior ruling from this Court sets forth a good cause standard that Full Circle readily satisfies here:

> Good cause may be established if the moving party can demonstrate that the deadlines cannot reasonably be met despite the diligence of the party needing the extension. It may also be established by demonstrating that reasonably unforeseeable events occurring after the entry of the scheduling order precluded compliance with the deadlines in the [scheduling order]. Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry

4

> is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end.

See *Lingmain Yang v. Everyday Beauty Amore Inc.,* 2018 WL 4783968, at *5 (E.D.N.Y. Oct. 3, 2018) (Cogan, B) (quoting *LaFlamme v. Carpenters Local No. 370 Pension Plan*, 220 F.R.D. 181, 186 (N.D.N.Y. 2003)).

## ARGUMENT

**I.    The Court Should Permit Full Circle to File a Third Amended Complaint.**

"Good cause" in this context turns on the diligence of the plaintiff. Because the proposed amendment at issue is based upon evidence that was not available to Plaintiff prior to discovery, the good cause standard is satisfied. *See New Yuen Fat Garments Factory Ltd. v. August Silk, Inc.*, 2009 WL 1515696, at * 3 (S.D.N.Y. June 1, 2009) (granting leave to amend to add a claim "based on evidence that was not available to [plaintiff] prior to discovery" notwithstanding untimeliness); *Estate of Ratcliffe v. Pradera Realty Co.*, 2007 WL 3084977, at *4 (S.D.N.Y. Oct. 19, 2007) (same).

**A.    Full Circle has Exercised Diligence and Bay Tek Will Not Experience Undue Prejudice as a Result of the Requested Amendment.**

Full Circle exercised diligence in obtaining the facts underlying these proposed amendments. It served timely document demands a year ago and repeatedly sought to hold Bay Tek to its discovery obligations through motion practice and with the assistance of the Special Master. (ECF No. 62.) Bay Tek's pattern of delay resulted in it producing documents—including the key documents prompting amendment—only one month ago (between October 5-11, 2021). *See Lingmain Yang*, 2018 WL 4783968, at *5-6 (permitting modification of deadlines to amend and join parties where claims were based on newly discovered facts). Bay Tek's steadfast refusal to provide routine discovery should not prejudice Full Circle.

5

Likewise, Bay Tek cannot claim surprise. The Case Management Plan itself states modification of the deadlines to amend and join parties would likely be needed, in a footnote included by the parties at Full Circle's request. (ECF No. 23.) Had Bay Tek produced these documents in the normal course, Full Circle would have been able to seek leave to amend well within the Court's existing deadlines.

Finally, Bay Tek will not suffer any significant prejudice. The parties have not yet completed discovery; Bay Tek only recently completed its document production and no depositions have yet been taken. Full Circle expects that the proposed amendments will necessitate only limited additional discovery, such as a handful of targeted document requests and one or two focused depositions beyond those already noticed but not yet conducted. For these reasons, the amendment should be permitted.

### B. The Proposed Third Amended Complaint States Claims That Will Survive a Motion to Dismiss.

The new claims pled in the proposed Third Amended Complaint would readily survive a motion to dismiss. As a matter of law, the adequacy of these allegations is "to be judged by the same standards as those governing the adequacy of a filed pleading." *Ricciuti v. N.Y.C. Transit Authority*, 941 F.2d 119,123 (2d Cir. 1991); *see also Valenti v. Citigroup*, 2013 WL 4407065, at *7 (S.D.N.Y. Aug. 16, 2013) ("a court must accept the facts alleged by the party seeking amendment as true and construe them in the light most favorable to that party"). The law is settled that "consideration of the evidentiary basis for a proposed claim is inappropriate*." HCC Inc. v. R H & M Mach. Co.*, 39 F.Supp.2d 317, 324 (S.D.N.Y. 1999).

1. *Fraud as Against Bay Tek and Treankler*

New York law requires plaintiffs asserting fraud claims to allege, with particularity, "(1) a material misrepresentation or omission of fact; (2) made by defendant with knowledge of its

6

falsity; (3) and intent to defraud; (4) reasonable reliance on the part of the plaintiff; and (50 resulting damage to the plaintiff." *IKLB, LLC v. Singh*, 2021 WL 2312951, at *4 (E.D.N.Y. June 7, 2021). To the extent that those claims sound in fraudulent concealment, the plaintiff must show "a relationship between the contracting parties that creates a duty to disclose, knowledge of the material facts by the party bound to disclose, scienter, reliance, and damage." *Greene v. Gerber Products Co.*, 262 F.Supp.3d 38, 71 (E.D.N.Y. 2017).

Bay Tek misrepresented and concealed the truth about why it placed plans to partner with Full Circle to manufacture skee-ball lanes for the NSBL "on hold," concealed its intent to "rewrite" Full Circle's license and its intent to invest in the NSBL if Full Circle "proved the model," and hid the fact it was actively exploring ways to exploit rights granted to Full Circle under the License Agreement and Full Circle's concept for the NSBL. These knowing misstatements and omissions were material and were made to ensure that Full Circle cooperated with Bay Tek's plan by: (i) executing the NDA; (ii) disclosing its Confidential Information; (iii) continuing to perform under the License and Settlement Agreements. So long as Full Circle complied, Bay Tek could ferret out Full Circle's buisness plans for the NSBL, and co-opt them to operate Live Play in casinos and elsewhere.

Bay Tek had a duty to correct Full Circle's misapprehension since it was profiting greatly from its relationship with Full Circle, and was in a unique position to know Full Circle was relying on a litany of falsehoods. It declined to do so.

As to the claim against Treankler personally, he was directly involved with securing the NDA, made the call that Bay Tek would not perform under the License Agreement, controlled Bay Tek's decisions whether to invest in the development and manufacture of the Skee-Ball Live Lanes and whether to pause performance under the revenue share agreement, and personally made the

fraudulent misrepresentations alleged in the proposed Third Amended Complaint. These allegations are sufficient to sustain a fraud claim against Treankler.

Accordingly, both Bay Tek and Treankler are liable for their frauds against Full Circle, with damages measured by the harm done to Full Circle's business.

2. *Breach of Non-Disclosure Agreement Against Bay Tek*

To state a claim for breach of contract, Full Circle must allege the existence of a contract, its performance under the contract, Bay Tek's breach of that contract, and resulting damages. *See Uddo v. DeLuca*, 425 F.Supp.3d 138 (E.D.N.Y. 2019).

Full Circle's claim for Bay Tek's breach of the NDA is virtually self-evident from Bay Tek's belated discovery. Both are parties to the NDA. Full Circle provided Bay Tek Confidential Information, as that term is defined under the NDA, which Bay Tek then disclosed to third parties in violation of its terms. The proposed Third Amended Complaint details the disclosure and Full Circle's damages resulting from the breach. This is an ample record to support a breach claim.

## CONCLUSION

For the foregoing reasons, Plaintiff Full Circle respectfully requests that this court grant it leave to file the proposed Third Amended Complaint.

Dated: November 8, 2021

Respectfully submitted,

/s/ *L. Reid Skibell*
L. Reid Skibell, Esq.
Harris St. Laurent & Wechsler LLP
40 Wall Street, 53rd Floor
New York, NY 10005
Tel. (917) 293-0542
rskibell@hs-law.com

                                        Paul Thanasides, Esq.
                                        Christina Casadonte-Apostolou
                                        McIntyre Thanasides Bringgold
                                             Elliott Grimaldi Guito &
                                             Matthews, P.A.
                                        500 E. Kennedy Blvd., Suite 200
                                        Tampa, FL 33602
                                        Tel. (813) 223-0000
                                        paul@mcintyrefirm.com
                                        christina@mcintyrefirm.com

*Counsel for Plaintiff/Counterclaim Defendant Full Circle United, LLC*