UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| FULL CIRCLE UNITED, LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>BAY TEK ENTERTAINMENT, INC.,<br><br>*Defendant*.<br>BAY TEK ENTERTAINMENT, INC.,<br><br>*Counterclaim Plaintiff*,<br><br>v.<br><br>FULL CIRCLE UNITED, LLC,<br><br>*Counterclaim Defendant*,<br><br>and<br><br>ERIC PAVONY,<br><br>*Additional Counterclaim Defendant*. | Civ. Action No. 1:20-cv-03395<br><br>**OBJECTION TO SPECIAL MASTER'S "ORDER NO. 19" BY FULL CIRCLE UNITED, LLC AND ERIC PAVONY** |

Plaintiff and Counterclaim Defendant Full Circle United, LLC ("Full Circle") and Counter defendant Eric Pavony, pursuant to Rule 53(f)(2) of the Federal Rules of Civil Procedure and the Court's June 14, 2021, Order Appointing Honorable Shirley Kornreich as Special Master (ECF No. 67), hereby respectfully submit the following objection to the Special Master's September 6, 2022, Report & Recommendation titled Order No. 19, ECF No. 135 ("R&R 19").

## INTRODUCTION

After the close of discovery, Bay Tek produced a 75-page document reflecting several years of notes of more than 150 business meetings at Bay Tek. The document should have been

produced before the close of discovery, but Bay Tek withheld the document by claiming it was protected in its entirety by the attorney-client privilege. After the close of discovery, Bay Tek abandoned the claim that the entire document was privileged and instead claimed privilege as to only 8 of the ~150 notes, producing the rest.

Full Circle quickly asked the Special Master to permit Full Circle to depose a Bay Tek representative about the new bases[1] for the privilege asserted as to the 8 redacted notes, including who prepared the notes, who maintained custody of the notes, who received or had access to the notes, and who was present at meetings memorialized in the notes. These questions are crucial to Bay Tek's newly asserted basis for privilege as to the 8 notes, since Bay Tek must show that the supposed legal advice reflected in the 8 notes was shared only with employees who had a need to know the information.

Full Circle also requested the opportunity to question a Bay Tek representative about the remaining ~140 meeting notes that Bay Tek withheld while discovery was open and that it now, by its late production of the notes, concedes should not have been withheld as privileged. Parties should not be permitted to improperly withhold documents until after the close of discovery to avoid being asked questions about the documents during discovery.

In R&R 19, the Special Master declined Full Circle's request to question Bay Tek's representative about the newly produced notes in Document 833 or the newly-raised bases for privilege concerning the notes Bay Tek has redacted in Document 833.

---

[1] Bay Tek states that it previously logged the document as privileged in a log entry that described the notes as "attorneys (sic) notes." Bay Tek's previously asserted privilege contended that the notes were taken by an attorney. Bay Tek now admits that the notes were taken by some unknown businesspeople about meetings between businesspeople where an attorney's legal advice was discussed, or the businesspeople discussed something that was also discussed with an attorney at some point. This is a different and new basis for the claimed privilege.

2

## GOVERNING LAW

The burden of establishing attorney-client or work product privilege is on the party asserting the respective privilege. *Aurora Loan Services, Inc. v. Posner, Posner & Associates, P.C.*, 499 F. Supp. 2d 475, 479 (S.D.N.Y. 2007). This Court's Local Rule 26.2(a)(2)(A) requires that a party claiming privilege over documents disclose, among other things, "the author of the document, the addressees of the document, and any other recipients, and, where not apparent, the relationship of the author, addressees, and recipients to each other." Local Rule 26.2(a)(2)(B) requires that a party claiming privilege over oral communications disclose, among other things, "the name of the person making the communication and the names of persons present while the communication was made and, where not apparent, the relationship of the persons present to the person making the communication."

The court must "construe the privilege narrowly because it renders relevant information undiscoverable" and "apply it only where necessary to achieve its purpose." *In re Aenergy, S.A.*, 451 F. Supp. 3d 319, 322 (S.D.N.Y. 2020) (internal citations omitted). *See also In re Grand Jury Proceedings,* 219 F.3d 175, 182 (2nd Cir.2000) (Because the privilege "stands in derogation of the public's right to every man's evidence ... it ought to be strictly confined within the narrowest possible limits consistent with the logic of its principle.").

"[W]here materials are shared within a corporate organization, <u>a corporation asserting the attorney-client privilege has the burden</u> of showing 'that it preserved the confidentiality of the communication by limiting dissemination only to employees with a need to know.'" *Allied Irish Banks, P.L.C. v. Bank of Am., N.A.*, 252 F.R.D. 163, 169 (S.D.N.Y. 2008) (quoting *Bank of N.Y. v. Meridien Biao Bank Tanz. Ltd.*, 1996 WL 474177, at *2 (S.D.N.Y. Aug. 21, 1996) (emphasis added). To assess whether an employee has a need to know, "the question becomes whether the

communications were shared with employees of the corporation who are not in a position to act or rely on the legal advice contained in the communication." *In re Allergan plc Securities Litig.*, 18CIV12089CMGWG, 2021 WL 4121300, at *9–10 (S.D.N.Y. Sept. 9, 2021). Stated another way, the privilege is waived unless the "recipient had a need to know the content of the privileged communication in order to perform her job effectively or to make informed decisions concerning, or affected by, the subject matter of the privileged communication." *Norton v. Town of Islip*, 2015 WL 5542543, at *3 (E.D.N.Y. Sept. 18, 2015).

## ARGUMENT

R&R 19 should not be adopted by the Court because it rewards Bay Tek for improperly withholding Document 833 while discovery was pending and permits Bay Tek to assert new bases for privilege as to the notes Bay Tek continues to withhold, without Full Circle being able to discover the facts necessary to examine the new privilege claims.

### I. Document 833 should have been produced while discovery was open.

"Document 833" is a collection of 75-pages of notes of more than 150 business meetings conducted at Bay Tek over the course of several years. Bay Tek did not produce Document 833 while discovery was open. Instead, Bay Tek withheld the document based on privilege. Bay Tek states it logged the document in the following privilege log entry:

| | | | | | | |
|---|---|---|---|---|---|---|
| 833 | P | 5/17/2019 12:50 | Custodian: Pat Scanlan [Title at Bay Tek: Director of R&D] | | Attorney/Client Privilege | Standalone document containing attorneys notes reflecting legal advice, and/or containing information prepared by, for, or on behalf of an attorney regarding terms and conditions of the licensing agreement/revenue share with FCU. |

This log entry described the document as a standalone document created on 5/17/2019 at 12:50 containing "attorneys (sic) notes." This representation was not accurate as to the document ultimately produced as Document 833, which includes notes created more than a year before the

supposed creation date stated in the log and more than a year after it as well. It is also not a set of attorneys' notes.

Bay Tek produced Document 833 on August 19, 2022, well after the close of discovery. Bay Tek redacted 8 sets of the meeting notes from the produced version of Document 833 and, in a letter to the Special Master, claimed that the redacted notes were privileged because they are notes of business meetings wherein advice that relates to legal strategy or Bay Tek's dispute with Full Circle was discussed, or that the notes contain a "directive" on an undisclosed subject from unidentified "counsel." The Special Master disagreed as to 1 of the 8 notes and to some portion of a 2nd note, ultimately permitting Bay Tek to continue to completely redact 6 of the notes and part of a 7th.

Bay Tek's letter containing the new bases for its assertion of privilege as to the 8 redacted notes does not identify who took the notes of each of the 8 meetings or who had access to or received the meeting notes. Without this information, Full Circle cannot evaluate whether the persons who created or saw the notes that continue to be redacted were employees of Bay Tek who had a need to know the alleged legal advice conveyed.

II. **Having withheld Document 833 on false grounds for its assertion of privilege while discovery was open, Bay Tek should not be rewarded by avoiding questions about the document because it finally produced it when discovery is closed.**

Up through the close of discovery, Bay Tek claimed Document 833 was a set of attorneys' notes taken on May 17, 2019. Now that Bay Tek has disclosed, after discovery is over, that the document is 75-pages of ~150 meeting notes taken over the course of several years by businesspeople about meetings between businesspeople, the issues of who took the notes that remain redacted, who saw those notes, who spoke at those meetings, and who was present for the

meetings are questions that must be answered to evaluate Bay Tek's new claim of privilege. Full Circle should be permitted to obtain discovery as to these issues.

With respect to the ~140 notes that Bay Tek concedes were never privileged to begin with, Full Circle should be permitted to ask Bay Tek questions about the meetings and the notes. Bay Tek withheld the meeting notes under an inaccurate assertion of privilege until after the end of discovery. After producing the notes when discovery is closed, Bay Tek asserts that Full Circle has no right to ask Bay Tek questions about the notes because discovery is closed. Bay Tek should not be able to withhold documents until after the end of discovery and then claim that discovery relating to the documents is not permitted because it withheld production while discovery was open.

Bay Tek's contention to the Special Master that the notes are not relevant to any issues in the pleadings and therefore Full Circle has no need to ask about them is merely a self-serving conclusion. The notes are responsive to requests that the Special Master found to be relevant to the issues raised in the pleadings. Full Circle should not be required to disclose its attorneys' thoughts and strategies about the notes to obtain discovery as to the notes, merely because they were withheld while discovery was open. If the notes had been produced while discovery was open, Full Circle would not have been forced to disclose its attorneys' thoughts and strategies about the notes to be able to ask Bay Tek questions about them. Bay Tek should not be able to force a new burden on Full Circle to disclose its attorneys' thoughts about the notes to obtain discovery about them merely because it withheld production of the notes while discovery was open. That strategy cannot be rewarded, or all litigants will employ it. Litigants will withhold documents based on a false basis for the assertion of privilege, then produce them after discovery is closed to force the other side to disclose its attorneys' thoughts and strategies with respect to the

documents before they can obtain discovery about the documents. The good cause to permit the discovery after the close of discovery is that Bay Tek improperly withheld the document. Full Circle should not be required to identify the questions is intends to ask to establish cause.

For these reasons, Full Circle and Pavony respectfully request that the Court decline to adopt the Special Master's Report and Recommendation titled Order No. 19 to the extent it refuses Full Circle's request to depose a Bay Tek representative about the improperly withheld Document 833 and the new bases for Bay Tek's assertion of privilege as to the notes that remain redacted from Document 833 (which remain unlogged).

Dated: September 9, 2022

Respectfully submitted,

*/s/ Paul Thanasides*
Paul Thanasides
paul@mcintyrefirm.com
clservice@mcintyrefirm.com
Christina Casadonte-Apostolou
christina@mcintyrefirm.com
complexlit@mcintyrefirm.com
McIntyre Thanasides Bringgold Elliott
    Grimaldi Guito & Matthews, P.A.
500 E. Kennedy Blvd., Suite 200
Tampa, FL 33602
Telephone: 813.223.0000
Facsimile: 813.225.1221

Reid Skibell
rskibell@glennagre.com
Glenn Agre Bergman & Fuentes
55 Hudson Yards 20th Floor
New York, NY 10001
Telephone: 212-358-5600

**Counsel for Full Circle United, LLC and Eric Pavony**

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 9, 2022, a true and correct copy of the foregoing was electronically filed using the Court's CM/ECF system, which will provide electronic notice to all counsel of record, including.

Christine Lepera, Esq.
ctl@msk.com
Jeffrey Movit, Esq.
jmm@msk.com
Elaine Nguyen, Esq.
eln@msk.com
John Matthew Williams, Esq.
mxw@msk.com
Mark Humphrey, Esq.
mxh@msk.com
Mitchell Silberberg & Knupp LLP
437 Madison Avenue, 25th Floor
New York, NY 10022
Telephone: 212.509.3900
Facsimile: 212.509.7239
*Counsel for Defendant/Counterclaim Plaintiff Bay Tek Entertainment, Inc.*

Megan M. Reilly
mreilly@glennagre.com
Glenn Agre Bergman & Fuentes LLP
1185 Avenue of the Americas, 22nd Floor
New York, New York 10036
Telephone:212.358.5600
*Counsel for Plaintiff/Counterclaim Defendant full Circle United LLC, and Counterclaim Defendant Eric Pavony*

                                               */s/ Paul Thanasides*
                                               Attorney