```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
    FULL CIRCLE UNITED, LLC,                                :
                                                            :
                                                            :
                            Plaintiff,                      :
                - against -                                 :    20-cv-3395 (BMC)
                                                            :
    BAY TEK ENTERTAINMENT, INC.,                            :
                                                            :
                            Defendant.                      :
                                                            :
----------------------------------------------------------- X
                                                            :
                                                            :
    BAY TEK ENTERTAINMENT, INC.,                            :
                                                            :
                    Counterclaim Plaintiff,                 :
                                                            :
                -against-                                   :
                                                            :
    FULL CIRCLE UNITED, LLC,                                :
                                                            :
                    Counterclaim Defendant,                 :
and                                                         :
                                                            :
ERIC PAVONY,                                                :
                                                            :
                Additional Counterclaim Defendant.          :
----------------------------------------------------------- X
```

**ORDER**

**COGAN,** District Judge.

    1.    Full Circle's motion [85] is denied. The claims Full Circle seeks to add for fraud and breach of contract relating to the parties' nondisclosure agreement are subject to a forum-selection provision which requires that these claims be brought in a court in Wisconsin. See Cruz v. Garden of Eden Wholesale, Inc., No. 12-cv-5188, 2012 WL 5386046, at *2 (E.D.N.Y. Oct. 26, 2012). Full Circle may file a new motion to amend its complaint, absent the fraud and

breach claims relating to the NDA, by December 20, 2022. Full Circle is reminded that adding factual detail to otherwise well-pleaded claims is not a proper ground for amendment.

2. Bay Tek's [116] is deemed withdrawn as Bay Tek did not raise this motion at the November 29, 2022 status conference despite the Court's request that the parties raise any open issues. So is [127]. As to [127], even if not withdrawn, Bay Tek is not entitled to discovery regarding Full Circle's litigation financing. This information is irrelevant to the claims at issue in this litigation. See Benitez v. Lopez, No. 17-cv-3827, 2019 WL 1578167, at *2 (E.D.N.Y. Mar. 14, 2019).

3. Full Circle's [137] Objection is overruled with respect to otherwise privileged communications between Bay Tek and Dimensional. Bay Tek has carried its burden in showing that Dimensional employees acted as the functional equivalent of Bay Tek employees, so that Dimensional employees' involvement in otherwise privileged communications does not waive the attorney-client privilege. Dimensional was "essentially[ ] incorporated into [Bay Tek's] staff to perform a [necessary] corporate function" in acting as Bay Tek's licensing department in administering the Skee-Ball mark; Bay Tek's resources were "insufficient to cover the task" that it hired Dimensional to complete because Bay Tek lacked the expertise and experience necessary to administer the mark; the communications made by Dimensional on behalf of Bay Tek had potential legal ramifications; Dimensional had the authority to act on behalf of Bay Tek; and Dimensional, in formulating its communications, sought legal advice from Bay Tek's counsel, at

time in conjunction with Bay Tek itself.  See <u>In re Copper Mkt. Antitrust Litig.</u>, 200 F.R.D. 213, 219 (S.D.N.Y. 2001).

**SO ORDERED.**

*Brian M. Cogan*
_____
U.S.D.J.

Dated: Brooklyn, New York
       December 6, 2022