# EXHIBIT 29

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| FULL CIRCLE UNITED, LLC,<br><br>   *Plaintiff*,<br><br>v.<br><br>BAY TEK ENTERTAINMENT, INC.,<br><br>   *Defendant*. | Civ. Action No. 1:20-cv-03395<br><br>**AMENDED RESPONSE TO FIRST SET OF REQUESTS FOR ADMISSION OF BAY TEK ENTERTAINMENT, INC. TO FULL CIRCLE UNITED, LLC** |
| BAY TEK ENTERTAINMENT, INC.,<br><br>   *Counterclaim Plaintiff,*<br><br>v.<br><br>FULL CIRCLE UNITED, LLC,<br><br>   *Counterclaim Defendant,*<br><br>and<br><br>ERIC PAVONY,<br><br>   *Additional Counterclaim Defendant.* | |

Plaintiff/Counterclaim Defendant Full Circle United, LLC ("Full Circle"), through undersigned counsel, and pursuant to Federal Rule of Civil Procedure 26 and 36, amends its responses to Request No. 8 and Request No. 10 of its Responses to First Set of Requests for Admission by Bay Tek Entertainment, Inc. ("Bay Tek") to Full Circle as follows:

## REQUESTS

**REQUEST FOR ADMISSION NO. 1**:

Admit that Exhibit A to the Counterclaims contains a genuine copy of the License Agreement.

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 2**:

Admit that Exhibits B - E to the Counterclaims contain genuine excerpts of videos filmed at Live Play events with the permission of Full Circle.

**RESPONSE:** Admitted Exhibits B-E to the Counterclaims include content reflecting activity at Live Play events. Otherwise, Full Circle has no information as to where or how Bay Tek obtained the videos from which the excerpts were made. As such, Full Circle can neither admit nor deny the genuineness of the excerpts, or whether the excerpts were made from videos filmed with its permission, without engaging in speculation. Because Full Circle is without sufficient information to truthfully admit or deny Request for Admission No. 2, it is denied.

**REQUEST FOR ADMISSION NO. 3**:

Admit that Full Circle posted and/or approved the posting of all videos to the internet of the videos whose excerpts are attached as Exhibits B - F to Bay Tek's Counterclaims.

**RESPONSE:** Full Circle has no information as to where or how Bay Tek obtained the videos from which the excerpts were made. As such, Full Circle can neither admit nor deny whether it posted or approved the positing of the videos from which the excerpts were made without engaging in speculation. Because Full Circle is without sufficient information to truthfully admit or deny Request for Admission No. 3, it is denied.

**REQUEST FOR ADMISSION NO. 4**:

Admit that Full Circle posted and/or approved the posting of all content on the websites www.brewskeeball.com and merch.brewskeeball.com.

**RESPONSE:** Full Circle objects to Request for Admission No. 4 as vague, ambiguous and compound in that it asks Full Circle to admit to facts related to content posted on two different websites and fails to specifically identify or describe the content referenced in the Request. Further, the Request does not identify a time period and is unclear as to whether it is meant to include content posted on the subpages for the website. Therefore, as phrased, Full Circle cannot admit or deny the Request without engaging in speculation. Subject to and without waiving the foregoing objections, Full Circle answers Request for Admission No.4 as follows:

Full Circle is without sufficient information to truthfully admit or deny Request for Admission No. 4. Therefore, denied.

**REQUEST FOR ADMISSION NO. 5**:

Admit that the attached Exhibit 1 is a genuine copy of a product listing for a t-shirt that Full Circle advertised for sale.

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 6**:

Admit that the attached Exhibit 2 is a genuine copy of the Settlement Agreement.

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 7**:

Admit that the attached Exhibit 3 is a genuine copy of the business plan to which you refer in paragraph 92 of the Complaint.

**RESPONSE:** Admitted Exhibit 3 is a genuine copy of information provided by Full Circle to Bay Tek as part of the business plan presented to Bay Tek as alleged in paragraph 92 of the Complaint.

**REQUEST FOR ADMISSION NO. 8**:

Admit that Full Circle did not obtain Bay Tek's express consent before making a video or audio recording of any verbal communications between the parties.

**RESPONSE:** It is not clear whether Bay Tek is asking Full Circle to admit that it never obtained consent for any recordings or whether it is asking Full Circle to admit that it did not obtain consent for all recordings. As worded, the request is denied.

**AMENDED RESPONSE:** During meet and confer efforts, Bay Tek maintained that the definition of "any" incorporated by reference into the Requests applied, and asked Full Circle to supplement its response to this Request with the understanding that the Request seeks "an admission with respect to 'any and all' video or audio recordings". With that understanding, Full Circle objects to Request for Admission No. 8 as vague and ambiguous in that it does not define the terms "express consent" or "making". Full Circle further objects to the Request in that it seeks information not relevant to any party's claim or defense. Subject to and without waiving the foregoing objections, Full Circle responds as follows: Upon reasonable inquiry, the information Full Circle knows or can readily obtain is insufficient to enable it to admit or deny this Request, and on that basis, it is denied.

**REQUEST FOR ADMISSION NO. 9**:

Admit that Full Circle is in possession of ten "Skee-Ball Live Prototype Lanes", as that term is used and defined in the Complaint.
**RESPONSE:** Full Circle objects to Request for Admission No. 9 as vague in that it does not define the term "possession". Subject to and without waiving the foregoing objection, Full Circle answers Request for Admission No. 9 as follows:

Admitted the Skee-Ball Live Prototype Lanes are located at the Full Circle Bar in Austin and the Full Circle Bar in Brooklyn. The Skee-Ball Live Prototype Lanes are owned by Full Circle, but Full Circle does not know if they are in Full Circle's "possession" as that term is used by Bay Tek.

**REQUEST FOR ADMISSION NO. 10**:

Admit that Full Circle has not reimbursed Bay Tek 150% of the manufacturing costs in connection with the ten Skee-Ball Live Prototype Lanes.

**RESPONSE:** Full Circle objects to Request for Admission No. 10 to the extent it seeks to mischaracterize the terms of the Revenue Share Agreement, as defined in the Complaint, or Full Circle's obligations under same. Subject to and without waiving the foregoing objection, Full Circle answers Request for Admission No. 10 as follows:

Full Circle continues to perform its ongoing obligations under the Revenue Share Agreement, as defined in the Complaint, which are not yet completed. Denied that Full Circle has failed to pay Bay Tek its portion of any revenue that has been generated by the Skee-Ball Live Prototype Lanes to date.

**AMENDED RESPONSE**: Admitted that, while Full Circle is current on its payment obligations, it has not completed full payment.

**REQUEST FOR ADMISSION NO. 11**:

Admit that Full Circle did not seek prior written approval from Bay Tek to use any phrase or slogan on the attached Exhibit 4.

**RESPONSE:** Admitted Full Circle did not seek prior written approval from Bay Tek concerning any of the phrases listed on Exhibit 4. Denied that Full Circle used all of the phrases and denied that Full Circle was required to obtain Bay Tek's approval or that the phrases use the Mark.

**REQUEST FOR ADMISSION NO. 12**:

Admit that Full Circle used and/or approved the use of the phrases and slogans on the attached Exhibit 4.

**RESPONSE:** Denied.

**REQUEST FOR ADMISSION NO. 13**:

Admit that Full Circle has never operated Live Play in more than a total of eight (8) states.

**RESPONSE:** Denied.

**REQUEST FOR ADMISSION NO. 14**:

Admit that Full Circle has remitted a total of $161.50 in royalties to Bay Tek.

**RESPONSE:** For the purpose of answering this Request, Full Circle will define "royalties" to include the amounts payable to Bay Tek pursuant to 8.1 of the License Agreement. On this basis, and subject to and without waiving the forgoing objection, Full Circle answers Request for Admission No. 14 as follows:

Admitted.

**REQUEST FOR ADMISSION NO. 15**:

Admit that Full Circle did not provide Bay Tek with a copy of any executed sponsorship or endorsement agreement upon entering into such sponsorship or endorsement deal.

**RESPONSE:** Denied.

**REQUEST FOR ADMISSION NO. 16**:

Admit that Full Circle received alcohol as payment-in-kind in connection with sponsorships and/or endorsements of Live Play.

**RESPONSE:** Denied.

**REQUEST FOR ADMISSION NO. 17**:
Admit that Full Circle received a computer(s) as payment-in-kind in connection with sponsorships and/or endorsements of Live Play.

**RESPONSE:** Denied.

**REQUEST FOR ADMISSION NO. 18**:

Admit that Full Circle has remitted less than $100 in royalties to Bay Tek in connection with sponsorships and/or endorsements.

**RESPONSE:** Denied.

**REQUEST FOR ADMISSION NO. 19**:

Admit that Full Circle owns and operates two bars, the first of which opened in Brooklyn, New York.

**RESPONSE:** Denied.

**REQUEST FOR ADMISSION NO. 20**:

Admit that Full Circle began its operations in New York City.

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 21**:

Admit that Full Circle is a New York limited liability company.

**RESPONSE:** Admitted.

**REQUEST FOR ADMISSION NO. 22**:

Admit that Full Circle opened its second bar, located in Austin, Texas, in 2015.

**RESPONSE:** Denied.

Dated: March 5, 2020

                                                Respectfully Submitted,

*/s/ Christina Casadonte-Apostolou*
Paul Thanasides
paul@mcintyrefirm.com
clservice@mcintyrefirm.com
Christina Casadonte-Apostolou
christina@mcintyrefirm.com
complexlit@mcintyrefirm.com
McIntyre Thanasides Bringgold Elliott
   Grimaldi Guito & Matthews, P.A.
500 E. Kennedy Blvd., Suite 200
Tampa, FL 33602
Telephone: 813.223.0000
Facsimile: 813.225.1221

and

Jon Fetterolf
jfetterolf@zuckerman.com

6

Shawn Naunton
jfetterolf@zuckerman.com
Zuckerman Spaeder LLP
485 Madison Ave., 10th Floor
New York, NY 10022
Telephone: 212.704.9600
Facsimile 212.704.4256

Ezra Marcus
emarcus@zuckerman.com
Zuckerman Spaeder LLP
1800 M Street, N.W., Suite 1000
Washington, DC 20036
Telephone: 202.778.1800
Facsimile: 202.822.8106
***Counsel for Plaintiff/Counterclaim Defendant Full Circle United, LLC and Counterclaim Defendant Eric Pavony***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 5, 2020 a true and correct copy of the foregoing was served by email to the following:

Christine Lepera
ctl@msk.com
Jeffrey Movit
jmm@msk.com
Leo M. Lichtman
lml@msk.com
Mitchell Silberberg & Knupp LLP
437 Madison Ave., 25th Floor
New York, NY 10022
Telephone: 212.509.3900
Facsimile: 212.509.7239
***Counsel for Defendant/Counterclaim Plaintiff Bay Tek Entertainment, Inc.***

                                                                     /s/ Christina Casadonte-Apostolou
                                                                         Attorney

8