# EXHIBIT 30

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| FULL CIRCLE UNITED, LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>BAY TEK ENTERTAINMENT, INC.,<br><br>*Defendant.* | Civ. Action No. 1:20-cv-03395<br><br>**ERIC PAVONY'S AMENDED RESPONSES TO SECOND SET OF REQUESTS FOR ADMISSION OF BAY TEK ENTERTAINMENT, INC.** |
| BAY TEK ENTERTAINMENT, INC.,<br><br>*Counterclaim Plaintiff,*<br><br>v.<br><br>FULL CIRCLE UNITED, LLC,<br><br>*Counterclaim Defendant,*<br><br>and<br><br>ERIC PAVONY,<br><br>*Additional Counterclaim Defendant.* | |

Counterclaim Defendant Eric Pavony ("Pavony"), through undersigned counsel, and pursuant to Rule 36 of the Federal Rules of Civil Procedure, provides the following amended responses and objections to Defendant/Counterclaim Plaintiff Bay Tek Entertainment, Inc.'s Second Request for Admissions:

**REQUEST FOR ADMISSION NO. 9**:

Admit that you personally appear in the Barstool Sports Video.

**Response:**

Pavony admits that he is shown in the video.

**REQUEST FOR ADMISSION NO. 10**:

Admit that the Barstool Sports Video was filmed at Full Circle Bar in Brooklyn, New York.

**Amended Response:**

Pavony admits that the images reflected in the Barstool Sports Video were captured at the Full Circle Bar in Brooklyn, New York. Upon reasonable inquiry, Pavony lacks sufficient information with respect to the manner in which the images were captured and therefore cannot admit or deny whether the Barstool Sports Video was filmed.

**REQUEST FOR ADMISSION NO. 11**:

Admit that Full Circle Bar in Brooklyn, New York hosts Live Play.

**Amended Response:**

Pavony objects to this request on grounds of vagueness, as no time frame is specified. Subject to this objection. Subject to and without waiving the foregoing objections, Pavony responds to the request as follows: Pavony admits Full Circle hosts tournaments and leagues at various bars where skee-ball is played; one of those bars is Full Circle Bar in Brooklyn, New York.

**REQUEST FOR ADMISSION NO. 12**:

Admit that the Barstool Sports Video portrays what you refer to in the Barstool Sports Video as "competitive Skee-Ball."

**Amended Response:**

Pavony objects to this request as both vague and overburdensome. The video is over four hours long, and the request does not provide any timestamp or attach a transcript such that Pavony can

2

identify the context in which any "competitive Skee-Ball" comment may have been made. Moreover, the term "Skee-Ball" is part of several defined terms, but is not a defined term in and of itself. Pavony should not be required to attempt to divine the intended meaning of the request. Subject to, and without waiving the objection, Pavony admits that the Barstool Sports Video portrays competitive skee-ball.

**REQUEST FOR ADMISSION NO. 13**:

Admit that the activity being portrayed in the Barstool Sports Video is referred to in the Barstool Sports Video as "Skee-Ball."

**Amended Response:**

Pavony objects to this request as both vague and overburdensome. The video is over four hours long, and the request does not provide any timestamp or attach a transcript such that Pavony can identify the context in which any "Skee-Ball" comment may have been made. Moreover, the term "Skee-Ball" is part of several defined terms, but is not a defined term in and of itself. Pavony should not be required to attempt to divine the intended meaning of the request. Subject to, and without waiving the objection, Pavony admits that persons in the video refer to the game being played as skee-ball.

**REQUEST FOR ADMISSION NO. 14**:

Admit that your attorneys had been served with a copy of the Counterclaims attached hereto as Appendix A before the Barstool Sports Video was filmed.

**Amended Response:**

Pavony objects to this request as seeking admission of facts outside his personal knowledge and as to a legal conclusion regarding whether the document was served. Subject to and without waiving the foregoing objections, Pavony responds to the request as follows: Pavony admits that the Counterclaims were filed before the event depicted in the Barstool Sports Video occurred.

**REQUEST FOR ADMISSION NO. 15**:

Admit that you had had been served on behalf of Full Circle with a copy of the letter attached hereto as Appendix B before the Barstool Sports Video was filmed.

**Amended Response:**

Pavony objects to this request on grounds of vagueness as the term "served" is not defined in the definition section of the requests and the document does not appear to be one that falls with The Federal Rules of Civil Procedure, Rule 5 of which governs service. Subject to and without waiving

this objection, Pavony acknowledges that he is on the "cc" list on page 2 of Exhibit B and was provided a copy of same prior to the time of the event depicted in the Barstool Sports Video.

**REQUEST FOR ADMISSION NO. 16**:

Admit that Full Circle Bar in Brooklyn, New York offers free Skee-Ball play on certain nights of the week

**Amended Response:**

Pavony objects to this request for admission on grounds of vagueness and harassment. The request does not identify any time period in which Pavony is to respond, does not appear to relate to any party's claim or defense, and uses the term "Skee-Ball" which is a part of several defined terms, but is not itself a defined term. Pavony is thus left to guess at whether this refers to use of roller alleys, some form of Skee Ball Live Play or some other activity. Finally, Pavony is not defined as being a representative of Full Circle Bar. Subject to and without waiving the foregoing objections, Pavony responds as follows: Pavony admits Full Circle sometimes offers free skee-ball at Full Circle Bar in Brooklyn, New York.

**REQUEST FOR ADMISSION NO. 17**:

Admit that Full Circle Bar in Austin, Texas offers free Skee-Ball play on certain nights of the week.

**Amended Response:**

Pavony objects to this request for admission on grounds of vagueness and harassment. The request does not identify any time period in which Pavony is to respond, does not appear to relate to any party's claim or defense, and uses the term "Skee-Ball" which is a part of several defined terms, but is not itself a defined term. Pavony is thus left to guess at whether this refers to use of roller alleys, some form of Skee Ball Live Play or some other activity. Finally, Pavony is not defined as being a representative of Full Circle Bar. Subject to and without waiving the foregoing objections, Pavony responds as follows:  Pavony admits Full Circle sometimes offers free skee-ball at Full Circle Bar in Austin, Texas.

**REQUEST FOR ADMISSION NO. 18**:

Admit that you were seeking seed funding for NSBL in 2016.

**Response:**

Pavony objects to this Request on the grounds that it is vague and ambiguous in its use of the phrase "seed funding". Subject to and without waiving the foregoing objections, Pavony responds as follows: Admitted that Full Circle was looking to raise $500,000 for the purpose of manufacturing 35 custom lanes prior to Bay Tek's agreement to manufacture the custom lanes pursuant to the Revenue Share Agreement, as that term is defined in the Second Amended Complaint.

**REQUEST FOR ADMISSION NO. 19**:

Admit that, when you asked for Bay Tek's assistance in manufacturing Skee-Ball Live Lanes in 2016, you represented to Bay Tek that you were seeking outside investors to invest in NSBL.

**Response:**

Pavony objects to this request for admission as being impermissibly compound in nature. Pavony objects to this request on grounds of ambiguity as the term "outside investors" is not defined in the definitions section of this Second Set of Requests for Admission. Subject to and without waiving the foregoing objection, admitted that Full Circle was seeking investments from third-parties in 2016.

**REQUEST FOR ADMISSION NO. 20**:

Admit that you personally appear in the video Bates-stamped FCU00010110.

**Response:**

Pavony admits that he is shown in the video.

Dated: December 1, 2021

                                                  Respectfully submitted,

                                                  */s/ Christina Casadonte-Apostolou*
                                                  Paul Thanasides
                                                  paul@mcintyrefirm.com
                                                  clservice@mcintyrefirm.com
                                                  Christina Casadonte-Apostolou

christina@mcintyrefirm.com
complexlit@mcintyrefirm.com
McIntyre Thanasides Bringgold Elliott
   Grimaldi Guito & Matthews, P.A.
500 E. Kennedy Blvd., Suite 200
Tampa, FL 33602
Telephone: 813.223.0000
Facsimile: 813.225.1221

and

L. Reid Skibell
rskibell@hs-law.com
HARRIS, ST. LAURENT LLP
40 Wall St., 53rd Floor
New York, NY 10005
Telephone: 212.397.3370
Facsimile: 212.202.6206

***Counsel for Plaintiff/Counterclaim Defendant Full Circle United, LLC and Counterclaim Defendant Eric Pavony***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 1, 2021 a true and correct copy of the foregoing was served by email to the following:

Christine Lepera
ctl@msk.com
Jeffrey Movit
jmm@msk.com
Leo M. Lichtman
lml@msk.com
Mitchell Silberberg & Knupp LLP
437 Madison Avenue, 25th Floor
New York, NY 10022
Telephone: 212.509.3900
Facsimile: 212.509.7239
***Counsel for Defendant/Counterclaim Plaintiff Bay Tek Entertainment, Inc.***

          */s/ Christina Casadonte-Apostolou*
           Attorney