# EXHIBIT 32

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| FULL CIRCLE UNITED, LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>BAY TEK ENTERTAINMENT, INC.,<br><br>*Defendant.*<br><br>BAY TEK ENTERTAINMENT, INC.,<br><br>*Counterclaim Plaintiff,*<br><br>v.<br><br>FULL CIRCLE UNITED, LLC,<br><br>*Counterclaim Defendant,*<br><br>and<br><br>ERIC PAVONY,<br><br>*Additional Counterclaim Defendant.* | Civ. Action No. 1:20-cv-03395<br><br>**ERIC PAVONY'S AMENDED ANSWERS TO BAY TEK ENTERTAINMENT, INC.'S FIRST SET OF INTERROGATORIES TO ERIC PAVONY** |

Eric Pavony ("Pavony ") answers Bay Tek Entertainment, Inc.'s First Set of Interrogatories to Eric Pavony, served on September 25, 2020, as follows[1]:

**GENERAL OBJECTIONS**

1. Eric Pavony objects to the Interrogatories to the extent they require Eric Pavony to provide information or to perform acts beyond those required by the Federal Rules of Civil Procedure.

---

[1] Pavony amends his answers to Interrogatory No. 2 and Interrogatory No. 3.

2. Eric Pavony objects to the Interrogatories to the extent they require the disclosure of any information protected from discovery by the attorney/client privilege and/or the work-product doctrine. Eric Pavony shall produce no information immune from discovery pursuant to any recognized privilege or doctrine.

3. Eric Pavony objects to the Interrogatories to the extent they require the disclosure of any confidential and/or proprietary information. Eric Pavony shall produce responsive information only pursuant to an appropriate protective order limiting the use and dissemination of confidential or proprietary information.

## INTERROGATORIES

Eric Pavony incorporates the General Objections noted above and responds specifically to the correspondingly numbered paragraphs of Bay Tek Entertainment, Inc.'s First Set of Interrogatories to Eric Pavony as follows:

**Interrogatory No. 1:** Identify all instances in which you or any other representative of Full Circle caused an audio or video recording to be made of a communication with Bay Tek, and the individual(s) who physically recorded each such communication.

**Answer:** Pavony objects to this Interrogatory as overbroad as it is unlimited in time and scope. Subject to and without waiving said objection, below is a brief list and description of audio or video recording, which are produced contemporaneously herewith.

1. A recording of a call between Gaetan Philippon and Eric Pavony, which was recorded by Eric Pavony on December 18, 2015;

2. A recording of a call between Gaetan Philippon, Eric Pavony and Eric Wikman, which was recorded by Eric Pavony on March 18, 2016;

3. A recording of a call between Larry Treankler, Holly Hampton, Tom Diedrich, Eric Wikman, and Eric Pavony, which was recorded by Eric Pavony on January 19, 2017;

4. A voicemail from Holly Hampton, which was recorded by Eric Pavony on May 11, 2017;

2

5. A voicemail from Todd Louthain, which was recorded by Eric Pavony on June 8, 2017;

6. A voicemail from Holly Hampton, which was recorded by Eric Pavony on June 8, 2017;

7. A voicemail from Holly Hampton, which was recorded by Eric Pavony on June 21, 2017;

8. A voicemail from Holly Hampton, which was recorded by Eric Pavony on December 20, 2017;

9. A recording of a call between Holly Hampton, Eric Pavony, and Eric Wikman, which was recorded by FCU's conference line service on January 3, 2018;

10. A voicemail from Holly Hampton, which was recorded by Eric Pavony on January 3, 2018; and

11. A recording of a meeting between Larry Treankler, Eric Wikman, Eric Pavony and Eric Cooper, which was recorded by Eric Wikman on January 17, 2019.

**Interrogatory No. 2:** Identify, on a month-by-month basis, all income, revenue, and profits earned by you in connection with Full Circle, from 2010 to the present.

**Answer:** Pavony objects to this Interrogatory as overbroad in that it seeks information dating back to 2010. To the extent Bay Tek contends this Interrogatory seeks information relating to "all income, revenue and profits" earned by Pavony in connection with Full Circle Bar, LLC, Extra Positive Land, LLC or any other entities as "affiliates" or "affiliated entities" of Full Circle United, LLC, Pavony objects to Interrogatory No. 2 as follows: The Interrogatory is vague and ambiguous in that the terms "affiliates" and "affiliated entities" are undefined, and it is unclear whether Full Circle Bar, LLC, Extra Positive Land, LLC or any other entities are "affiliates" or "affiliated entities" of Full Circle United, LLC, as those terms are being used by Bay Tek. Assuming Full Circle Bar, LLC and Extra Positive Land, LLC are "affiliates" or "affiliated entities" of Full Circle United, LLC, as Bay Tek defines those terms, the Interrogatory is vague, overbroad, unduly burdensome and improperly seeks information not relevant to the party's claims or defenses or proportional to the needs of the case in that it asks Pavony to identify all income, revenue and profits earned by him, or any of his "representatives" on a month-to-month basis, for a period of over ten years.

Subject to and without waiving said objections, Pavony answers Interrogatory No. 2 as follows:

Pavony has never received a salary or compensation from Full Circle United, LLC. Pavony will produce documents reflecting revenue, profits and income generated in connection with Live Play, the NSBL, and other financial information relating to the party's claims and defenses, including

3

tax returns, in response to Bay Tek's First Set of Requests for Production directed to Full Circle and Pavony, subject to any objections. Discovery is ongoing and the parties' meet and confer efforts have not concluded. Pavony intends to supplement this Interrogatory once he can more specifically identify the documents reflecting the information sought by this Interrogatory.

**Interrogatory No. 3:** Identify all entities for which you are a director, officer, member, employee, and/or have an ownership stake.

**Answer:** Pavony is a director, officer, member, employee, and/or have an ownership stake in the following entities:

1. Full Circle United, LLC;

2. Full Circle Bar, LLC;

3. Extra Positive Land, LLC;

4. Cherrytown, LLC.

5. Major League Dreidel Corp.

6. Tenth Ball Tower, LLC

   As to the interrogatories to which objections have been made:

Dated: March 5, 2021

                                                Respectfully submitted,

                                                */s/ Christina Casadonte-Apostolou*
                                                Paul Thanasides
                                                paul@mcintyrefirm.com
                                                clservice@mcintyrefirm.com
                                                Christina Casadonte-Apostolou

christina@mcintyrefirm.com
complexlit@mcintyrefirm.com
McIntyre Thanasides Bringgold Elliott
  Grimaldi Guito & Matthews, P.A.
500 E. Kennedy Blvd., Suite 200
Tampa, FL 33602
Telephone: 813.223.0000
Facsimile: 813.225.1221

and

Jon Fetterolf
jfetterolf@zuckerman.com
Shawn Naunton
jfetterolf@zuckerman.com
Zuckerman Spaeder LLP
485 Madison Avenue, 10th Floor
New York, NY 10022
Telephone: 212.704.9600
Facsimile 212.704.4256

Ezra Marcus
emarcus@zuckerman.com
Zuckerman Spaeder LLP
1800 M Street, N.W., Suite 1000
Washington, DC 20036
Telephone: 202.778.1800
Facsimile: 202.822.8106
***Counsel for Plaintiff/Counterclaim Defendant Full Circle United, LLC and Counterclaim Defendant Eric Pavony***

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 5, 2021, a true and correct copy of the foregoing was served by email to the following:

Christine Lepera
ctl@msk.com
Jeffrey Movit
jmm@msk.com
Leo M. Lichtman
lml@msk.com

5

Mitchell Silberberg & Knupp LLP
437 Madison Avenue, 25th Floor
New York, NY 10022
Telephone: 212.509.3900
Facsimile: 212.509.7239
***Counsel for Defendant/Counterclaim***
***Plaintiff Bay Tek Entertainment, Inc.***

                                      */s/ Christina Casadonte-Apostolou*
                                          Attorney

## VERIFICATION

I declare under penalty of perjury that the foregoing is true and correct.

_____
ERIC PAVONY
Dated: March 5, 2021