# MCINTYRE

Reply to:<br>
Paul Thanasides<br>
paul@mcintyrefirm.com

October 30, 2024

**VIA ECF ONLY**

Hon. Brian M. Cogan, U.S.D.J.
U.S. District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Full Circle United, LLC v. Bay Tek Entertainment, Inc.,* No. 1:20-cv-03395-BMC

Dear Judge Cogan,

     My firm and Glenn Agre Bergman & Fuentes LLP (together, "Counsel") represent Plaintiff-Counterclaim Defendant Full Circle United, LLC and Counterclaim Defendant Eric Pavony (together, "FCU"). We write jointly to move to withdraw as counsel for FCU, pursuant to Local Civil Rule 1.4 of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Rule 1.4"), to set the trial and related deadlines such that FCU may retain successor counsel, and for such other and further relief as may be just, proper, and equitable.

     Pursuant to Local Rule 1.4, an attorney seeking to withdrawal must show that "satisfactory reasons" for withdrawal exist. The existence of an irreconcilable conflict between an attorney and their client provides one such basis for withdrawal. *See Krick v. Raytheon Co.*, 2024 WL 4441029, at *4 (E.D.N.Y. Oct. 8, 2024) (collecting cases); N.Y. Rule of Professional Conduct 1.16(c)(4).

     Recently, a fundamental disagreement has emerged between Counsel and FCU with respect to the trial of this case. This disagreement emerged in connection with the preparation of the Joint Pretrial Order. Counsel's duty of confidentiality to their clients precludes Counsel from providing more detail in this public filing about the differences that have arisen between (*see* New York Rules of Professional Conduct Rule 1.6(b)(5)(i), Cmt. 14), except to represent as officers of the Court that Counsel the differences are such that they will substantially impair Counsel's ability to continue representing FCU. *See generally* Declaration of Paul Thanasides, dated October 25, 2024. Counsel did not make this decision lightly, and it was reached only after determining that withdrawal should have no material adverse effect on the clients' interests.



      Counsel requested that the clients consent to Counsel's requested withdrawal on Thursday, October 23. FCU continues to consider whether they will consent. It is Counsel's understanding that the clients will have a decision on this issue before the end of the week. Counsel files this motion before the clients have officially consented because of the Court's comments in its Order denying Plaintiff's request for an extension of the deadline to submit the Pretrial Order, which suggested that not filing a formal motion seeking withdrawal was a consideration in declining to provide the requested relief.

      Withdrawal can be accomplished without prejudice to any party or interference with the administration of justice because no trial date has been set. *See Schwartz v. AMF Bowling Ctr., Inc.*, 2024 WL 3912303, at *4 (E.D.N.Y. Aug. 23, 2024) (granting motion to withdrawal where no trial date had been set); *Thekkek v. LaserSculpt, Inc.*, 2012 WL 225924, at *2 (S.D.N.Y. Jan. 23, 2012) (granting motion to withdrawal where case was not on the "verge of being tried"). Counsel expects that Your Honor will set the trial at the upcoming November 6 conference, and that date should provide FCU with sufficient time to obtain replacement counsel, if needed. Counsel prepared all of the materials for the Joint Pretrial Order. We respectfully submit that any replacement counsel should be able to prepare for trial within 60-90 days.

      Counsel conferred with counsel for Bay Tek Entertainment, Inc. ("Bay Tek") to determine whether it objects or consents to this motion. Bay Tek has declined to take a position until it has had an opportunity to review this application.

      All parties are being served with a copy of this Motion.

                                                        Respectfully submitted,

                                                         */s/ Paul Thanasides*
                                                         Paul Thanasides

cc:    All counsel of record (via ECF)
       Eric Pavony (by email)
       Full Circle United, LLC (by email)




UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| FULL CIRCLE UNITED, LLC, <br><br> *Plaintiff*, <br><br> v. <br><br> BAY TEK ENTERTAINMENT, INC., <br><br> *Defendant.* | Civ. Action No. **1:20-cv-03395-BMC** |
| BAY TEK ENTERTAINMENT, INC., <br><br> *Counterclaim Plaintiff,* <br><br> v. <br><br> FULL CIRCLE UNITED, LLC, <br><br> *Counterclaim Defendant,* <br><br> and <br><br> ERIC PAVONY, <br><br> *Additional Counterclaim Defendant.* | |

## **DECLARATION OF PAUL THANASIDES**

Pursuant to 28 U.S.C. § 1746, I, Paul Thanasides, shareholder at McIntyre Thanasides Bringgold Elliott Grimaldi & Guito, P.A., declare as follows

    1.    I am an adult over the age of 18 with personal knowledge of the facts set forth below.

    2.    Irreconcilable differences have arisen between McIntyre and FCU and Pavony. After much consideration, McIntyre has come to the conclusion that those irreconcilable

differences make it impossible for them to continue to represent FCU and Pavony consistent with their obligations under applicable rules.

    3. The current posture of the case is as follows:

        a. This case is not set for trial.

        b. The parties are currently working without interruption to complete the pre-trial submissions which are currently due on Tuesday, October 29, 2024.

        c. A pretrial conference is currently scheduled in this matter for Wednesday, November 6, 2024, at 10:00am.

    4. McIntyre is not asserting a retaining or charging lien in connection with this matter.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 25, 2024.

                                                  PAUL THANASIDES