UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FULL CIRCLE UNITED, LLC,

    Plaintiff,

-against-

BAY TEK ENTERTAINMENT, INC,

    Defendant.

BAY TEK ENTERTAINMENT, INC.,

    Counterclaim-Plaintiff,

-against-

FULL CIRCLE UNITED, LLC, and ERIC PAVONY,

    Counterclaim-Defendants.

Case No: 20 Civ. 3395 (BMC)

## MEMORANDUM OF LAW IN SUPPORT OF
## <u>PLAINTIFF'S MOTIONS *IN LIMINE*</u>

MANDEL BHANDARI LLP
Rishi Bhandari
Robert Glunt
Evan Mandel
80 Pine Street, 33rd Floor
New York, New York 10005
Tel: (212) 269-5600
Fax: (646) 964-6667

*Attorneys for Plaintiff*

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 1

APPLICABLE STANDARD .................................................................................................... 1

ARGUMENT ............................................................................................................................. 2

    I.    DEFENDANT EXHIBITS THAT SHOULD BE EXCLUDED ........................... 2

        A.    Exhibits That Contain Multiple Levels of Hearsay .................................... 2

        B.    Exhibits That Contain of Statements from Defendant's Counsel ............... 3

        C.    Exhibits That Contain of Seven Years of Bank Statements ....................... 3

        D.    Exhibits That Contain of Hours of Skee-Ball® Videos ............................. 4

        E.    Exhibits That Consist of Hearsay ................................................................ 5

        F.    Interrogatory Responses ............................................................................... 5

        G.    Memorandum of Law .................................................................................. 6

        H.    Facebook Live Post ..................................................................................... 7

    II.    OTHER LITIGATION BY PLAINTIFF OR ITS PRINCIPAL ............................. 7

    III.    CRIMINAL HISTORY OF ANY WITNESS ......................................................... 9

    IV.    ATTORNEYS AND ATTORNEY-CLIENT RELATIONSHIP ......................... 10

    V.    PLAINTIFF'S ABILITY TO RAISE INVESTMENT CAPITAL ....................... 11

    VI.    DISMISSED CLAIMS OR DEFENSES ................................................................ 12

    VII.    DISCUSSIONS BY COUNSEL .............................................................................. 13

    VIII.    SETTLEMENT DISCUSSIONS ............................................................................. 13

    IX.    *IN LIMINE* MOTIONS OR RULINGS ............................................................... 13

CONCLUSION ........................................................................................................................ 13

# TABLE OF AUTHORITIES

**Cases**

*Aghaeepour v. N. Leasing Sys., Inc.*,
    Case No. 14 CIV. 5449 (NSR), 2024 WL 2700564
    (S.D.N.Y. May 24, 2024) ............................................................................................... 5

*Cameron v. City of New York*,
    598 F.3d 50 (2d Cir. 2010) ............................................................................................. 1

*Dial Corp. v. News Corp.*,
    Case No. 13CV6802, 2016 WL 690868
    S.D.N.Y. Feb. 17, 2016) ............................................................................................... 12

*Edwards v. City of New York*,
    Case No. 08-2199 (TLM), 2011 U.S. Dist. LEXIS 75300
    (E.D.N.Y. July 13, 2011) ............................................................................................... 8

*Gorbea v. Verizon New York, Inc.*,
    Case No. 11-CV-3758 KAM LB, 2014 WL 2916964
    (E.D.N.Y. June 25, 2014) ............................................................................................ 12

*MacKinney v. Allstate Fire & Cas. Ins. Co.*,
    Case No. 16-CV-01447-NYW, 2017 WL 3397361
    (D. Colo. Aug. 8, 2017) ................................................................................................. 3

*Metaswitch Networks Ltd. v. Genband US LLC*,
    Case No. 2:14-CV-744-JRG-RSP, 2016 WL 3618831
    (E.D. Tex. Mar. 1, 2016) ............................................................................................. 10

*Michelson v. United States*,
    335 U.S. 469 (1948) ...................................................................................................... 9

*Munafo v. Metro. Transp. Auth.*,
    Case No. 98 CV-4572 (ERK), 2003 U.S. Dist. LEXIS 13495
    (E.D.N.Y. Jan. 22, 2003) ............................................................................................... 8

*Outley v. New York*,
    837 F.2d 587 (2d Cir. 1988) ........................................................................................... 7

*Perry v. Ethan Allen, Inc.*,
    115 F.3d 143 (2d Cir. 1997) ........................................................................................... 1

*Ragin v. Newburgh Enlarged City Sch. Dist.*,
    Case No. No. 10 Civ. 2797 (JFK), 2011 U.S. Dist. LEXIS 59728
    (S.D.N.Y. June 3, 2011) ................................................................................................. 8

*Raysor v. Port Authority of New York & New Jersey*,
    768 F.2d 34 (2d Cir. 1985) ............................................................................................. 7

*Rodriguez v. Coca Cola Refreshments USA, Inc.*,
    Case No. 12 CIV. 234 BMC, 2013 WL 5230037
    (E.D.N.Y. Sept. 16, 2013) ............................................................................................. 2

*Square D Co. v. Breakers Unlimited, Inc.*,
    Case No. 1:07-CV-806-WTL-JMS, 2009 WL 1625505
    (S.D. Ind. June 4, 2009) ............................................................................................. 10

*Starter Corp. v. Converse, Inc.*,
    170 F.3d 286 (2d Cir. 1999) ......................................................................................... 3

*Strong v. GEICO Gen. Ins. Co.*,
    Case No. 8:16-CV-1757-T-36JSS, 2017 WL 11884597
    (M.D. Fla. Oct. 24, 2017) ........................................................................................... 10

*United States v. Bermudez*,
    529 F.3d 158 (2d Cir. 2008) ......................................................................................... 2

*United States v. Davis*,
    Case No. 8:09-CR-0047 (GTS), 2009 U.S. Dist. LEXIS 44499
    (N.D.N.Y May 27, 2009) ............................................................................................. 9

*United States v. Diaz*,
    878 F.2d 608 (2d Cir. 1989) ......................................................................................... 1

*United States v. Kaplan*,
    490 F.3d 110 (2d Cir. 2007) ......................................................................................... 1

*Wyndham Hotel Grp. Int'l, Inc. v. Silver Ent. LLC*,
    Case No. 15-CV-7996 (JPO), 2018 WL 1585945
    (S.D.N.Y. Mar. 28, 2018) ............................................................................................. 5

**Rules**

Fed. R. Evid. 401 ................................................................................................................... 1

Fed. R. Evid. 402 ................................................................................................................... 1

Fed. R. Evid. 403 ............................................................................................................. 1, 9

Fed. R. Evid. 408 ................................................................................................................. 13

Fed. R. Evid. 609 ................................................................................................................... 9

# TABLE OF ABBREVIATIONS

| Abbreviation | Item |
|---|---|
| 2/7 TR: | Transcript of the February 7, 2025 Pretrial Conference (Glunt Dec. Ex. A) |
| ECF __ | Docket Entries in this Action |
| Defendant Exhibit | Exhibits Identified by Defendant in the February 28, 2025 Proposed Pretrial Order (ECF 254) |
| Glunt Decl. | Declaration of Robert Glunt in Support of Plaintiff's Motions *in Limine* |
| Pavony Dep. | Excerpts of the Deposition of Eric Pavony (Glunt Decl. Ex. B) |

## PRELIMINARY STATEMENT

For the reasons set forth below, Plaintiff respectfully requests that the Court issue an order *in limine*, precluding argument, questioning, testimony, or evidence on the following matters.

## APPLICABLE STANDARD[1]

Federal Rule of Evidence 402 excludes all evidence that is not relevant. "Relevant evidence" is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. "Implicit in that definition are two distinct requirements: (1) the evidence must be probative of the proposition it is offered to prove, and (2) the proposition to be proved must be one that is of consequence to the determination of the action." *United States v. Kaplan*, 490 F.3d 110, 121 (2d Cir. 2007) (*quoting United States v. Diaz*, 878 F.2d 608, 614 (2d Cir. 1989)). As such, evidence on facts that do not impact the ultimate outcome of an action is not relevant and should not be admitted.

Even if admissible pursuant to Fed. R. Evid. 401 and Fed. R. Evid. 402, "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." *Cameron v. City of New York*, 598 F.3d 50, 62 (2d Cir. 2010) (*citing* Fed. R. Evid. 403). Evidence is prejudicial if it "has an undue tendency to suggest decision on an improper basis." *Perry v. Ethan Allen, Inc.*, 115 F.3d 143, 151 (2d Cir. 1997) (*quoting* Fed. R. Evid. 403 Advisory Committee Notes (1972)). As such, the Court must carefully scrutinize any evidence that risks unfair prejudice and balance the impact of

---

[1] As the Court is fully familiar with the facts and circumstances of this action, Plaintiff has omitted unnecessary background detail concerning the parties and claims at issue.

such prejudice against any probative value. *United States v. Bermudez*, 529 F.3d 158, 161-62 (2d Cir. 2008) ("District courts have broad discretion to balance probative value against possible prejudice").

**ARGUMENT**

**I. DEFENDANT EXHIBITS THAT SHOULD BE EXCLUDED**

At the Court's instruction, Plaintiff has endeavored to minimize evidentiary challenges and object only to exhibits that are unlikely to be properly received into evidence. While some of these challenges may be addressed with the proper foundation at trial, Defendant's exhibit list also contains numerous exhibits that are wholly improper and should be excluded in their entirety before trial begins. We set forth each of the latter below.

**A. Exhibits That Contain Multiple Levels of Hearsay**

Plaintiff respectfully requests that the Court exclude Defendant's Exhibits D, J, and EE as hearsay. Each document is an email between Defendant's employees that relates statements from third parties not copied on the messages.[2] The emails themselves are out of court statements to which no hearsay exception applies, and the third-party conversations they relate are double-hearsay. The exhibits are wholly inadmissible and should be excluded. *Rodriguez v. Coca Cola Refreshments USA, Inc.*, Case No. 12 CIV. 234 BMC, 2013 WL 5230037, at *1 (E.D.N.Y. Sept. 16, 2013) (Cogan, J.) ("the pervasive problem with plaintiff's case is that it is based almost entirely on inadmissible evidence. This evidence consists of the following: (1) hearsay and double hearsay that plaintiff heard from others;").

---

[2] Exhibit D is even worse, as it relates a conversation that the author was not even a party to, making it effectively triple-hearsay.

### B. Exhibits That Contain of Statements from Defendant's Counsel

Plaintiff respectfully requests that the Court exclude Defendant's Exhibit AB as irrelevant hearsay. The exhibit is a letter from Defendant's counsel. To the extent that the document contains out of court statements, it is hearsay subject to no exception. Additionally, to the extent that Defendant's counsel conveys facts or positions from their client, the statements lack personal knowledge and/or constitute double hearsay. As such, the document is wholly admissible and should be excluded. *See MacKinney v. Allstate Fire & Cas. Ins. Co.*, Case No. 16-CV-01447-NYW, 2017 WL 3397361, at *4 (D. Colo. Aug. 8, 2017) ("Plaintiff may not rely upon her own counsel's correspondence to Allstate to establish the validity or value of her claim, as the substantive contents of such letters are inadmissible hearsay."); *see generally*, *Starter Corp. v. Converse, Inc.*, 170 F.3d 286, 291 (2d Cir. 1999) (party could not introduce letters sent to adversary by own counsel as "even if they did not fall within the ambit of Rule 408, they were inadmissible as hearsay.").

### C. Exhibits That Contain of Seven Years of Bank Statements

Plaintiff respectfully requests that the Court exclude Defendant's Exhibits CR, CS, CT, and CU under Rule 403 as irrelevant, unnecessarily cumulative, and/or a waste of time. The exhibits span three hundred pages and consist of seven full years of bank statements for Plaintiff along with bank statements for Eric Pavony.

The bank statements have no obvious relevance to the remaining claims. And even if an individual credit or debit entry were to prove relevant, the introduction of over three hundred additional pages of financial exhibits would be needlessly cumulative and a waste of time. Worse, since Defendant clearly has no intention of eliciting testimony concerning the hundreds of pages of account entries, introducing the exhibits into evidence runs the risk that the jury will

misinterpret the records of financial transactions about which no meaningful testimony has been elicited. As currently formulated, the court should exclude the exhibits in their entirety.

    **D.**    **Exhibits That Contain of Hours of Skee-Ball® Videos**

Plaintiff respectfully requests that the Court exclude Defendant's Exhibits EV-FT under Rule 403 as irrelevant and/or unnecessarily cumulative. The twenty-five exhibits consist of videos of Skee-Ball® games, many of them multiple hours long. For example, Exhibit FC is by itself *over seven hours* long. In total, the exhibits span *over forty-six hours*. If played for the jury, the exhibits would consume substantially more time than Defendant has requested to try the case. *See* ECF 238 at 18.

Clearly Defendant does not genuinely intend to play even a fraction of this footage to the jury. Accordingly, Plaintiff has repeatedly requested that Defendant identify the specific portions that it intends to play. But it has declined to do so. This is improper. The videos of Skee-Ball® games together with various commentary of the "will he make this roll?" variety are largely irrelevant to the claims and defenses at issue. To the extent that Defendant believes that some portions of the videos are relevant, it should identify them, not invite Plaintiff to hunt through almost two days of footage to "find it."

Defendant now claims, in a footnote to its exhibit list, that it will only seek to introduce the exhibits to the extent that it does not obtain the answers it seeks from Plaintiff's witnesses. ECF 238-6 at 19. This does not address the fundamental issue, which is that Defendant refuses to identify what, in the dozens of hours of largely irrelevant video, it believes is properly admissible. Moreover, to the extent that the exhibits are truly offered only for impeachment purposes, they should not be included at all under this Court's rules. As such, the Court should exclude the exhibits as irrelevant and/or cumulative under Rule 403.

### E. Exhibits That Consist of Hearsay

Plaintiff respectfully requests that the Court exclude Defendant's Exhibits E, F, EF, EG, and EH as hearsay. Each document is an internal email between Defendant's employees. The emails themselves are out of court statements to which no hearsay exception applies.

The issue is particularly acute since the emails consist of correspondence from Tom Diedrich, Mark Johnson, and Rick Rochetti, all of whom are Bay Tech employees who are not testifying at trial.[3] Absent testimony from the authors of the messages, no foundation can be properly laid for admission as a business record. Additionally, Plaintiff would be prejudiced if written statements from those employees were admitted at trial without the opportunity for cross examination. Accordingly, the Court should exclude the exhibits under Rule 802. *See, e.g.*, *Aghaeepour v. N. Leasing Sys., Inc.*, Case No. 14 CIV. 5449 (NSR), 2024 WL 2700564, at *10 (S.D.N.Y. May 24, 2024) (granting motion *in limine* to exclude "Email Chain …between two non-parties, employees at [Defendant], whom Plaintiffs have not indicated they intend to call as witnesses."); *Wyndham Hotel Grp. Int'l, Inc. v. Silver Ent. LLC*, Case No. 15-CV-7996 (JPO), 2018 WL 1585945, at *5 (S.D.N.Y. Mar. 28, 2018) ("emails from Veneto's former Director Irene Vecchi, whom Defendants did not depose—are unauthenticated and inadmissible hearsay.").

### F. Interrogatory Responses

Plaintiff respectfully requests that the Court exclude Defendant's Exhibits CZ, DA, and DC under Rule 403 as irrelevant and potentially prejudicial. Each document is an interrogatory response provided by Plaintiff. While the documents have been redacted to remove some

---

[3] Johnson and Rochetti were not included in Defendant's January 31, 2025 witness list. ECF 238-2. While Diedrich was, counsel for Defendant has informed us that he will be removed.

irrelevant material, what remains still bears little, if any, connection to the claims and defenses in this action.

Exhibit CZ contains numerous questions about Plaintiff's efforts to secure outside investment. As set forth below, Defendant has disclaimed any argument that Plaintiff breached the License Agreement through any failure to secure investment. Exhibit CZ also asks whether certain bars belonging to affiliated entities ever offer free Skee-Ball® games. This is also wholly irrelevant to the claims at issue.

Exhibits DA and DC repeatedly ask variations of the same question: "identify the provision and specific language in the License Agreement that you contend obligates Bay Tek to do X." As the Court is aware, Plaintiff is only advancing a claim under the best efforts provision of the License Agreement. The Court has already rejected Defendant's legal argument that the lack of additional specific promises vitiates Bay Tek's best efforts obligation or gives it the unilateral right to reject reasonable requests from Plaintiff in bad faith.

Defendant should not be permitted to use these interrogatory responses to argue withdrawn factual contentions or rejected legal theories to the jury, and as they have no other relevance, the exhibits should be excluded.

G.     **Memorandum of Law**

Plaintiff respectfully requests that the Court exclude Defendant's Exhibit DD under Rule 403 as irrelevant, lacking foundation, hearsay, and potentially prejudicial. The document is a memorandum of law submitted by Plaintiff's prior counsel in support of its motion to for reconsideration. ECF 195. The document contains statements of law, references to dismissed claims, and characterizations of evidence, none of which are properly set before the jury. Since

6

it was drafted by counsel, the author cannot speak from personal knowledge, and instead asserts facts based upon the statements and writings of others.

While it is unclear the purposes for which Defendant intends to use this document, it has no evidentiary value and runs the risk of confusing the jury about the issues properly before it and/or the relevant law that applies to the remaining claims. The Court should exclude the exhibit under Rules 403 and 802.

### H. Facebook Live Post

Plaintiff respectfully requests that the Court exclude Defendant's Exhibit AC under Rule 403 as irrelevant and/or potentially prejudicial. The document appears to be a screenshot of a Facebook Live Video. There is no relevant content on the screenshot, but it includes advertisements, suggested videos, and comments from third parties, none of which have any connection to the claims or defenses remaining in this action. Accordingly, the Court should exclude the exhibit under Rule 403.

## II. OTHER LITIGATION BY PLAINTIFF OR ITS PRINCIPAL

Plaintiff respectfully requests that the Court preclude witnesses and Defendant's counsel from making reference to Plaintiff or Eric Pavony's participation in other civil litigation.

"The charge of litigiousness is a serious one, likely to result in undue prejudice against the party charged, unless the previous claims made by the party are shown to have been fraudulent." *Outley v. New York*, 837 F.2d 587, 592 (2d Cir. 1988). For this reason, while "a plaintiff's litigiousness may have some slight probative value… that value is outweighed by the substantial danger of jury bias against the chronic litigant" and "[t]he trial court has a duty to prevent exploitation of this prejudice." *Id.* (ordering new trial where evidence of prior litigation was admitted); *see also Raysor v. Port Authority of New York & New Jersey*, 768 F.2d 34 (2d Cir. 1985) ("Also to be avoided are questions forcing [plaintiff] to testify about his apparently

extensive pro se litigation on other matters. [plaintiff]'s litigiousness may have some slight probative value, but that value is outweighed by the substantial danger of jury bias against the chronic litigant.").[4]

In its Counterclaims, Defendant makes explicit reference to the prior litigation between Plaintiff and SBI, Inc. and the claims (now long settled) that each raised against each other. ECF 48 at ¶¶ 20-24. Additionally, Defendant's counsel has, in deposition, accused Eric Pavony of advancing frivolous claims in litigation and questioned him about whether he has had claims "thrown out" by other courts. Pavony Dep. 342:17-345:5.

Discussion of a separate action against non-parties has no probative value and can only serve to prejudice the jury against Plaintiff, should Defendant attempt to portray Plaintiff as either a perpetual litigant or serial malefactor. In addition, introducing facts or elements of an entirely separate case into this matter would waste significant time and court resources and risk substantial juror confusion and/or undue prejudice. Accordingly, the Court should preclude any discussion of other civil litigation involving Plaintiff or its principal, Eric Pavony.

---

[4] *See also Ragin v. Newburgh Enlarged City Sch. Dist.*, Case No. No. 10 Civ. 2797 (JFK), 2011 U.S. Dist. LEXIS 59728, at *5 (S.D.N.Y. June 3, 2011) ("The introduction of evidence concerning [plaintiff]'s past litigation would distract the jury from the central issues in the trial and may well lead to prejudice against Ragin as a frequent litigant…[a]ny small probative value that the evidence of Ragin's prior lawsuits has is substantially outweighed by the high risk of jury confusion and prejudice, and therefore, Defendants' motion is denied."); *Edwards v. City of New York*, Case No. 08-2199 (TLM), 2011 U.S. Dist. LEXIS 75300, at *15 (E.D.N.Y. July 13, 2011) ("Evidence of plaintiff's litigation history will not be admitted under Federal Rule of Evidence 404(b). Under *Outley v. City of New York* any probative value of plaintiff's litigation history is outweighed by the prejudicial effect."); *Munafo v. Metro. Transp. Auth.*, Case No. 98 CV-4572 (ERK), 2003 U.S. Dist. LEXIS 13495, at *78 (E.D.N.Y. Jan. 22, 2003) ("Even if such evidence has some small collateral relevance, the prejudicial impact of a charge of litigiousness is considerable, and in this case, unjustifiable.").

## III. CRIMINAL HISTORY OF ANY WITNESS

Plaintiff respectfully requests that the Court preclude witnesses and Defendant's counsel from making reference to any witness's criminal history, unless it involves a conviction for offenses punishable by more than 1 year of incarceration and/or conviction involving dishonesty or false statements.

The prior criminal history of a witness (if any) is irrelevant to the claims and defenses asserted in this matter. If introduced, evidence of prior criminal behavior is clearly prejudicial. *See e.g.*, *United States v. Davis*, Case No. 8:09-CR-0047 (GTS), 2009 U.S. Dist. LEXIS 44499 (N.D.N.Y May 27, 2009) ("Defendant's criminal history could be prejudicial in this action, and it has little, if any, probative value."). Accordingly, evidence of a witness's prior criminal history is excludable under Fed. R. Evid. 403 unless offered pursuant to the exception provided by Fed. R. Evid. 609.

Fed. R. Evid. 609 sets forth the rules for attacking a witness's character for truthfulness by evidence of a criminal conviction. As a threshold matter, only convictions can be used in this fashion; mere arrests or investigations are not permitted. *Michelson v. United States*, 335 U.S. 469, 482 (1948) ("Arrest without more does not, in law any more than in reason, impeach the integrity or impair the credibility of a witness. It happens to the innocent as well as the guilty. Only a conviction, therefore, may be inquired about to undermine the trustworthiness of a witness."). Under Rule 609, only conviction for offenses punishable by more than 1 year of incarceration and/or conviction involving dishonesty or false statements may be used to attack a witnesses' character for truthfulness. Accordingly, reference to any other facet of a witness's criminal record, be it arrests, investigations, or convictions for other offenses, cannot be offered pursuant to Rule 609 and is properly excluded.

## IV. ATTORNEYS AND ATTORNEY-CLIENT RELATIONSHIP

Plaintiff respectfully request that the Court preclude witnesses and Defendant's counsel from making reference to the background, character, honesty, nature, style, or cost of practice of Plaintiff's attorneys or the nature of their engagement except for the proper use of the firm name and the names of the particular attorneys involved in this litigation.

To the extent requested, these motions are routinely granted. *See e.g.*, *Square D Co. v. Breakers Unlimited, Inc.*, Case No. 1:07-CV-806-WTL-JMS, 2009 WL 1625505, at *1 (S.D. Ind. June 4, 2009) (excluding "references to the character, honesty or integrity of the parties' attorneys"); *Strong v. GEICO Gen. Ins. Co.*, Case No. 8:16-CV-1757-T-36JSS, 2017 WL 11884597, at *3 (M.D. Fla. Oct. 24, 2017) ("no testimony or argument may be presented that impugns the character of any person or attorney."); *Metaswitch Networks Ltd. v. Genband US LLC*, Case No. 2:14-CV-744-JRG-RSP, 2016 WL 3618831, at *2 (E.D. Tex. Mar. 1, 2016) (excluding "references to the type or character of the legal practice of all law firms representing parties in this case or to the number of attorneys, number of offices, location of offices, revenues, profits, or the number, nature or identity of other clients of the law firms.").

However, the order is particularly necessary in this action. In depositions, Defendant's counsel made volumes of disparaging comments about Plaintiff's prior attorneys, both while questioning and defending, in a manner that unambiguously violated the Local Rules concerning deposition objections and appears to have been a deliberate tactic. Defendant's counsel filled the pages of the deposition transcripts with interjections and speaking objections making reference to counsel, calling counsel "really unattractive," boasting, "I've had it from the best of them, and you're not," and making statements like "I guess I'm going to have to educate you," "You should have learned of more because you're supposed to be doing your job," and, when asked why she continued to make speaking objections, "I'm training, because obviously you haven't had any."

Indeed, Defendant's counsel, when told that Plaintiff's prior counsel had a hearing impairment, chose to mock that impairment stating: "I'm just really glad you don't work here," and "Oh, my God, are you like a human being?" A complete list of inappropriate statements and impermissible speaking objections by Defendant's counsel would be exceedingly long, but a partial except is submitted as Glunt Decl. Exhibit C.

Any disparaging reference to Plaintiff's attorneys, or the conduct or character of Plaintiff's attorneys, would be prejudicial and immaterial to the case at hand and would be contrary to the efficient administration of justice. Plaintiff has the right to appear through counsel and the counsel it has chosen and/or the terms on which its counsel have been retained have no bearing on the claims and defenses in this action.

As such, any such references to Plaintiff's attorneys or their retention should be excluded.

## V. PLAINTIFF'S ABILITY TO RAISE INVESTMENT CAPITAL

Plaintiff respectfully requests that the Court preclude witnesses and Defendant's counsel from making reference to Plaintiff's supposed breach of the License Agreement by reason of its failure to attempt to raise investment capital or its lack of success in doing so.

As the February 7, 2025 pretrial conference Defendant sought to exclude several of Plaintiff's witnesses who would testify concerning its capital raising efforts. Defendant claimed that these witnesses were unnecessary because it was not asserting these arguments:

```
We never said that we claim Full Circle violated the
license agreement by not getting money. We never said
they failed to try to get money. We have said they
failed to buy the lanes and to do the things that the
license agreement requires them to do in order to use
the trademark.

That being said, again, of course if we were to make
this point at trial they would have every right to
rebut it, I think at this point I'm trying to
streamline rather than increase this trial scope and
```

11

```
    the burden on the parties. So if Full Circle wants to
    reserve on this issue, I think that might be more
    productive since we're not going to say that at trial.
    And then they can decide if they want to use them as a
    rebuttal and we can take a quick couple of depositions
    at that point. My goal is to try to minimize all of
    this.
```

2/7 TR: 9:20-10:9. Accordingly, Plaintiff has since withdrawn the challenged witnesses. While Plaintiff has attempted to reach a stipulation to confirm Defendant's positions expressed at the conference, Defendant has declined to do so. As a matter of basic fairness and candor toward the tribunal, Plaintiff respectfully requests that the Court hold Defendant to its word and require that it honor the specific representations it made at the pretrial conference.

## VI.     DISMISSED CLAIMS OR DEFENSES

Plaintiff respectfully requests that the Court preclude witnesses and Defendant's counsel from making reference to claims or defenses that have already been dismissed by the Court.

Dismissed claims or defenses have no relevance to the issues before the jury. Introducing facts or elements of dismissed claims into this matter would waste significant time and court resources and risk substantial juror confusion and/or undue prejudice. For this reason, courts in this Circuit regularly grant similar motions. *See e.g.*, *Gorbea v. Verizon New York, Inc.*, Case No. 11-CV-3758 KAM LB, 2014 WL 2916964, at *2 (E.D.N.Y. June 25, 2014) ("The previously dismissed claims, and evidence thereof, are not 'of consequence in determining the action' and therefore will be excluded."); *Dial Corp. v. News Corp.*, Case No. 13CV6802, 2016 WL 690868, at *2 (S.D.N.Y. Feb. 17, 2016) ("Plaintiffs' motion to exclude reference to claims that Plaintiffs voluntarily dismissed is granted. Courts in this Circuit have repeatedly issued *in limine* orders precluding this type of evidence.").

Accordingly, the Court should preclude any discussion of dismissed claims or defenses.

**VII.     DISCUSSIONS BY COUNSEL**

Plaintiff respectfully request that the Court preclude witnesses and Defendant's counsel from making reference to any discussions held between counsel during the pendency of this action, including discussions held during depositions conducted in this case. The questions and arguments advanced by counsel are not evidence and have no relevance to the claims or defenses at issue in this action. Accordingly, they should properly be excluded.

**VIII.    SETTLEMENT DISCUSSIONS**

Plaintiff respectfully requests that the Court preclude witnesses and Defendant's counsel from making reference to any settlement discussions held between the parties. Fed. R. Evid. 408 specifically provides that "conduct or a statement made during compromise negotiations about the claim--except when offered in a criminal case and when the negotiations related to a claim by a public office in the exercise of its regulatory, investigative, or enforcement authority."

Any reference to settlement discussions would fall within the scope of Fed. R. Evid. 408 and should be excluded.

**IX.     *IN LIMINE* MOTIONS OR RULINGS**

Plaintiff respectfully requests that the Court preclude witnesses and Defendant's counsel from making reference to any *in limine* motions or rulings by the Court. Plaintiff further requests that no comment or inquiry be made by Defendant or its attorneys suggesting or implying to the jury that Plaintiff has moved to prohibit certain proof, or that the Court has excluded proof of any particular matter. Such comments or testimony would be irrelevant to the claims or defenses at issue in this case and prejudicial to the orderly administration of justice.

**CONCLUSION**

Plaintiff respectfully requests that its motions be granted.

**Dated:**  New York, NY
February 28, 2025

                                           Respectfully submitted,

                                           MANDEL BHANDARI LLP
                                           80 Pine Street, 33rd Floor
                                           New York, New York 10005
                                           (212) 269-5600

                                       By:   /s/ Robert Glunt
                                                         Robert Glunt

                                           *Attorneys for Plaintiff*