# EXHIBIT 1

| From: | Robert Glunt |
|---|---|
| To: | Humphrey, Mark |
| Cc: | Rishi Bhandari; Evan Email Mandel; Lepera, Christine; Nietes, Andrew; Berkley, James |
| Subject: | Re: [EXTERNAL] Re: Bay Tek/FCU: Meet and Confer |
| Date: | Thursday, February 27, 2025 2:03:16 PM |
| Attachments: | 2025-2-27 Full Circle Witness List w_ Bay Tek Objections.docx |
| | 2025-2-27 FCU Depo Designations and Bay Tek Objections and Counters.docx |

Mark -

We're still finalizing which exhibits we plan to remove, but should have that for you early tomorrow. We aren't renaming or renumbering and don't currently have plans to add anything. We also see no reason to revise the language of the order itself, though we obviously reserve the right to do so should Defendant edit its portions.

I'm attaching Plaintiff's revised witness list and revised deposition designations. We've left your prior objections in, but obviously let us know if you have changes. Note that we've removed Goldman, Jacobs, and Kraus as witnesses.

In the interests of time, I'm not going to respond point by point to your statement concerning investment capital or correct your characterization of our conversation except to say that I don't think that we're going to reach agreement and that our motion will speak for itself.

Please advise when we'll have final versions of Defendant's materials.

Best regards,

Rob Glunt


On Wed, Feb 26, 2025 at 4:31 PM Humphrey, Mark <mxh@msk.com> wrote:

> Rob:
>
> Good to speak with you as well. Thanks for providing the information about the MILs you intend to file. With respect to all of them (save for one that I will explain below), we will reserve the right to oppose pending our review of what you ultimately file.
>
> **MIL Regarding "[r]eferences to Plaintiff's ability or success in raising investment capital"**
>
> On our recent call I asked if you would clarify the intended scope of testimony listed vaguely in the PTO from Mr. Jacobs and Mr. Kraus. You would not so clarify. In addition, you repeated your unfounded assertions regarding what was stated at the court conference, claiming we needed to revisit your proposed stipulations on the subject before you gave us any further information on these witnesses. After the call we again reviewed your proposed stipulations, and confirmed again that they are entirely inaccurate and not reflective of our position stated before the Court. We suggest that you read the transcript, which you said you did not do, and as we have done, and review again our February 17 and February 19 emails which accurately reflect our position, including what was stated at the conference. Accordingly, please cease from making misrepresentations as to our statements to the Court, including in your planned motion (which we intend to oppose).
>
> On a related point, we recently found multiple photos of Mr. Jacobs on your client's website in which he is actively participating in the tarnishment of the Mark; we will be adding these photos to our exhibit list and intend to use them at trial regardless of whether Mr. Jacobs testifies. The intended exhibits are available for download at the below FTP link:
>
> Click the following link to download your file(s).
>
> Click to Retrieve File(s)
>
> Full Circle United v. Bay Tek Entertainment.zip
>
> If the above link is not clickable, copy and paste the following URL into your browser.
>
> https://www.sendthisfile.com/CYDrNCbI5eaAWo5gfcfoOdQ8

1

Note: These files will expire in 14 days from the time this email was generated.

Here are some examples of the photos:





**Depositions**

Please provide some proposed dates on which Mr. Kraus and Mr. Jacobs are available to be deposed, and please advise where they reside. Please also confirm whether you will be representing them.  In addition, please let us know your position on whether you will be producing all communications amongst or between (1) your clients (or their representatives) and Mr. Jacobs, (2) your clients (or their representatives) and Mr. Kraus, (3) your clients (or their representatives) and both Mr. Jacobs and Mr. Kraus; and (4) Mr. Jacobs and Mr. Kraus themselves.

Separately, I have spoken with our investigators and should have both of their availability for deposition by tomorrow.

**Videos and Potential Stipulations**

Rishi noted on our call that prior to the filing of the last PTO, you had presented two options for stipulations that referenced the videos.  Of those, Option 1 was a non-starter, but Rishi asked that we revisit Option 2.  We have done so, and our position has not changed; the stipulations in Option 2 do not address all of the necessary information regarding the videos, and even if we did agree to them we would still need to include all of the videos on our exhibit list.  We will therefore be including the videos on our list, as described in the last PTO filing.

**Exchange of PTO Drafts**

We would like to propose that the parties exchange updated drafts of their portions of the PTO at 5:00 p.m. ET tomorrow.  Please let us know if that works for you.

Bay Tek continues to reserve all rights.

Best,

Mark



**Mark Humphrey ( He/Him )** | **Partner**

T: 310.312.3265 | mark.humphrey@msk.com

**Mitchell Silberberg & Knupp LLP** | **www.msk.com**

2049 Century Park East, 18th Floor, Los Angeles, CA 90067

THE INFORMATION CONTAINED IN THIS E-MAIL MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS. THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION, AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT AN INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY REVIEW, USE, DISSEMINATION, FORWARDING OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. PLEASE NOTIFY US IMMEDIATELY BY REPLY E-MAIL OR TELEPHONE, AND DELETE THE ORIGINAL MESSAGE AND ALL ATTACHMENTS FROM YOUR SYSTEM. THANK YOU.

**From:** Robert Glunt <glunt@mandelbhandari.com>
**Sent:** Wednesday, February 26, 2025 10:25 AM
**To:** Rishi Bhandari <rb@mandelbhandari.com>
**Cc:** Humphrey, Mark <mxh@msk.com>; Evan Email Mandel <em@mandelbhandari.com>; Lepera, Christine <ctl@msk.com>; Nietes, Andrew <afn@msk.com>
**Subject:** Re: [EXTERNAL] Re: Bay Tek/FCU: Meet and Confer

Mark -

It was good to speak with you on Monday.  Let us know if Defendant has any position and/or proposals concerning stipulations.

With respect to in limine motions, in addition to some of the documents that we've objected to, we're also planning to move to preclude the following:

- References to other (or past) litigation;
- References to any criminal history of any witnesses except as allowed under 609.
- References to attorneys or their retention
- References to Plaintiff's ability or success in raising investment capital
- References to dismissed claims or defenses;

- References to discussions by counsel during pendency of litigation;
- References to settlement discussion
- References to in limine motions or rulings.

I don't think that any of this is terribly controversial, so if you think that we could reach agreement on any of these issues, let me know. Alternatively, if Defendant is seeking to move in limine on any issues not set forth in your prior emails, please let us know.

Best regards,

Rob Glunt

On Mon, Feb 24, 2025 at 9:27 AM Rishi Bhandari <rb@mandelbhandari.com> wrote:

> That works for a call today. Here's a dial in number we can use. 646-612-7225. No pass code needed.
>
> On Fri, Feb 21, 2025, 1:44 PM Humphrey, Mark <mxh@msk.com> wrote:
>
>> How about 11 PT/2 ET?
>>
>> 
>>
>> **Mark Humphrey ( He/Him ) | Partner**
>>
>> T: 310.312.3265 | mark.humphrey@msk.com
>>
>> **Mitchell Silberberg & Knupp LLP | www.msk.com**
>>
>> 2049 Century Park East, 18th Floor, Los Angeles, CA 90067
>>
>> THE INFORMATION CONTAINED IN THIS E-MAIL MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS. THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION, AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT AN INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY REVIEW, USE, DISSEMINATION, FORWARDING OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. PLEASE NOTIFY US IMMEDIATELY BY REPLY E-MAIL OR TELEPHONE, AND DELETE THE ORIGINAL MESSAGE AND ALL ATTACHMENTS FROM YOUR SYSTEM. THANK YOU.
>>
>> **From:** Rishi Bhandari <rb@mandelbhandari.com>
>> **Sent:** Thursday, February 20, 2025 12:29 PM
>> **To:** Humphrey, Mark <mxh@msk.com>
>> **Cc:** Robert Glunt <glunt@mandelbhandari.com>; Evan Email Mandel <em@mandelbhandari.com>; Lepera, Christine <ctl@msk.com>; Nietes, Andrew <afn@msk.com>
>> **Subject:** Re: [EXTERNAL] Re: Bay Tek/FCU: Meet and Confer
>>
>> I can talk on Monday afternoon let me know what times work for you.
>>
>> On Thu, Feb 20, 2025, 3:26 PM Humphrey, Mark <mxh@msk.com> wrote:
>>
>>> Rishi:

Please let us know if you have time for a call tomorrow or Monday latest.  We can discuss the issues below, including the depositions.  Please let us know in advance if there are other matters you wish to raise.

Thanks,

Mark



**Mark Humphrey ( He/Him )** | **Partner**

T: 310.312.3265 | mark.humphrey@msk.com

**Mitchell Silberberg & Knupp LLP** | **www.msk.com**

2049 Century Park East, 18th Floor, Los Angeles, CA 90067

THE INFORMATION CONTAINED IN THIS E-MAIL MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS. THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION, AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT AN INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY REVIEW, USE, DISSEMINATION, FORWARDING OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. PLEASE NOTIFY US IMMEDIATELY BY REPLY E-MAIL OR TELEPHONE, AND DELETE THE ORIGINAL MESSAGE AND ALL ATTACHMENTS FROM YOUR SYSTEM. THANK YOU.

**From:** Humphrey, Mark
**Sent:** Wednesday, February 19, 2025 10:35 AM
**To:** 'Rishi Bhandari' <rb@mandelbhandari.com>
**Cc:** Robert Glunt <glunt@mandelbhandari.com>; Evan Email Mandel <em@mandelbhandari.com>; Lepera, Christine <ctl@msk.com>; Nietes, Andrew <afn@msk.com>
**Subject:** RE: [EXTERNAL] Re: Bay Tek/FCU: Meet and Confer

Rishi:

I addressed your question in the final paragraph of my email, and we still would like to know why you're making this request. As I said, we're not negotiating rates with you, and we do not know who will be taking the depositions yet. So your question is a non-sequitur.

As an addendum to my last email, while we believe it is self-evident, issues with respect to FCU's financial status are obviously front and center with respect to the lost profits claim and Bay Tek's *Daubert* motion.

-Mark

**Mark Humphrey ( He/Him )** | Partner

T: 310.312.3265 | mark.humphrey@msk.com

**Mitchell Silberberg & Knupp LLP** | www.msk.com

2049 Century Park East, 18th Floor, Los Angeles, CA 90067

THE INFORMATION CONTAINED IN THIS E-MAIL MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS. THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION, AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT AN INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY REVIEW, USE, DISSEMINATION, FORWARDING OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. PLEASE NOTIFY US IMMEDIATELY BY REPLY E-MAIL OR TELEPHONE, AND DELETE THE ORIGINAL MESSAGE AND ALL ATTACHMENTS FROM YOUR SYSTEM. THANK YOU.

**From:** Rishi Bhandari <rb@mandelbhandari.com>
**Sent:** Wednesday, February 19, 2025 10:25 AM
**To:** Humphrey, Mark <mxh@msk.com>
**Cc:** Robert Glunt <glunt@mandelbhandari.com>; Evan Email Mandel <em@mandelbhandari.com>; Lepera, Christine <ctl@msk.com>; Nietes, Andrew <afn@msk.com>
**Subject:** Re: [EXTERNAL] Re: Bay Tek/FCU: Meet and Confer

Mark,

This is the third time I've asked you. Please let me know your rates for deposing Jacobs and Kraus so we can tell our client.

Best regards,

Rishi

On Wed, Feb 19, 2025, 12:15 PM Humphrey, Mark <mxh@msk.com> wrote:

> Rob:
>
> We agree we should have a discussion, and had proposed that as well. The point in asking for your position on these matters was to come into a discussion with some idea of where things stand, and to evaluate where things are at an impasse to better facilitate the discussion. Thank you for responding to our email from Thursday with some substance yesterday.
>
> I will respond in line to your specific comments below.
>
> - We will not stipulate to the admissibility of exhibits FB-FM.  Let us know when your witnesses can be available for deposition.
>
>   **We will get in touch with them and get back to you on this issue.**
>
> - Bay Tek already requested that the court decide its motions in limine prior to the submission of a new pretrial order.  The request was denied.  FCU's position is that we should follow the court's instructions and respect its rulings rather than seek to relitigate them.
>
>   **That is not where it landed. We have reviewed the transcript and suggest you do as well. We did ask for that sequence, and Judge Cogan said he thought having both the motions and Joint PTO due on 2/28 would give the parties a chance to discuss exhibits and think about what they would like to withdraw. However, he also**

7

**acknowledged he wasn't confident he could predict the most efficient way to proceed, and said that if in the course of our discussions we came to different opinions as to how to tee it up, to let him know, and he said he would reconsider his position. So we will ask you again whether you'll agree to change the order of the MILs and the Joint PTO deadline. The point is that a great number of exhibits – largely on your list – relate to our MIL on custom lanes.**

- We think that discussing the order of witnesses before we have a firm trial date is premature. We will obviously work to accommodate witness schedules to the extent practicable.

**We disagree that this is premature, as the Court has set a June 16 trial date. Given that both sides have designated the same witnesses, we should address sooner rather than later, as it is more than a matter of scheduling. We can discuss in our call.**

- FCU understands that the court ruled that streaming was a breach of the License Agreement and will not be relitigating that ruling.

**You have not answered the question—are you going to remove the PTO statement about Bay Tek not agreeing to the purported ESPN deal being a breach of the best efforts clause? Please advise so that we know whether to move in limine.**

- We absolutely intend to assert that Bay Tek violated its best efforts obligations through, *inter alia*, its refusal to authorize the use of "SKEE-BALL LIVE."

- We absolutely intend to assert that Bay Tek violated its best efforts obligations through its failure to promote FCU's licensed uses of the SKEE-BALL mark.

- With respect to stipulations, we sent you two proposed drafts that you never responded to. If you have an actual proposal, you should make it.

   **If you're referring to the stipulations that were previously exchanged before the Joint PTO filing, the parties were not able to come to an agreement. If it's the most recent ones you sent regarding the purported third party witnesses and FCU's investment efforts, we responded to those and set out clearly how the proposed stipulations misrepresent what was discussed at the conference and our position.**

   **As for the video stipulations, as you know, FCU refused to stipulate to the basic facts as to what the videos are, notwithstanding its sworn interrogatory answers, unless Bay Tek agreed to add a "stipulation" that FCU wanted to include suggesting acquiescence by Bay Tek to livestreaming, with which we do not agree and which is contrary to the ruling of the Court finding a breach as a matter of law and rejecting FCU's defenses. Accordingly, if FCU is prepared to agree to the basic facts about the videos, great. If not, we will have the relevant separate videos admitted and obtain the undisputable facts from your client. We may play particular videos or portions for the jury, but this will depend a great deal on Mr. Pavony's testimony.**

- Finally, it sounds like you will be challenging FCU's ability to raise money and/or obtain financing. When will you be correcting your statements to the court?

   **We again suggest you review the transcript. There is nothing to correct.**

   **What was said to the Court is precisely what we said in more detail to you in response to your stipulations. As you know from our statement of claim, we are not claiming FCU breached the best efforts clause in the License Agreement by failing to get investments for custom lanes. (FCU breached the License Agreement in myriad other ways, as we have pled). And if we did have such a claim, your witnesses would be in the nature of rebuttal, assuming they had any relevant testimony.**

   **As we trust you know, there is a difference between *not claiming* a breach of the best efforts clause for failing to get investment money (for whatever), and affirmatively agreeing to your proposed stipulations that actually applaud FCU's conduct and satisfaction of the "best efforts" clause in the License Agreement. We will not agree to that, as FCU breached the best efforts clause in numerous other ways as we have repeatedly stated, and as such best efforts was never satisfied.**

   **On the defense side on the other hand, your (baseless) claim against Bay Tek for breach of the best efforts clause makes FCU's status—including its operations and the reality of its financial picture—highly relevant as to Bay Tek's good faith decisions regarding further dealings with your client. This is a separate issue. We also noted in the conference that FCU never obtained any investments, which is an undisputed fact.**

**At bottom, as the Court noted, if we do not agree on stipulations then we may move forward with third-party depositions. As to Rishi's question regarding hourly rates, we are not sure the purpose of the request; is there a suggestion that whether the depositions will go forward depends thereon? We are not negotiating rates.**

Best,

Mark



**Mark Humphrey ( He/Him )** | **Partner**

T: 310.312.3265 | mark.humphrey@msk.com

**Mitchell Silberberg & Knupp LLP** | **www.msk.com**

2049 Century Park East, 18th Floor, Los Angeles, CA 90067

THE INFORMATION CONTAINED IN THIS E-MAIL MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS. THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION, AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT AN INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY REVIEW, USE, DISSEMINATION, FORWARDING OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. PLEASE NOTIFY US IMMEDIATELY BY REPLY E-MAIL OR TELEPHONE, AND DELETE THE ORIGINAL MESSAGE AND ALL ATTACHMENTS FROM YOUR SYSTEM. THANK YOU.

**From:** Robert Glunt <glunt@mandelbhandari.com>
**Sent:** Tuesday, February 18, 2025 6:21 AM
**To:** Humphrey, Mark <mxh@msk.com>
**Cc:** Rishi Bhandari <rb@mandelbhandari.com>; Evan Email Mandel <em@mandelbhandari.com>; Lepera, Christine <ctl@msk.com>; Nietes, Andrew <afn@msk.com>
**Subject:** Re: [EXTERNAL] Re: Bay Tek/FCU: Meet and Confer

Mark -

We still think that it's more productive to have a genuine discussion about issues, but if you're simply looking to get positions, you can certainly have them. In rough order of appearance:

- We will not stipulate to the admissibility of exhibits FB-FM.  Let us know when your witnesses can be available for deposition.

- Bay Tek already requested that the court decide its motions in limine prior to the submission of a new pretrial order.  The request was denied.  FCU's position is that we should follow the court's instructions and respect its rulings rather than seek to relitigate them.

- We think that discussing the order of witnesses before we have a firm trial date is premature.  We will obviously work to accommodate witness schedules to the extent practicable.

- FCU understands that the court ruled that streaming was a breach of the License Agreement and will not be relitigating that ruling.

- We absolutely intend to assert that Bay Tek violated its best efforts obligations through, *inter alia*, its refusal to authorize the use of "SKEE-BALL LIVE."

- We absolutely intend to assert that Bay Tek violated its best efforts obligations through its failure to promote FCU's licensed uses of the SKEE-BALL mark.

- With respect to stipulations, we sent you two proposed drafts that you never responded to.  If you have an actual proposal, you should make it.

- Finally, it sounds like you will be challenging FCU's ability to raise money and/or obtain financing. When will you be correcting your statements to the court?

Best regards,

Rob Glunt

On Mon, Feb 17, 2025 at 3:45 PM Humphrey, Mark <mxh@msk.com> wrote:

> Rob:
>
> We ask you again to respond to the questions set forth in our email below, before we speak, including related to the sequencing of MILs and the pretrial order filing (as MIL rulings could affect a substantial number of exhibits), the order of witnesses, and FCU's positions stated in the last Joint PTO regarding the grounds for its claim.
>
> With respect to the proposed stipulations in your email, they are not accurate and do not reflect the issues we discussed at the conference. They reflect again the conflation of customized Skee-Ball lanes with the License Agreement, where it has no place—the License Agreement applies solely to standard lanes.
>
> To be clear, Bay Tek is not claiming that FCU violated the best efforts clause of the License Agreement by failing to raise money to obtain customized alley rollers, with the goal of building a new business for itself. FCU has no right to use the Mark under the License Agreement for same, and instead is obligated to purchase standard lanes manufactured by Bay Tek. Accordingly, because FCU has no right to use the Mark on custom lanes under the License Agreement, an effort to get investment money for same could not be an obligation under the License Agreement.
>
> Bay Tek's position instead is that FCU violated the License Agreement in a myriad of ways, including the best efforts clause, by intentionally choosing not (and indeed refusing) to buy any standard lanes for nearly a decade, and intentionally refusing and failing to use the Mark as allowed under the License Agreement. FCU instead chose to work to achieve and promote its own agenda and ambitions rather than promote the limited rights granted to it under the License Agreement, to both Bay Tek's and the Mark's detriment.
>
> FCU's financial picture and operational status do, however, relate to Bay Tek's concerns with respect to its dealings with FCU on FCU's proposed new venture, and Bay Tek's good faith business decision-making.
>
> If you would like us to craft stipulations along these lines, we will make an effort to do so. Please let us know. In all events, however, if you still insist on calling Mr. Kraus and Mr. Jacobs, we will take the depositions and continue to object to their relevance.
>
> Given the outstanding issues it probably makes more sense for us to talk on Wednesday. Please let us know a time that works for you.
>
> Best,

Mark



**Mark Humphrey ( He/Him )** | **Partner**

T: 310.312.3265 | mark.humphrey@msk.com

**Mitchell Silberberg & Knupp LLP** | **www.msk.com**

2049 Century Park East, 18th Floor, Los Angeles, CA 90067

THE INFORMATION CONTAINED IN THIS E-MAIL MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS. THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION, AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT AN INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY REVIEW, USE, DISSEMINATION, FORWARDING OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. PLEASE NOTIFY US IMMEDIATELY BY REPLY E-MAIL OR TELEPHONE, AND DELETE THE ORIGINAL MESSAGE AND ALL ATTACHMENTS FROM YOUR SYSTEM. THANK YOU.

**From:** Robert Glunt <glunt@mandelbhandari.com>
**Sent:** Friday, February 14, 2025 10:10 AM
**To:** Humphrey, Mark <mxh@msk.com>
**Cc:** Rishi Bhandari <rb@mandelbhandari.com>; Evan Email Mandel <em@mandelbhandari.com>; Lepera, Christine <ctl@msk.com>; Nietes, Andrew <afn@msk.com>
**Subject:** Re: [EXTERNAL] Re: Bay Tek/FCU: Meet and Confer

Mark -

We can be available on Tuesday for a call. Let us know what time works best for you.

On Jacobs and Kraus, we intend to call them unless we can reach a stipulation on the investment issue. Based on what you folks said at the conference, it seems like this should be fairly straightforward. We would propose the following stipulations.

1. Bay Tek does not dispute that FCU engaged in best efforts to raise money or secure financing to carry out its obligations under the License Agreement.

2. Bay Tek does not dispute FCU's ability to raise money or secure financing to purchase Skee-Ball lanes.

3. Bay Tek does not dispute FCU's ability to raise money or secure financing to carry out any and all other activities that would promote licensed use of the Skee-Ball mark under the Licensing Agreement.

We're happy to discuss the other matters on Tuesday.

Best regards,

Rob Glunt

On Thu, Feb 13, 2025 at 12:57 PM Humphrey, Mark <mxh@msk.com> wrote:

Rishi:

In order to move this process along more efficiently, please respond to the below at your earliest convenience. We can have a follow up call next week to discuss further.

Please also provide us with an email outlining any requests you would like us to consider as well in advance of that call so we may address same.

**Witnesses**

If FCU still intends to seek to call Andrew Jacobs and Jeramiah Kraus, please provide us with proposed deposition dates.

If FCU will stipulate to the admissibility of Bay Tek's current Exs. FB-FM, Bay Tek will remove Miles Williams and Anthony Chan from its witness list. Alternatively, Bay Tek intends to call them for the relevant points raised at the conference, and recognizes FCU would be entitled to depose them.

**Bay Tek's Pending Motion in Limine**

There are a large number of FCU proposed exhibits subject to Bay Tek's currently pending motion in limine (ECF Nos 240-242). A ruling on that motion will determine the admissibility of those documents and better define the scope of the evidence on an Amended PTO. Judge Cogan indicated he was open to changing the sequence of the in limine motions and Amended PTO if the parties requested same. Please let us know if you would be amenable to submitting a joint request that at least this motion be determined prior to submitting the Amended PTO.

**Order of the Witnesses**

We would like to address the order of witnesses given the designation of the same witnesses on both of our lists. Please let us know if you have any thoughts on this in advance of our call so that we may consider your position.

**FCU's Stated Grounds For Alleged Breach of "Best Efforts" Clause and In Limine Motions**

> (1) FCU has identified one of the purported grounds for this claim as "Bay Tek's refus[al] to consent to the broadcast of Live Play of Skee-Ball tournaments on ESPN." The Court ruled as a matter of law that streaming and broadcast of Live Play is "patently outside the rights conferred" in the License Agreement (ECF 193 at 19). FCU's stated ground runs directly contrary to that ruling. Please advise if you intend to continue to press this point, in which event Bay Tek will seek

an in limine ruling.

(2) As you know, the Court ruled as a matter of law that FCU breached the License Agreement by livestreaming Live Play, thus determining any defenses FCU raised (or waived) were unavailing as a matter of law, including purported waiver and acquiescence. Please confirm that FCU is not seeking to introduce any purported evidence in support of any such defenses it had raised to that claim, so that Bay Tek may determine whether an in limine motion is necessary.

(3) As shown in Bay Tek's Exhibits FJ and FM, FCU continues to use the mark SKEE-BALL LIVE through present, contrary to its assertion that Bay Tek prevented it from such use. Please advise whether FCU intends to continue to assert that Bay Tek's purported "[d]emand[] that FCU cease and desist from using the phrase 'Skee-Ball Live'" constituted a breach of the best efforts clause.

(4) Finally, as you know, the record in this case establishes that after it was brought to Bay Tek's attention that a style guide from early 2016 did not reference FCU, FCU was added to the list of licensees in an updated style guide issued later the same year. *See* H. Hampton Deposition at 239:20-245:22. Please advise whether FCU nonetheless intends to assert (falsely) that Bay Tek's purported "[f]ail[ure] to identify FCU as a Skee-Ball licensee along with other licensees in BTE's Skee-Ball style guide for branding and license initiatives" constituted a breach of the best efforts clause.

**Stipulations Regarding Streaming Evidence**

Please advise whether you will reconsider our proposed stipulations regarding FCU's Twitch videos; we will send them to you again tomorrow, this time broken down into two sections – one for the facts surrounding the streams (*i.e.*, when they occurred, where the underlying events took place, etc.) and the second regarding the content.

We would suggest speaking next Tuesday.

Best,

Mark



**Mark Humphrey ( He/Him ) | Partner**

T: 310.312.3265 | mark.humphrey@msk.com

**Mitchell Silberberg & Knupp LLP | www.msk.com**

2049 Century Park East, 18th Floor, Los Angeles, CA 90067

THE INFORMATION CONTAINED IN THIS E-MAIL MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS. THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION, AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT AN INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY REVIEW, USE, DISSEMINATION, FORWARDING OR COPYING OF THIS MESSAGE IS

STRICTLY PROHIBITED. PLEASE NOTIFY US IMMEDIATELY BY REPLY E-MAIL OR TELEPHONE, AND DELETE THE ORIGINAL MESSAGE AND ALL ATTACHMENTS FROM YOUR SYSTEM. THANK YOU.

**From:** Rishi Bhandari <rb@mandelbhandari.com>
**Sent:** Wednesday, February 12, 2025 10:08 AM
**To:** Humphrey, Mark <mxh@msk.com>
**Cc:** Evan Email Mandel <em@mandelbhandari.com>; Robert Glunt <glunt@mandelbhandari.com>; Lepera, Christine <ctl@msk.com>; Nietes, Andrew <afn@msk.com>
**Subject:** Re: [EXTERNAL] Re: Bay Tek/FCU: Meet and Confer

I assume there's nothing to discuss in connection with the PTO today. Let me know if you have any stipulations you'd like in lieu of calling any particular witnesses and I'll let you know if we have stipulations we'd like to memorialize by Friday.

On Mon, Feb 10, 2025, 3:50 PM Rishi Bhandari <rb@mandelbhandari.com> wrote:

> As far as I can tell, we are going to independently decide whether or not to remove exhibits from our exhibit list. I don't think we need to meet and confer about that.
>
> We are also going to decide whether we are going to remove any witnesses from our witness list. To that end, if we have any stipulations that we would like you to agree to in order to remove someone from our witness list, we'll let you know.  Similarly, if you have any stipulations that you want us to agree to in order to remove someone from your witness list, please let us know.
>
> Is there anything else you think we need to discuss? If so, please let us know.
>
> I'm happy to meet and confer with you about anything we need to do discuss but, at this point, I'm not sure what that would be. But, if there is something to discuss, I can talk on Wednesday afternoon.
>
> On Mon, Feb 10, 2025, 3:33 PM Humphrey, Mark <mxh@msk.com> wrote:
>
>> Rishi:
>>
>> The judge has ordered us to file an Amended Joint PTO, so we want to generally discuss what we need to do to get that in shape, along with the related issues he brought up.  I have had something come up tomorrow, and am unavailable Friday, so Wednesday or Thursday would work best on our end.  Please let us know what works for you.
>>
>> -Mark
>>
>> **Mark Humphrey ( He/Him )** | Partner
>>
>> T: 310.312.3265 | mark.humphrey@msk.com
>>
>> **Mitchell Silberberg & Knupp LLP** | www.msk.com
>>
>> 2049 Century Park East, 18th Floor, Los Angeles, CA 90067

14

THE INFORMATION CONTAINED IN THIS E-MAIL MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS. THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION, AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT AN INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY REVIEW, USE, DISSEMINATION, FORWARDING OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. PLEASE NOTIFY US IMMEDIATELY BY REPLY E-MAIL OR TELEPHONE, AND DELETE THE ORIGINAL MESSAGE AND ALL ATTACHMENTS FROM YOUR SYSTEM. THANK YOU.

**From:** Rishi Bhandari <rb@mandelbhandari.com>
**Sent:** Monday, February 10, 2025 11:52 AM
**To:** Humphrey, Mark <mxh@msk.com>
**Cc:** Evan Email Mandel <em@mandelbhandari.com>; Robert Glunt <glunt@mandelbhandari.com>; Lepera, Christine <ctl@msk.com>; Nietes, Andrew <afn@msk.com>
**Subject:** [EXTERNAL] Re: Bay Tek/FCU: Meet and Confer

Let us know what, specifically, you'd like to meet and confer about and we can set up a time to talk.

On Mon, Feb 10, 2025, 12:17 PM Humphrey, Mark <mxh@msk.com> wrote:

> Counsel:
>
> As Christine noted in her email, we would like to set up a call within the next day or so to discuss the Amended Joint PTO and other issues raised by the conference with Judge Cogan. Please let us know your availability.
>
> Best,
>
> Mark
>
> **Mark Humphrey ( He/Him ) | Partner**
>
> T: 310.312.3265 | mark.humphrey@msk.com
>
> **Mitchell Silberberg & Knupp LLP | www.msk.com**
>
> 2049 Century Park East, 18th Floor, Los Angeles, CA 90067
>
> THE INFORMATION CONTAINED IN THIS E-MAIL MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS. THIS MESSAGE MAY BE AN ATTORNEY-CLIENT COMMUNICATION, AND AS SUCH IS PRIVILEGED AND CONFIDENTIAL. IF THE READER OF THIS MESSAGE IS NOT AN INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY REVIEW, USE, DISSEMINATION, FORWARDING OR COPYING OF THIS MESSAGE IS STRICTLY PROHIBITED. PLEASE NOTIFY US IMMEDIATELY BY REPLY E-MAIL OR TELEPHONE, AND DELETE THE ORIGINAL MESSAGE AND ALL ATTACHMENTS FROM YOUR SYSTEM. THANK YOU.