

Mark C. Humphrey
Partner
(310) 312-3265 Phone
(310) 231-8315 Fax
mxh@msk.com

March 20, 2025

**VIA ECF ONLY**

Hon. Brian M. Cogan, U.S.D.J.
U.S. District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re:    Full Circle United, LLC v. Bay Tek Entm't, Inc., No. 1:20-cv-03395-BMC**

Dear Judge Cogan:

We write as counsel for Bay Tek Entertainment, Inc. ("Bay Tek") in connection with the previously filed Second Amended Joint Pretrial Order. ECF No. 263 (the "PTO"). For reasons that arose after the filing of the PTO, Bay Tek respectfully requests that the Court permit substitution of the attached documents into the already-filed Second Amended Joint Pretrial Order (which has not yet been signed and entered) by whatever means the Court would prefer.

The attached documents are revised versions of Bay Tek's Witness List (Exhibit 2 to the PTO) and Exhibit List (Exhibit 6 to the PTO). The only changes being made are to remove from the Witness List Miles Williams and Anthony Chan, two investigators Bay Tek was intending to call to support allegations of ongoing trademark infringement, and to remove Exhibits EI-ET (photos and still images of video taken by the two investigators) from the Exhibit List. Each document includes redlines showing the alterations from the currently filed versions (ECF No. 262-2 and ECF No. 263-6).

As the Court knows, Full Circle United, LLC and Eric Pavony (collectively, "FCU") have objected to the inclusion of Mr. Williams and Mr. Chan on Bay Tek's witness list (*see* ECF No. 262-2 at 3-4) and to Bay Tek's Exhibits EI-ET. At the pre-trial conference held on February 7, 2025, the Court ruled that Mr. Williams and Mr. Chan could be called at trial by Bay Tek following their deposition by FCU's counsel, at Bay Tek's expense. The depositions have not yet occurred and were noticed for the first week of April.

Among the reasons for this decision were Bay Tek's concerns about the ultimate cost of having both witnesses deposed at its expense. In particular, Bay Tek would be paying the fees not only of its own counsel for two depositions, but also that of FCU's counsel.[1] After considering the

---

[1] FCU's counsel proffered a billing rate of $1,200 per hour, which Bay Tek did not wish to incur additional time and expense negotiating or challenging.



cost issue and other matters, Bay Tek determined that it would not call Mr. Williams or Mr. Chan or use Exhibits EI-ET at trial.

To the extent the Court wishes to hear further explanation regarding Bay Tek's decision not to call these two witnesses or use the identified evidence, Bay Tek will disclose such information *in camera*, as such would involve disclosure of privileged communications.

On March 18, 2025, counsel for Bay Tek contacted counsel for FCU seeking its consent to the above-referenced substitution to the Second Amended Joint Pretrial Order. FCU's counsel did not indicate whether it consented to or opposed the substitution. On March 19, 2025, counsel for Bay Tek provided copies of the proposed documents to be substituted. FCU's counsel stated that they were not able to substantively review the documents until the following morning, and requested a copy of the letter Bay Tek intended to submit to the Court. On March 20, 2025, Bay Tek provided a draft copy of this letter to FCU's counsel per their request. FCU's counsel has stated that it needs until March 26, 2025 to respond to this letter.

We thank the Court for consideration of this matter.

Respectfully,

*/s/ Mark C. Humphrey*

Mark C. Humphrey
Partner of
MITCHELL SILBERBERG & KNUPP LLP

MCH/szm