# EXHIBIT 2 TO JOINT PRETRIAL ORDER
# BAY TEK'S WITNESS LIST

Bay Tek Entertainment, Inc. ("Bay Tek") hereby submits the following list of witnesses it intends to call at the trial in this matter. The identified Bay Tek fact and rebuttal witnesses[1] and, if required, expert rebuttal witness will appear live. Eric Pavony, Eric Wikman, and Erik Cooper will testify live. These are not necessarily in order, including because the Court may require case in chief testimony to be taken on cross. The following list is followed by a table listing the basis for any objection by Full Circle to these identified witness's testimony. Bay Tek reserves the right to amend and/or supplement this list as necessary

1. **Eric Pavony (hostile):** Mr. Pavony is the owner and sole member of Plaintiff and Counterclaim Defendant Full Circle United, LLC ("FCU"), and the owner or co-owner of affiliated entities Full Circle Bar LLC and Extra Positive Land LLC. Mr. Pavony's expected testimony includes matters such as the operation and management of FCU and its affiliated entities; the failure of FCU to uphold its best efforts obligations under the License Agreement; FCU's several other breaches of the License Agreement; FCU's infringement, disparagement, and dilution of the Skee-Ball® trademark (the "Skee-Ball Mark"); the good faith of Bay Tek's performance under the License Agreement; his ownership and control over FCU, Full Circle Bar, and Extra Positive Land LLC; and his individual liability for Bay Tek's trademark related claims.

2. **Eric Wikman (hostile):** Mr. Wikman is a "consultant" to FCU and a co-owner with Mr. Pavony of Extra Positive Land, LLC. Mr. Wikman's expected testimony includes matters such as the operation and finances of FCU; the failure of FCU to uphold its best efforts obligations under the License Agreement; FCU's several other breaches of the License Agreement; FCU's infringement, disparagement, and dilution of the Skee-Ball®

---

[1] While Pat Scanlan and Eric Schadrie are only being offered as rebuttal witnesses, Bay Tek has included them on this list with that clarification in light of the Court's position expressed at the February 7, 2025 conference regarding use of witnesses at trial. Bay Tek reserves the right to withdraw both witnesses, and may do so depending upon the Court's decision on Bay Tek's pending Motion *in Limine* regarding the Custom Lanes issue.

Mark; the good faith of Bay Tek's performance under the License Agreement; and Eric Pavony's ownership and control of FCU and Extra Positive Land, LLC.

3. **Eric Cooper (hostile):** Mr. Cooper is another "consultant" to FCU who also is a co-owner of Extra Positive Land, LLC. Mr. Cooper's expected testimony includes matters such as FCU's lack of procedures for maintaining its quality control obligations under the License Agreement; the failure of FCU to uphold its best efforts obligations under the License Agreement; FCU's several other breaches of the License Agreement; FCU's infringement, disparagement, and dilution of the Skee-Ball® Mark; the good faith of Bay Tek's performance under the License Agreement; and Eric Pavony's ownership and control of FCU and Extra Positive Land, LLC.

4. **Holly Hampton:** Ms. Hampton is Bay Tek's Vice President and formerly was Bay Tek's Director of Innovation. Ms. Hampton's expected testimony includes matters such as Bay Tek's fulfillment of its obligations under the License Agreement; Bay Tek's business judgment and decisions relative to its dealings and interactions with FCU; Bay Tek's history of experience and interactions with FCU; FCU's conduct in breach of the License Agreement; the value, goodwill, and Bay Tek's exploitation of the "Skee-Ball"® Trademark and brand; and FCU's and Pavony's wrongful actions and conduct harmful to that Mark and brand**.**

5. **Larry Treankler:** Mr. Treankler previously was Chairman/CEO of Bay Tek. Mr. Treankler's expected testimony includes matters such as Bay Tek's acquisition of the Skee-Ball Mark; Bay Tek's actions under and fulfillment of its obligations under the License Agreement; Bay Tek's business judgment and decisions relative to its dealings and interactions with FCU; Bay Tek's history of experience and interactions with FCU; FCU's breaches of the License Agreement; the strength, value, goodwill, and Bay Tek's exploitation of the "Skee-Ball"® Trademark and brand; and FCU's and Pavony's wrongful conduct harmful to that Mark and brand.

6. **Gaetan Philippon:** Mr. Philippon is the former President of Bay Tek. Mr. Philippon's expected testimony includes matters such as Bay Tek's acquisition of the Skee-Ball Mark; Bay Tek's fulfillment of its obligations under the License Agreement; Bay Tek's business judgment and decisions relative to its dealings and interactions with FCU; Bay Tek's history of experience and interactions with FCU; FCU's conduct in breach of the

License Agreement; and the strength, value, goodwill, and Bay Tek's exploitation of the "Skee-Ball"® Trademark and brand.

7. **Pat Scanlan (for rebuttal only):** Mr. Scanlan is Bay Tek's Director of Product Development and former Director of Research and Development. Mr. Scanlan's expected testimony includes matters such as Bay Tek's fulfillment of its obligations under the License Agreement and Bay Tek's dealings and interactions with FCU.

8. **Eric Schadrie (for rebuttal only):** Mr. Schadrie is a Concept Development Manager for Bay Tek. Mr. Schadrie's expected testimony includes matters such as Bay Tek's fulfillment of its obligations under the License Agreement and Bay Tek's dealings and interactions with FCU.

9. **Raymond Dragon (to extent required, for rebuttal only)**: Mr. Dragon is a financial consultant and expert engaged by Bay Tek to review and evaluate the report of FCU's designated expert witness, Laura Smith. According to FCU, Smith will testify as to purported "damages incurred by FCU due to Bay Tek's [purported] breach of the License Agreement." Only to the extent required, Mr. Dragon would testify as to the extensive methodological deficiencies of Ms. Smith's opinions and report, and as to the unfounded assumptions in Ms. Smith's claimed quantification of FCU's claim for lost profits, demonstrating that her entire analysis is inherently flawed and unreliable.

| Witness | Objection | Basis for objection |
|---|---|---|
| Eric Pavony (hostile) | | |
| Eric Wikman (hostile) | | |
| Eric Cooper (hostile) | | |
| Holly Hampton | | |
| Larry Treankler | | |
| Gaetan Philippon | | |
| Pat Scanlan (for rebuttal only) | | |
| Eric Schadrie (for rebuttal only) | | |

| Raymond Dragon (to extent required, for rebuttal only) | | |

# EXHIBIT 2 TO JOINT PRETRIAL ORDER
# BAY TEK'S WITNESS LIST

Bay Tek Entertainment, Inc. ("Bay Tek") hereby submits the following list of witnesses it intends to call at the trial in this matter. The identified Bay Tek fact and rebuttal witnesses[1] and, if required, expert rebuttal witness will appear live. Eric Pavony, Eric Wikman, and Erik Cooper will testify live. These are not necessarily in order, including because the Court may require case in chief testimony to be taken on cross. The following list is followed by a table listing the basis for any objection by Full Circle to these identified witness's testimony. Bay Tek reserves the right to amend and/or supplement this list as necessary

1. **Eric Pavony (hostile):** Mr. Pavony is the owner and sole member of Plaintiff and Counterclaim Defendant Full Circle United, LLC ("FCU"), and the owner or co-owner of affiliated entities Full Circle Bar LLC and Extra Positive Land LLC. Mr. Pavony's expected testimony includes matters such as the operation and management of FCU and its affiliated entities; the failure of FCU to uphold its best efforts obligations under the License Agreement; FCU's several other breaches of the License Agreement; FCU's infringement, disparagement, and dilution of the Skee-Ball® trademark (the "Skee-Ball Mark"); the good faith of Bay Tek's performance under the License Agreement; his ownership and control over FCU, Full Circle Bar, and Extra Positive Land LLC; and his individual liability for Bay Tek's trademark related claims.
2. **Eric Wikman (hostile):** Mr. Wikman is a "consultant" to FCU and a co-owner with Mr. Pavony of Extra Positive Land, LLC. Mr. Wikman's expected testimony includes matters such as the operation and finances of FCU; the failure of FCU to uphold its best efforts obligations under the License Agreement; FCU's several other breaches of the License Agreement; FCU's infringement, disparagement, and dilution of the Skee-Ball®

---

[1] While Pat Scanlan and Eric Schadrie are only being offered as rebuttal witnesses, Bay Tek has included them on this list with that clarification in light of the Court's position expressed at the February 7, 2025 conference regarding use of witnesses at trial. Bay Tek reserves the right to withdraw both witnesses, and may do so depending upon the Court's decision on Bay Tek's pending Motion *in Limine* regarding the Custom Lanes issue.

Mark; the good faith of Bay Tek's performance under the License Agreement; and Eric Pavony's ownership and control of FCU and Extra Positive Land, LLC.

3. **Eric Cooper (hostile):** Mr. Cooper is another "consultant" to FCU who also is a co-owner of Extra Positive Land, LLC. Mr. Cooper's expected testimony includes matters such as FCU's lack of procedures for maintaining its quality control obligations under the License Agreement; the failure of FCU to uphold its best efforts obligations under the License Agreement; FCU's several other breaches of the License Agreement; FCU's infringement, disparagement, and dilution of the Skee-Ball® Mark; the good faith of Bay Tek's performance under the License Agreement; and Eric Pavony's ownership and control of FCU and Extra Positive Land, LLC.

4. **Holly Hampton:** Ms. Hampton is Bay Tek's Vice President and formerly was Bay Tek's Director of Innovation. Ms. Hampton's expected testimony includes matters such as Bay Tek's fulfillment of its obligations under the License Agreement; Bay Tek's business judgment and decisions relative to its dealings and interactions with FCU; Bay Tek's history of experience and interactions with FCU; FCU's conduct in breach of the License Agreement; the value, goodwill, and Bay Tek's exploitation of the "Skee-Ball"® Trademark and brand; and FCU's and Pavony's wrongful actions and conduct harmful to that Mark and brand**.**

5. **Larry Treankler:** Mr. Treankler previously was Chairman/CEO of Bay Tek. Mr. Treankler's expected testimony includes matters such as Bay Tek's acquisition of the Skee-Ball Mark; Bay Tek's actions under and fulfillment of its obligations under the License Agreement; Bay Tek's business judgment and decisions relative to its dealings and interactions with FCU; Bay Tek's history of experience and interactions with FCU; FCU's breaches of the License Agreement; the strength, value, goodwill, and Bay Tek's exploitation of the "Skee-Ball"® Trademark and brand; and FCU's and Pavony's wrongful conduct harmful to that Mark and brand.

6. **Gaetan Philippon:** Mr. Philippon is the former President of Bay Tek. Mr. Philippon's expected testimony includes matters such as Bay Tek's acquisition of the Skee-Ball Mark; Bay Tek's fulfillment of its obligations under the License Agreement; Bay Tek's business judgment and decisions relative to its dealings and interactions with FCU; Bay Tek's history of experience and interactions with FCU; FCU's conduct in breach of the

License Agreement; and the strength, value, goodwill, and Bay Tek's exploitation of the "Skee-Ball"® Trademark and brand.

7. **Pat Scanlan (for rebuttal only):** Mr. Scanlan is Bay Tek's Director of Product Development and former Director of Research and Development. Mr. Scanlan's expected testimony includes matters such as Bay Tek's fulfillment of its obligations under the License Agreement and Bay Tek's dealings and interactions with FCU.

8. **Eric Schadrie (for rebuttal only):** Mr. Schadrie is a Concept Development Manager for Bay Tek. Mr. Schadrie's expected testimony includes matters such as Bay Tek's fulfillment of its obligations under the License Agreement and Bay Tek's dealings and interactions with FCU.

9. **Raymond Dragon (to extent required, for rebuttal only)**: Mr. Dragon is a financial consultant and expert engaged by Bay Tek to review and evaluate the report of FCU's designated expert witness, Laura Smith. According to FCU, Smith will testify as to purported "damages incurred by FCU due to Bay Tek's [purported] breach of the License Agreement." Only to the extent required, Mr. Dragon would testify as to the extensive methodological deficiencies of Ms. Smith's opinions and report, and as to the unfounded assumptions in Ms. Smith's claimed quantification of FCU's claim for lost profits, demonstrating that her entire analysis is inherently flawed and unreliable.

10. ~~**Miles Williams**: Mr. Williams is a private investigator engaged by Bay Tek to conduct surveillance of Full Circle Bar in Austin, Texas. Mr. Williams will provide testimony regarding his surveillance of the bar that took place on December 31, 2024, including his observations of how the Skee-Ball Mark was used within the bar, the presence of any third-party intellectual property and/or advertising in connection with the Skee-Ball Mark, possible modifications to Skee-Ball lanes (including for the purpose of allowing the lanes to accept payment), as well as regarding video recordings he made during his surveillance.~~

11. ~~**Anthony Chan**: Mr. Chan is a private investigator engaged by Bay Tek to conduct surveillance of Full Circle Bar in Brooklyn, New York. Mr. Chan will provide testimony regarding his surveillance of the bar that took place on October 24, 2024, including his observations of how the Skee-Ball Mark was used within the bar, the presence of any third-party intellectual property and/or advertising in connection with the Skee-Ball~~

~~Mark, possible modifications to Skee-Ball lanes (including for the purpose of allowing the lanes to accept payment), as well as regarding photos he took and video recordings he made during his surveillance.~~

| Witness | Objection | Basis for objection |
|---|---|---|
| Eric Pavony (hostile) | | |
| Eric Wikman (hostile) | | |
| Eric Cooper (hostile) | | |
| Holly Hampton | | |
| Larry Treankler | | |
| Gaetan Philippon | | |
| Pat Scanlan (for rebuttal only) | | |
| Eric Schadrie (for rebuttal only) | | |
| Raymond Dragon (to extent required, for rebuttal only) | | |
| ~~Miles Williams~~ | ~~Relevance; Disclosure~~ | ~~Williams is testifying to conduct that post-dates the claims and defenses at issue. The substance of his testimony and basic facts about his engagement have not been the subject of discovery.~~ |
| ~~Anthony Chan~~ | ~~Relevance; Disclosure~~ | ~~Chan is testifying to conduct that post-dates the claims and defenses at issue. The substance of his testimony and basic facts about his engagement have not been the subject of discovery.~~ |