# Exhibit E

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| FULL CIRCLE UNITED, LLC,<br><br>  Plaintiff,<br>v.<br><br>BAY TEK ENTERTAINMENT, INC.,<br><br>  Defendant. | CASE NO. 1:20-CV-03395<br><br>**BAY TEK ENTERTAINMENT, INC.'S INITIAL DISCLOSURES** |
| BAY TEK ENTERTAINMENT, INC.,<br><br>  Counterclaim Plaintiff,<br>v.<br><br>FULL CIRCLE UNITED, LLC,<br><br>  Counterclaim Defendant,<br><br>and<br><br>ERIC PAVONY,<br><br>  Additional Counterclaim Defendant. | |

Pursuant to Fed. R. Civ. P. 26(a)(1), Bay Tek Entertainment, Inc. ("Bay Tek"), by and through its undersigned attorneys, makes the following initial disclosures based on information reasonably available to it at this time. Continuing investigation and discovery may alter these disclosures and, accordingly, Bay Tek expressly reserves its right to amend and/or supplement this document, including as provided by Fed. R. Civ. P. 26(e).

By making these disclosures, Bay Tek does not represent that it is identifying every document, tangible thing, or witness possibly relevant to this lawsuit, nor does it waive its right to

object to the production of any document or tangible thing on the basis of any privilege, the work product doctrine, relevancy, undue burden, or any other valid objection. Rather, Bay Tek's disclosures are a good-faith effort to identify information it reasonably believes is discoverable and which may be used to support its claims or defenses as required by Fed. R. Civ. P. 26(a)(1).

Finally, Bay Tek's disclosures are made without waiving or relinquishing in any way its right to object (1) on the grounds of competency, privilege, relevancy and materiality, hearsay, or any other proper ground, to the use of any such information, for any purpose, in whole or in part, in any subsequent proceeding in this action or any other action; and (2) on any and all grounds, at any time, to any other discovery request or proceeding involving or relating to the subject matter of these disclosures.

All of the following disclosures are made subject to the above objections and qualifications.


A.      **Individuals Likely to Have Discoverable Information—Fed. R. Civ. P. 26(a)(1)(A)(i)**

Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i), Bay Tek identifies the following individuals as likely having discoverable information that Bay Tek may use to support its claims or defenses in this action. Bay Tek does not provide consent for Full Circle United, LLC and Eric Pavony to contact any of Bay Tek's current or former employees or representatives regarding this matter, including, but not limited to, the individuals listed below. Any such contact should be made through Bay Tek's undersigned counsel, Mitchell Silberberg & Knupp LLP.

1.      **Corporate representative(s) of Bay Tek**
c/o Mitchell Silberberg & Knupp LLP
437 Madison Avenue, 25th Floor
New York, New York 10022

The corporate representative(s) of Bay Tek is/are likely to have discoverable information regarding (i) the breaches of the Confidential License Agreement by Full Circle; and (ii) damages to Bay Tek as a result of Full Circle's and Eric Pavony's activities.

2.  **Corporate representative(s) of Full Circle**
    c/o Zuckerman Spaeder LLP
    485 Madison Ave., 10th Floor
    New York, NY 10022

The corporate representative(s) of Full Circle is/are likely to have discoverable information regarding (i) Full Circle's breaches of the Confidential License Agreement; (ii) Full Circle's infringement of the Mark; (iii) the purported facts upon which the allegations in Full Circle's Complaint are premised; and (iv) Full Circle's claim for damages in the Complaint.

3.  **Eric Pavony**
    c/o Zuckerman Spaeder LLP
    485 Madison Ave., 10th Floor
    New York, NY 10022

Mr. Pavony is likely to have discoverable information regarding (i) Full Circle's breaches of the Confidential License Agreement; (ii) Full Circle's infringement of the Mark; (iii) the purported facts upon which the allegations in Full Circle's Complaint are premised; and (iv) Full Circle's claim for damages in the Complaint.

4.  **Eric Wikman**
    c/o Zuckerman Spaeder LLP
    485 Madison Ave., 10th Floor
    New York, NY 10022

Mr. Wikman is likely to have discoverable information regarding (i) Full Circle's breaches of the Confidential License Agreement; (ii) Full Circle's infringement of the Mark; (iii) the purported facts upon which the allegations in Full Circle's Complaint are premised; and (iv) Full Circle's claim for damages in the Complaint.

12527061.1

5.      **Eric Cooper**
        c/o Zuckerman Spaeder LLP
        485 Madison Ave., 10th Floor
        New York, NY 10022

Mr. Cooper is likely to have discoverable information regarding (i) Full Circle's breaches

of the Confidential License Agreement; (ii) Full Circle's infringement of the Mark; (iii) the

purported facts upon which the allegations in Full Circle's Complaint are premised; and (iv) Full

Circle's claim for damages in the Complaint.


B.      **Categories and Location of Documents—Fed R. Civ. P. 26(a)(1)(A)(ii)**

Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(ii), at this time, Bay Tek identifies the following

categories of documents, which it may use to support its claims or defenses, to the extent such

documents exist, are within its possession, custody or control, and are not privileged.  Copies of

such documents will be produced by Bay Tek's counsel at a time and place to be agreed upon

among counsel, following entry of a suitable confidentiality order.

1.      The Confidential Settlement Agreement.

2.      The Confidential License Agreement.

3.      Documents related to Full Circle's breaches of the Confidential License
        Agreement.

4.      Documents related to Full Circle's and Mr. Pavony's infringements of the
        Mark.

5.      Correspondence between Bay Tek and Full Circle.

Such documents are located in Bay Tek's possession, custody or control or are in the

possession, custody or control of third parties to this action.  Bay Tek's document identification to

date is based solely upon such information and documents that Bay Tek has been able to discover

4

thus far, as well as Bay Tek's present analysis of the case, and shall not in any way be deemed to be a representation that additional documents do or do not exist. Accordingly, Bay Tek reserves the right to amend or supplement this disclosure pursuant to Fed. R. Civ. P. 26(e) if additional documents are identified. Furthermore, Bay Tek reserves the right to supplement or modify this disclosure based on information or documents subsequently identified as pertinent to disputed facts.

Bay Tek need not produce documents generally available to the public but reserves the right to use such documents in this action.

**C.      Categories of Damages Claimed by Bay Tek—Fed. R. Civ. P. 26(a)(1)(A)(iii)**

Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(iii), Bay Tek states that it is not currently in a position to compute its monetary damages incurred as a result of Full Circle's contractual breaches and Full Circle's and Mr. Pavony's trademark infringement. To do so, Bay Tek requires additional information from Defendants and/or third parties, and may require the assistance of experts.

Bay Tek is entitled to recover from Full Circle and Eric Pavony (together, "Counterclaim Defendants"): (i) an order requiring Counterclaim Defendants to pay Bay Tek damages arising from Counterclaim Defendants' trademark infringement, false endorsement, trademark dilution, and unfair competition, such damages to be trebled in view of Counterclaim Defendants' willful, knowing, and intentional violation of Bay Tek's rights in the Mark; (ii) an order requiring Counterclaim Defendants to pay Bay Tek all gains, profits, and other advantages derived by Counterclaim Defendants from their unlawful conduct, and that such profits be enhanced pursuant to 15 U.S.C. § 1117; (iii) pursuant to 15 U.S.C. § 1116, an order temporarily, preliminarily, and

permanently enjoining Counterclaim Defendants, their officers, agents, servants, employees, members, managing members, directors, and all persons in active concert or participation with each or any of them, from further using or displaying the Mark or any colorable imitation of the Mark; (iv) an order requiring Full Circle to pay Bay Tek direct and consequential damages arising from Full Circle's material breaches of the License Agreement; (v) a declaration that the License Agreement is terminated in light of Full Circle's incurable breaches thereof; (vi) an order requiring Counterclaim Defendants to pay Bay Tek its costs and reasonable attorney's fees incurred, pursuant to 15 U.S.C. § 1117 and § 14.1 of the License Agreement; (vii) pre-judgment and post-judgment interest at the applicable rate; and (viii) other and further relief as the Court deems just and proper.

Bay Tek reserves the right to supplement this initial disclosure upon completion of its ongoing evaluation of damages to Bay Tek and, at the appropriate time, may make expert disclosures pursuant to Fed. R. Civ. P. 26(a)(2).

*[remainder of page left blank intentionally]*

12527061.1

**D.      Insurance—Fed. R. Civ. P. 26(a)(1)(A)(iv)**

Bat Tek is not presently aware of any insurance policies that meet the criteria of Fed. R.

Civ. P. 26(a)(1)(A)(iv).  Bay Tek is continuing to investigate if any such policy exists, and will

supplement these disclosures if and when it becomes aware of same.


DATED:  New York, New York                     Respectfully submitted,
         September 25, 2020
                                                 Mitchell Silberberg & Knupp LLP


By: /s/ Jeffrey M. Movit
    Christine Lepera
    Jeffrey M. Movit
    Leo Lichtman
    437 Madison Ave., 25th Floor
    New York, New York 10022-7001
    Telephone: (212) 509-3900
    Facsimile: (212) 509-7239
    Email: ctl@msk.com
    Email: jmm@msk.com
    Email: lml@msk.com

    *Attorneys for Defendant and Counterclaim*
    *Plaintiff Bay Tek Entertainment, Inc.*

12527061.1

FULL CIRCLE UNITED, LLC,

      Plaintiff,

v.

BAY TEK ENTERTAINMENT, INC.,

      Defendant.

CASE NO. 1:20-CV-03395

**BAY TEK ENTERTAINMENT, INC.'S AMENDED INITIAL DISCLOSURE UNDER FED. R. CIV. P. 26(a)(1)(A)(iii)**

BAY TEK ENTERTAINMENT, INC.,

      Counterclaim Plaintiff,

v.

FULL CIRCLE UNITED, LLC,

      Counterclaim Defendant,

and

ERIC PAVONY,

      Additional Counterclaim Defendant.

Pursuant to Fed. R. Civ. P. 26(a)(1), Bay Tek Entertainment, Inc. ("Bay Tek"), by and through its undersigned attorneys, hereby amends its computation of each category of damages disclosure under Fed. R. Civ. P. 26(a)(1)(A)(iii) based on information reasonably available to it at this time. Continuing investigation and discovery may alter Bay Tek's disclosure and, accordingly, Bay Tek expressly reserves its right to amend and/or supplement this document, including as provided by Fed. R. Civ. P. 26(e). Bay Tek hereby incorporates by reference the

objections and qualifications in its Initial Disclosures served on September 25, 2020.  Subject to those objections and qualifications, Bay Tek states as follows:

### A.     Categories of Damages Claimed by Bay Tek—Fed. R. Civ. P. 26(a)(1)(A)(iii)

Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(iii), Bay Tek states that it seeks the following remedies and categories of damages:

*First*, Bay Tek seeks a judicial declaration that Full Circle United LLC's ("Full Circle") rights under the July 17, 2014 License Agreement ("License Agreement") are terminated as a result of Full Circle's numerous material and incurable breaches thereof, and furthermore seeks a judicial declaration that Full Circle's rights under the License Agreement are terminable at will, separate and apart from Full Circle's numerous material and incurable breaches thereof.

*Second*, for Counterclaim Defendants' trademark infringement, false endorsement, trademark dilution, and unfair competition (and Full Circle's concomitant breaches of the License Agreement), Bay Tek seeks to disgorge Counterclaim Defendants' profits including but not limited to pursuant to 15 U.S.C. § 1117(a) and N.Y. G.B.L § 360-m.  Bay Tek furthermore intends to seek treble profits including but not limited to pursuant to 15 U.S.C. § 1117(b), due to Counterclaim Defendants' use of a counterfeit mark, namely, an exact reproduction of the Skee-Ball® trademark (the "Mark") in connection with services for which Counterclaim Defendants are wholly unauthorized to use the Mark; and N.Y. G.B.L. § 360-m, because Counterclaim Defendants have committed their wrongful acts with knowledge and in bad faith.  Because the calculation of Counterclaim Defendants' profits depends upon information in the possession of Counterclaim Defendants and/or third parties, and because Counterclaim Defendants have not yet produced Full Circle financials from 2005 to present, as ordered by the Special Master on August 25, 2021, Bay

13485767.1

Tek is not currently in a position to provide an exact number, nor is it required to do so at this time. *See, e.g., Green Edge Enters., LLC v. Rubber Mulch Etc., LLC*, 620 F.3d 1287, 1304 (Fed. Cir. 2010); *New York Racing Ass'n, Inc v. Stroup News Agency Corp.*, 920 F. Supp. 295, 300 (N.D.N.Y. 1996); *Gucci Am., Inc. v. Rebecca Gold Enters., Inc.*, 798 F. Supp. 177, 182 (S.D.N.Y. 1992).

*Third*, for Counterclaim Defendants' trademark infringement, false endorsement, trademark dilution, and unfair competition (and Full Circle's concomitant breaches of the License Agreement), Bay Tek seeks an order requiring Counterclaim Defendants to pay Bay Tek its costs and reasonable attorney's fees incurred, including but not limited to pursuant to 15 U.S.C. § 1117 and N.Y. G.B.L. § 360-m. Bay Tek is not required to provide a computation at this time. *See, e.g., Smith v. AS Am., Inc.*, 829 F.3d 616, 624 (8th Cir. 2016); *Antolini v. McColskey*, 335 F.R.D. 361, 363 (S.D.N.Y. 2020).

*Fourth*, for Counterclaim Defendants' trademark infringement, false endorsement, trademark dilution, and unfair competition (and Full Circle's concomitant breaches of the License Agreement), Bay Tek seeks an order including but not limited to pursuant to 15 U.S.C. § 1116, N.Y. G.B.L. § 360-l, and N.Y. G.B.L. § 360-m permanently enjoining Counterclaim Defendants, their officers, agents, servants, employees, members, managing members, directors, and all persons in active concert or participation with each or any of them, from further using or displaying the Mark or any colorable imitation of the Mark.

*Fifth*, for Full Circle's failure to provide Bay Tek with 5% of Gross Sponsorship Revenues pursuant to Sections 3.1(d), 4.1, and 8.1 of the License Agreement, Bay Tek seeks the difference between 5% of Full Circle's Gross Sponsorship Revenues actually received on one hand, including —as identified by Full Circle in its Amended Answer to Bay Tek's Interrogatory No. 5 ("Amended

13485767.1

Response")—the fair market value of all non-monetary consideration received by Full Circle, including, *inter alia*, one NUC computer, three bicycles, one television, swag prizes, two Pop-A-Shots, t-shirts, umbrellas, Red Bull, and fanny packs; and the amount in royalties that Bay Tek has received to date on the other hand, namely, $161.50. Bay Tek submits that Full Circle's Amended Response is not complete or comprehensive, as it blatantly omits numerous brands that have appeared to openly sponsor and/or endorse Live Play, including *inter alia*, Barstool Sports, Coors Light, and White Claw. Moreover, Bay Tek has not been provided with the executed Sponsorship Agreements (as specified in Sections 3.1(d) and 4.3 of the License Agreement), nor has it been provided with the exact non-monetary consideration which Full Circle received, other than at a very high level. As such, Bay Tek is not currently in a position to provide an exact number. Bay Tek is still seeking to learn in discovery the full amount of Full Circle's Gross Sponsorship Revenue and intends to supplement this calculation after receiving the information that Full Circle has, to date, withheld from Bay Tek.

*Sixth*, Bay Tek seeks pre-judgment and post-judgment interest, and other and further relief as the Court deems just and proper.

Bay Tek reserves the right to supplement this disclosure upon completion of its ongoing evaluation of damages to Bay Tek.

13485767.1

DATED:  New York, New York
        September 10, 2021

Respectfully submitted,

Mitchell Silberberg & Knupp LLP


By: /s/ Jeffrey M. Movit
    Christine Lepera
    Jeffrey M. Movit
    Leo Lichtman
    437 Madison Ave., 25th Floor
    New York, New York 10022-7001
    Telephone: (212) 509-3900
    Facsimile: (212) 509-7239
    Email: ctl@msk.com
    Email: jmm@msk.com
    Email: lml@msk.com

    *Attorneys for Defendant and Counterclaim*
    *Plaintiff Bay Tek Entertainment, Inc.*

13485767.1