UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| FULL CIRCLE UNITED, LLC,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>BAY TEK ENTERTAINMENT, INC.,<br><br>　　　　Defendant. | CASE NO. 1:20-CV-03395-BMC |
| BAY TEK ENTERTAINMENT, INC.,<br><br>　　　　Counterclaim Plaintiff,<br><br>　v.<br><br>FULL CIRCLE UNITED, LLC,<br><br>　　　　Counterclaim Defendant,<br><br>　and<br><br>ERIC PAVONY,<br><br>　　　　Additional Counterclaim Defendant. | |

**BAY TEK ENTERTAINMENT, INC.'S**
**PROPOSED STATEMENT OF THE CASE TO BE READ TO THE JURY**

## PRELIMINARY STATEMENT

The following is Bay Tek Entertainment, Inc.'s proposed statement of the case.

## STATEMENT OF THE CASE

Bay Tek Entertainment, a Wisconsin company, makes arcade and amusement games. Full Circle United is a company owned and operated by Eric Pavony, primarily out of bars he owns. In 2016, Bay Tek bought the assets of a company called SBI, including the Skee-Ball® trademark, which has been registered with the United States Patent and Trademark Office since 1929. Skee-Ball is a famous brand of "alley roller" games, where players roll balls up a ramp into holes for points. SBI sued FCU in 2011 claiming it infringed the Skee-Ball trademark, and FCU countersued to cancel the trademark, claiming it was generic. When the case settled in 2014, SBI entered into the limited License Agreement at issue here, which provides that, for the benefit of the trademark owner, FCU may use the Skee-Ball trademark on alley rollers manufactured by the trademark owner solely for in-person events, leagues and tournaments on those machines, on merchandise and sponsorships related to the events, and in an electronic scoring app. The License Agreement contains several restrictions prohibiting broadcasting or livestreaming Skee-Ball events, using the trademark other than as expressly allowed, and doing anything to disparage or tarnish the trademark. FCU's sole claim is that Bay Tek allegedly failed to use its "best efforts" to promote the License Agreement by not building custom Skee-Ball lanes for FCU at Bay Tek's expense. The Court has already found no express requirement in the License Agreement to build custom lanes at Bay Tek's expense, or in any separate agreement. Bay Tek vigorously denies this claim, as it in fact went above and beyond any obligation in the License Agreement and acted in complete good faith. On the other hand, Bay Tek has several claims against FCU and Eric Pavony for multiple breaches of the License Agreement, trademark

dilution, and infringement of the Skee-Ball trademark, requiring termination of the License Agreement. Bay Tek claims it is Full Circle who failed to use its best efforts to promote the trademark by, among other things, failing to generate revenue for years, refusing to buy standard alley rollers, failing to sell merchandise, and failing to obtain sponsorships to benefit Bay Tek. Bay Tek further claims that Full Circle breached the License Agreement, and with Eric Pavony committed trademark infringement, by livestreaming Skee-Ball events on the Internet (which the Court has already found to breach the License Agreement), and by using unauthorized words and phrases and third-party trademarks in combination with the Skee Ball trademark, thereby diluting it. Bay Tek disputes any defenses raised by FCU and Pavony to this wrongful conduct.

DATED: New York, New York
May 27, 2025

Respectfully submitted,

Mitchell Silberberg & Knupp LLP

By: /s/ Mark C. Humphrey
Christine Lepera (CL 9311)
Andrew Nietes
437 Madison Ave., 25th Floor
New York, New York 10022-7001
Telephone: (212) 509-3900
Facsimile: (212) 509-7239
Email: ctl@msk.com
Email: afn@msk.com

Mark C. Humphrey (*pro hac vice*)
James D. Berkley (*pro hac vice*)
2049 Century Park East, 18th Floor
Los Angeles, California 90067-3120
Telephone: (310) 312-2000
Facsimile: (310) 312-3100
Email: mxh@msk.com
Email: jdb@msk.com

*Attorneys for Bay Tek Entertainment, Inc.*