```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
  FULL CIRCLE UNITED, LLC,                                  :
                                                            :
                          Plaintiff,                        :   **ORDER**
                                                            :
                   -against-                                :   20-cv-03395 (BMC)
                                                            :
  BAY TEK ENTERTAINMENT, INC.,                              :
                                                            :
                          Defendant.                        :
----------------------------------------------------------- X
  BAY TEK ENTERTAINMENT, INC.,                              :
                                                            :
                          Counterclaim Plaintiff,           :
                                                            :
                   -against-                                :
                                                            :
  FULL CIRCLE UNITED, LLC,                                  :
                                                            :
                          Counterclaim Defendant.           :
                                                            :
                   -and-                                    :
                                                            :
  ERIC PAVONY,                                              :
                                                            :
                          Additional Counterclaim Defendant. :
----------------------------------------------------------- X
```
**COGAN**, District Judge.

Before the Court is the parties' Second Amended Joint Pretrial Order, as supplemented by Bay Tek on 3/25/2025. The Court's rulings on the parties' objections are as follows:

## I. Exhibit Objections

| Bay Tek's Objections to Full Circle's Exhibits | |
|---|---|
| **Exhibit** | **Ruling** |
| PX 5, PX 7, PX 11, PX 21, PX 22, PX 24, PX 25, PX 26, PX 27, PX 28, PX 29, PX 30, PX 31, PX 32, PX 33, PX 34, PX 35, PX 37, PX 39, PX 41, PX 42, PX 43, PX 47, PX 50, PX 51, PX 52, PX 53, PX 54, PX 55, PX 56, PX 57, PX 58, PX 59, PX 60, PX 61, PX 62, PX 63, PX 64, PX 65, PX 67, PX 68, PX 69, PX 70, PX 71, PX 76, PX 77, PX 78, PX 79, PX 107 | Overruled for the reasons set out in the Court's 5/16/2025 Memorandum Decision and Order. |
| PX 3 | Granted.  This document is not relevant after summary judgment. |
| PX 8, PX 81 | Overruled in part.  The emails are admissible as party admissions, so long as the attachments are offered for their effect on the Bay Tek executives and not for the truth of the matters they assert.  If defendant so wishes, the Court can issue limiting instructions to this effect. |
| PX 12 | Overruled.  The emails can be used to establish that Full Circle exerted its best efforts. |
| PX 13 | Overruled.  The video can be used to establish Full Circle exerted its best efforts. |
| PX 20 | Granted insofar as the text of the article is offered for the truth of the matter asserted. |
| PX 80 | Reserved until trial.  The Court is not inclined to make Rule 403 rulings without first seeing how the evidence comes in at trial. |
| PX 86 | Granted.  The Court does not see how this can be used for a non-hearsay purpose, except to potentially rehabilitate Pavony's credibility. |
| PX 91, PX 92 | Granted, for the reasons set forth in the Court's 5/16/2025 Memorandum Decision and Order, insofar as the exhibits are used to show that Bay Tek's refusal to consent to a proposed transaction between Full Circle and ESPN breached the best-efforts clause. |

| | |
|---|---|
| PX 96 | Overruled. The pictures, which are certainly what Full Circle wants to introduce, are not out-of-court statements. |
| PX 98 | Reserved until trial. The scoresheet is relevant to Full Circle's best efforts under the License Agreement. However, because its relevance is limited, it may be subject to exclusion for cumulativeness at trial. |
| PX 99 | The Court reserves ruling until trial. The team sheet is relevant for the same reasons as PX 98, and it is subject to the same cumulativeness caveat. As for the additional hearsay issue, Full Circle will need to establish that the sheet is a business record. |
| PX 100, PX 102 | Reserved until trial. The exhibits are admissible if Full Circle can establish that they are business records. |
| PX 101 | Granted. The Court cannot discern a non-hearsay purpose for this document. |
| PX 103 | Granted in part. To the extent the table includes speculation about revenues due under an alleged revenue-share agreement, it is improper lay opinion. But to the extent the table simply reports Full Circle's revenues, it may be able to come in as a business record. |
| PX 108 | Granted in part. The Court does not see a relevant use for this email chain outside of impeachment. |
| PX 109 | Overruled. The video is relevant to Bay Tek's capabilities, and all relevant out-of-court statements offered for their truth are party admissions. |
| PX 110 | Granted in part. The Court does not see a relevant use for this photo outside of impeachment. |
| PX 111, PX 112, PX 113, PX 114, PX 116 | Overruled. Relevant statements from Treankler and other Bay Tek executives can be introduced as party admissions. |

| Full Circle's Objections to Bay Tek's Exhibits ||
|---|---|
| **Exhibit** | **Ruling** |
| D, E, F, J, AB, AC, EE, EF, EG, EH, EU, EV, EW, EX, EY, EZ, FA, FB, FC, FD, FE, FG, | Reserved until trial for the reasons set out in the Court's 5/16/2025 Memorandum Decision and Order. |

| | |
|---|---|
| FH, FI, FJ, FK, FL, FM, FN, FO, FP, FQ, FR, FS, FT | |
| CR, CS, CT, CU, CX, CY, CZ | Overruled for the reasons set out in the Court's 5/16/2025 Memorandum Decision and Order. |
| DA, DC, DD | Granted for the reasons set out in the Court's 5/16/2025 Memorandum Decision and Order. |
| L, X | Overruled. The emails are relevant to Full Circle's best efforts under the agreement. |
| AV, AX, BC, BD, BE, BW, BX, BY, BZ, CA, CB, ED | Reserved. If Bay Tek can authenticate the documents, they appear to be admissible. |
| CQ | Overruled. The invoices can be used to authenticate the webpage exhibits. |
| EI, EJ, EK, EL, EM, EN, EO, EP, EQ, ER, ES, ET | Mooted by Bay Tek's amended exhibit list. |

## II. Designation Objections

| Bay Tek's Objections to Full Circle's Designations | |
|---|---|
| **Designation** | **Ruling** |
| Ryan Cravens | |
| 21:15-22:7 | Overruled. The answer is relevant to Bay Tek's best efforts. |
| 25:7-26:4 | Overruled. Cravens' statements are relevant to Bay Tek's best efforts. |
| 26:17-27:3 | Overruled. The answer is relevant to the parties' best efforts under the agreement. |
| 36:10-22 | Granted in part. The first answer is relevant to the parties' best efforts, and it is not prejudicial. The second answer, by contrast, is improper lay opinion because it is not rationally based on Cravens' perception and would not be helpful to a jury. |
| 44:1-23 | Granted. Cravens' answer speculates as to what Bay Tek valued in him. |
| 53:5-54:7 | Overruled. The testimony fits into hearsay exceptions at each level: his notes are present-sense impressions, and the "love connection" statement is a party admission. |
| 55:14-58:10 | Reserved until trial. Most of Cravens' answers seem irrelevant, but he can testify to his personal experience with operators and with Joey the Cat. |

| | |
|---|---|
| 60:24-61:20 | Overruled.  Cravens testified only to his own perception. |
| 73:11-74:6 | Granted.  This is lay opinion that appears irrelevant. |
| 75:11-76:10 | Granted.  The testimony is a lay witness's opinion that would not be helpful to the jury. |
| 76:12-77:6 | Overruled.  Cravens' answer is relevant to Full Circle's best efforts; it is not lay opinion because he recounts his own recollection of Pavony's efforts; and it is not hearsay because he is not offering his prior statements for their truth. |
| 77:20-78:20 | Granted.  Cravens gives an assessment of Full Circle's viability as a business, which is unmoored from his personal perception and would not assist a jury. |
| 88:17-89:12 | Overruled.  The statements in the email are party admissions because Cravens was working for Bay Tek at the time. |
| **George Petro** | |
| 28:15-18 | Overruled.  Pavony's statement to Petro is not being offered for its truth, but rather to show that he told Petro about the NSBL. |
| 36:1-20 | Overruled.  This is relevant to Bay Tek's capabilities, and it is not hearsay because the out-of-court statement is a party admission. |
| 38:21-39:10 | Overruled.  The testimony is not prejudicial, and it lays a foundation for Petro's testimony about how he set up a network of arcade games in bars. |
| 40:25-41:6 | Overruled.  This is relevant for the same reasons as 38:21-39:10. |
| 45:19-46:19 | Granted in part.  The discussion with Pavony is hearsay if introduced for the truth of the matter asserted, but Petro's answers about Coin-Op's functionality are relevant to best efforts and damages. |
| 48:15-17 | Granted.  If Full Circle wants to introduce the answer, it must introduce the question. |
| 51:13-52:9 | Overruled.  The testimony is relevant to damages and to best efforts. |
| 52:21-53:7 | Granted in part.  The answers are relevant to damages, but they cannot be offered to prove |

|  |  |
|---|---|
|  | the truth of Petro's out-of-court statements to Pavony. |
| 54:21-55:5 | Overruled. The out-of-court statement will not be relevant for the truth of the matter asserted, but rather to show that Pavony was inquiring about how to expand NSBL. |
| **Gaetan Phillipon** | |
| 89:10-14 | Overruled. The designation is relevant to Bay Tek's capabilities. |
| 91:16-22 | Overruled. This is relevant to Bay Tek's capabilities. |
| 97:9-98:1 | Overruled. This is also relevant to Bay Tek's capabilities. |
| 108:3-14 | Granted. The response is not apparently relevant to any disputed issue. |
| 240:24-241:13 | Reserved until trial. Although the answer is not overwhelmingly probative, it is not prejudicial. It may become subject to a Rule 403 objection, depending on what other evidence is offered at trial. |
| 245:12-15 | Overruled. This is relevant to Bay Tek's best efforts. |

| Full Circle's Objection to Bay Tek's Designations ||
|---|---|
| **Designation** | **Ruling** |
| **Gaetan Phillipon** ||
| 224:18-225:18 | Reserved until trial. The Court sees how, if proper foundation is laid, the testimony could be relevant to Bay Tek's capabilities. |

### III. Witness Objections

| Bay Tek's Objections to Full Circle's Witnesses | |
|---|---|
| **Witness** | **Ruling** |
| Eric Wikman, Eric Cooper | Overruled.  If Wikman or Cooper testify outside of their own personal knowledge, Bay Tek can object at trial. |
| Holly Hampton, Larry Treankler, Gaetan Philippon, Pat Scanlan, Eric Schadrie | Overruled.  If the executives' testimony becomes cumulative, Bay Tek can object at trial. |
| Laura Smith | Mooted by the Court's 5/16/2025 Memorandum Decision and Order. |

**SO ORDERED.**

*Brian M. Cogan*
_____
U.S.D.J.

Dated: Brooklyn, New York
       June 11, 2025